**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **LEIGH HOLLAND** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO. 4:24-cv-00289-O** |
| **v.** | § | |
| | § | |
| **TEXAS CHRISTIAN UNIVERSITY** | § | |
| | § | |
| **Defendant.** | § | |

**DEFENDANT'S ORIGINAL ANSWER AND DEFENSES TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant Texas Christian University ("Defendant") files its Original Answer and Defenses to Plaintiff's Original Complaint ("Complaint") in the above-styled and numbered cause and respectfully states the following:

## ANSWER

### INTRODUCTION

1.01 Defendant denies the allegations in paragraph 1.01 of the Complaint.

### THE PARTIES

2.01 Defendant admits that Plaintiff is an individual, but is without sufficient knowledge to admit or deny that she is a citizen of the State of Texas and, therefore, denies the same. Defendant does not dispute that Plaintiff can be contacted in care of her counsel of record in this matter.

2.02 Defendant admits the allegations in paragraph 2.02 of the Complaint.

### JURISDICTION AND VENUE

3.01 Defendant admits that the Court has jurisdiction over the subject matter in this action but denies that it violated the FMLA or any law with respect to its treatment of Plaintiff.

3.02 Defendant admits that venue is proper in this Court.

## FACTUAL ALLEGATIONS

4.01 Defendant admits that Plaintiff began her employment with Defendant on or about July 15, 2022, and denies the remaining allegations in paragraph 4.01 of the Complaint.

4.02 Defendant admits the allegations in the first and second sentences of paragraph 4.02 of the Complaint. Defendant cannot admit or deny the allegations in the third sentence of paragraph 4.02 of the Complaint because they are Plaintiff's opinion, and, therefore, denies the same. Defendant is without sufficient knowledge to admit or deny the allegations in the fourth sentence of paragraph 4.02 of the Complaint, and, therefore, denies the same.

4.03 Defendant admits that during Plaintiff's employment, Plaintiff moved from Administrative Assistant to Executive Assistant. Defendant also admits that Plaintiff moved from Executive Assistant to the role of EEO/AA Program Specialist. Except as expressly admitted, Defendant is without sufficient information to admit or deny the allegations in paragraph 4.03 of the Complaint as written, and, therefore, denies the same.

4.04 Defendant admits that in 2011, the U.S. Department of Education published a "Dear Colleague Letter" and further admits that the employees and/or former employees named in paragraph 4.04 of the Complaint held the respective position(s) alleged in the second, third, and eighth sentences of paragraph 4.04 of the Complaint. Except as expressly admitted, Defendant denies the allegations in paragraph 4.04 of the Complaint.

4.05 Defendant admits the allegations in the first sentence of paragraph 4.05 of the Complaint. Defendant denies the allegations in the second sentence of paragraph 4.05 of the Complaint. The third sentence of paragraph 4.05 of the Complaint is unintelligible or confusing;

Defendant therefore denies the same. To the extent not expressly admitted, Defendant denies all allegations in paragraph 4.05 of the Complaint.

4.06 Defendant admits the allegations in the first and fourth sentences of paragraph 4.06 of the Complaint. Defendant further admits Plaintiff trained Andrea McDew and Cheryl Taylor on some processes and procedures of the office before the reorganization. Except as expressly admitted, Defendant denies the allegations in paragraph 4.06 of the Complaint.

4.07 Defendant admits Andrea, Sharon, Cheryl, and Plaintiff investigated cases, and admits TCU hired Teri Green on or about June 14, 2021. Except as expressly admitted, Defendant denies the allegations in paragraph 4.07 of the Complaint.

**Investigations**

4.08 Regarding the allegations in paragraph 4.08 of the Complaint, Defendant is without sufficient information to admit or deny that "Plaintiff continued to work on other complicated cases," and therefore denies the same, but admits the remaining allegations in this paragraph.

4.09 Defendant admits that in July 2021, a wrongful termination investigation was on Plaintiff's docket and Plaintiff was expected to maintain her composure while performing the responsibilities of her job and, further, that the case eventually settled; to the extent the allegations contained in paragraph 4.09 exceed that scope, Defendant denies the same. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 4.09 of the Complaint.

4.10 Defendant is without sufficient information to admit or deny Plaintiff's allegations regarding her mental health. Except as previously admitted, Defendant denies the remaining allegations in paragraph 4.10 of the Complaint.

4.11 Defendant admits Plaintiff was on leave from on or about May 4, 2022 through July 4, 2022 and returned to work on July 5, 2022, but is without sufficient knowledge to admit or deny

the remaining allegations in paragraph 4.11 of the Complaint and, therefore, denies the same. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 4.11 of the Complaint.

4.12 Defendant is without sufficient information to admit or deny the allegations in paragraph 4.12 of the Complaint and, therefore, denies the same.

4.13 Defendant admits a former student sent a letter to the Chancellor of the University and copied Plaintiff in December 2022 and that later there was an incident on campus involving that same student. Defendant does not have sufficient knowledge to admit or deny Plaintiff's allegations regarding the effects of her allegations on her mental health. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 4.13 of the Complaint.

4.14 Defendant is without sufficient information to admit or deny the allegations in paragraph 4.14 of the Complaint and, therefore, denies the same.

4.15 Defendant denies the allegations in paragraph 4.15 of the Complaint.

4.16 Defendant admits Andrea McDew was on leave during the identified period. Defendant is without sufficient information to admit or deny the remaining allegations in paragraph 4.16 of the Complaint and, therefore, denies the same.

4.17 Defendant is without sufficient information to admit or deny the allegations in paragraph 4.17 of the Complaint and, therefore, denies the same.

4.18 Defendant admits Plaintiff was on medical leave from on or about February 17, 2023 through April 30, 2023, and was released to return to work on May 2, 2023, that Defendant met with Plaintiff and terminated her employment on the date of her return to work, and that Plaintiff's compensation at that time was $82,751.04 annually. Except as expressly admitted, Defendant denies the remaining allegations in paragraph 4.18 of the Complaint.

**FIRST COUNT**
**FAMILY AND MEDICAL LEAVE ACT (FMLA)**
**DISCRIMINATION, INTERFERENCE AND RETALIATION**

5.01 Defendant incorporates by reference the foregoing paragraphs.

5.02 The first sentence of paragraph 5.02 of the Complaint states a legal conclusion that does not require an answer. Defendant cannot be certain of what Plaintiff refers to in the second sentence of paragraph 5.02 of the Complaint as "the leave" and, accordingly, is without sufficient knowledge to admit or deny the allegations in this sentence, and therefore denies the same.

5.03 As it relates to the dates Plaintiff specified above as her leave dates, Defendant admits the allegations in paragraph 5.03 of the Complaint.

5.04 The first sentence of paragraph 5.04 of the Complaint states a legal conclusion that does not require an answer. Defendant is without sufficient knowledge to admit or deny the remaining allegations in the paragraph 5.04 of the Complaint, and therefore denies the same.

5.05 Defendant denies the allegations in paragraph 5.05 of Plaintiff's Complaint.

5.06 Defendant is not required to admit or deny a legal conclusion. Defendant unequivocally denies that it violated the FMLA or any law or statute with respect to its treatment of Plaintiff at any point during her employment. Defendant denies the remaining allegations in paragraph 5.06 of Plaintiff's Complaint.

5.07 Defendant denies Plaintiff was wrongfully terminated and denies that Plaintiff is entitled to any relief for which she pleads in paragraph 5.07 of the Complaint.

5.08 Defendant denies the allegations in paragraph 5.08 of Plaintiff's Complaint.

5.09 Defendant denies the allegations in paragraph 5.09 of the Complaint and denies Plaintiff is entitled to the relief requested.

**JURY TRIAL DEMANDED**

6.01 Defendant does not dispute that Plaintiff has demanded a jury trial. The remaining statements contained in and/or below paragraph 6.01 of the Complaint do not require an admission or denial by Defendant. To the extent any of the statements contained in the remaining portion of paragraph 6.01 of the Complaint are considered to be factual allegations, Defendant denies the allegations and denies it is liable to Plaintiff.

**AFFIRMATIVE AND OTHER DEFENSES**

Defendant sets forth its defenses, including affirmative defenses, as follows:

1. At all times during Plaintiff's employment, Plaintiff was employed at-will and could be discharged with or without notice and with or without cause.

2. All employment decisions made regarding or affecting Plaintiff were based upon legitimate, non-retaliatory and non-discriminatory reasons.

3. Plaintiff's claims are barred, in whole or in part, because Defendant would have taken the same action in the absence of any alleged impermissible motivating factor(s).

4. Plaintiff's damages, if any, are barred in whole or in part by the doctrines of estoppel, unclean hands, waiver, and/or after-acquired evidence.

5. Plaintiff has no standing to initiate this action and no right to relief under the FMLA because she did not suffer from a serious health condition as defined by the FMLA and/or was not otherwise entitled to leave under the FMLA.

6. Defendant did not violate the Family and Medical Leave Act ("FMLA") because Plaintiff failed to comply with her obligations under the FMLA.

7. Defendant provided Plaintiff with all leave requested and all leave permitted under

the FMLA.

8. Defendant engaged in good faith efforts to comply with all applicable laws. Moreover, the conduct complained of by Plaintiff, if performed or carried out, was performed or carried out in good faith based upon reasonable grounds for believing such conduct was not in violation of state or federal law and, therefore, Plaintiff fails to state a claim for punitive or exemplary damages.

9. If any improper, illegal, discriminatory, or retaliatory actions were taken by any of Defendant's employees against Plaintiff (which Defendant denies), they were outside the course and scope of that employee's employment, contrary to Defendant's policies, and were not ratified, confirmed, or approved by Defendant. Thus, any such actions cannot be attributed or imputed to Defendant.

10. Plaintiff's claims fail because Defendant exercised reasonable care to prevent and remediate promptly any unlawful behavior and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

11. Without conceding Plaintiff has suffered any damages because of any alleged wrongdoing by Defendant, Plaintiff has failed to mitigate or minimize the alleged damages and is therefore barred, in whole or in part, from the recovery of damages.

12. Defendant is entitled to an offset for any earnings since Plaintiff's employment ended, including payments received from insurance carriers, workers' compensation benefits, unemployment compensation benefits, and/or subsequent income.

13. Plaintiff's claims for compensatory and/or liquidated damages are subject to the limits imposed by federal law.

14. Plaintiff's claims for exemplary damages are barred because the alleged acts or

omissions of Defendant, even if proven, do not rise to a level required to sustain an award of exemplary damages and do not evidence malicious, reckless or fraudulent intent to deny Plaintiff's protected rights, and are not so wanton and willful as to support an award of exemplary damages.

15. Plaintiff's claims for liquidated damages are barred to the extent that the imposition of liquidated damages would constitute a denial of due process under the United States Constitution.

16. No act or omission on Defendant's part proximately caused any of Plaintiff's alleged injuries or damages.

17. Plaintiff has failed, in whole or in part, to state a valid claim for relief for which she may recover damages.

18. Plaintiff's alleged damages are barred by the doctrine of after-acquired evidence.

19. Defendant specifically reserves the right to assert any other appropriate defenses, including affirmative defenses, to Plaintiff's claims as the need for such defenses becomes known during the course of this litigation.

**WHEREFORE,** Defendant respectfully requests that this Court dismiss Plaintiff's Original Complaint with prejudice, award Defendant its costs and attorneys' fees incurred in this action, and award it any such other relief that this Court deems just and proper.

Respectfully submitted,

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**

*/s/ Eva W. Turner*
Eva W. Turner
Texas Bar No. 24051485
eva.turner@ogletree.com
Molly Ann Lawrence
Texas Bar No. 24083365
mollyann.lawrence@ogletree.com
8117 Preston Road, Suite 500
Dallas, TX 75225
Telephone: (214) 987-3800
Fax: (214) 987-3927 (Fax)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of May, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will transmit a Notice of Electronic Filing to Plaintiff's counsel of record:

W.D. Masterson
Kilgore & Kilgore, PLLC
3141 Hood Street, Suite 500
Dallas, TX 75219
wdm@kilgorelaw.com

*/s/ Molly Ann Lawrence*
Molly Ann Lawrence