**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **LEIGH HOLLAND,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:24-cv-00289-O** |
| | § | |
| **TEXAS CHRISTIAN UNIVERSITY,** | § | |
| | § | |
| **Defendant.** | § | |

# DEFENDANT'S BRIEF IN SUPPORT OF EXPEDITED MOTION TO COMPEL DISCOVERY, REQUEST FOR SANCTIONS, AND REQUEST FOR ATTORNEYS' FEES

*/s/ Molly Ann Lawrence*
Eva W. Turner
Texas Bar No. 24051485
eva.turner@ogletree.com
Molly Ann Lawrence
Texas State Bar No. 24083365
mollyann.lawrence@ogletree.com
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
8117 Preston Road, Suite 500
Dallas, Texas 75225
Telephone: (214) 987-3800
Facsimile: (214) 987-3927

**ATTORNEYS FOR DEFENDANT**

**TABLE OF CONTENTS**


I. INTRODUCTION ........ 1

II. RELEVANT BACKGROUND ........ 2

A. Rule 26 Disclosures ........ 3

B. Interrogatories ........ 4

C. First Set of Requests for Production ........ 5

D. TCU's Attempts to Solicit Supplemental Discovery Responses ........ 6

III. ARGUMENT & AUTHORITIES ........ 7

A. Standards of Law ........ 7

B. Plaintiff Failed to Provide Discoverable Information to which Defendant is Entitled ........ 8

1. Plaintiff is obligated to produce information and records relating to her alleged health condition made the basis of her suit and persons with knowledge thereof. (Interrogatory No. 4, 8; RFP No. 12, 14, 15, 17, 20, 33, 36, 38, 43, 44) 8

2. Plaintiff is obligated to produce information regarding her mitigation efforts, employment – including self-employment, and income. (Interrogatory No. 1, 2, 3, 15, 16; RFP No. 12, 14, 15, 19, 20, 28, 29, 45, 46, 47, 50) ........ 9

C. Plaintiff's Failure to Provide Complete Discovery Responses Unduly Prejudices TCU ........ 10

IV. EXPENSES OF MOTION ........ 10

V. CONCLUSION AND FURTHER REQUESTS FOR RELIEF ........ 11

## TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Cranston v. Knightvest Halston, LLC*, No. 3:19-CV-2747-M-BK, 2020 U.S. Dist. LEXIS 194788 (N.D. Tex. 2020) ........ 8

*Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575 (N.D. Tex. 2016) ........ 9

*Hernandez v. Results Staffing, Inc.*, No. 4:14-CV-182-A, 2017 U.S. Dist. LEXIS 142473 (N.D. Tex. 2017), *aff'd*, 907 F.3d 354 (5th Cir. 2018) ........ 8

*Keller v. AT&T, Inc.*, Civil Action H-06-1494 (S.D. Tex. July 27, 2007) ........ 9

*Parker v. Bill Melton Trucking, Inc.*, No. 3:15-CV-2528-G-BK, 2017 WL 6520779 (N.D. Tex. Feb. 2, 2017) (Toliver, J.) ........ 8

*Frazier v. RadioShack Corp.*, 2012 U.S. Dist. LEXIS 32708, at *7 (M.D. La. 2012) ........ 10

*United States v. Procter & Gamble Co.*, 356 U.S. 677 (1958) ........ 7

**Statutes**

FMLA ........ *passim*

**Other Authorities**

Fed. R. Civ. P. 26(b)(1) ........ 2, 3, 7

Fed. R. Civ. P. 33(b)(3) ........ 8

Fed. R. Civ. P. 34 ........ 8

Fed. R. Civ. P. 37(a)(5)(A) ........ 10

Defendant Texas Christian University ("Defendant" or "TCU") moves the Court to compel Plaintiff Leigh Holland ("Plaintiff") to respond fully to TCU's discovery requests and, further, issue an Order prohibiting Plaintiff from benefitting from her failure to produce certain properly requested, discoverable information in a timely manner. In support thereof, TCU respectfully shows the Court as follows:

## I. INTRODUCTION

Plaintiff is a former employee of TCU whose employment ended on May 2, 2023. Plaintiff alleges she was discriminated and retaliated against for taking FMLA leave, and that TCU interfered with her FMLA rights by terminating her employment after she returned to work. Plaintiff seeks monetary relief in excess of $214,980 including lost wages and benefits (back pay and front pay), costs incurred in seeking new employment, liquidated damages, and attorney fees. App. 004-005 (Ex. A); Dkt. 1 at pg. 10.

<u>Outstanding Discovery</u>

As discussed in greater detail below, TCU served discovery requests in April 2024 to which Plaintiff has failed to fully respond. TCU conferred with Plaintiff on several occasions during the course of discovery regarding perceived deficiencies in Plaintiff's discovery responses, but Plaintiff assured it no responsive information was withheld or otherwise outstanding. In her deposition last month, Plaintiff referenced various information and documents responsive to TCU's discovery requests that she had not produced and has since failed to supplement. In particular, Plaintiff has failed to produce basic fact information regarding her alleged damages, mitigation efforts, health care and related communications or documents with relation to the serious health condition she claims in this matter, and other communications and documents related to Plaintiff's factual allegations in this case. By way of illustrating the deficiencies in

Plaintiff's discovery efforts, this is a FMLA case, yet Plaintiff has not produced a single health care record evidencing her treatment, care, or even her alleged serious health condition beyond (1) a note preceding her leave stating she was undergoing mental health evaluation, and (2) a return to work form clearing her to return to work without restrictions. Likewise, Plaintiff failed to identify the health care provider who purportedly prescribed medication to her during the leave period made the basis of her suit. Further, TCU recently became aware Plaintiff intervened in TCU's efforts to collect relevant records from Plaintiff's treating counselor (despite Plaintiff's signature of a written authorization to do so), thereby obstructing TCU's entitlement to discoverable information.

TCU is prejudiced as a result of Plaintiff's tactics, including because without access to the facts and documents underlying Plaintiff's claims it cannot adequately prepare its defenses and risks trial by ambush. TCU seeks an order compelling Plaintiff to provide complete responses to TCU's discovery requests immediately and by the close of discovery (currently, December 20, 2024) and, as appropriate, an order prohibiting Plaintiff from benefitting from her failure to timely produce discoverable information within her custody or control, including as discussed below. TCU requests recoupment of its attorneys' fees incurred in drafting and filing this Motion and reserves the right to seek further relief as appropriate.

## II. RELEVANT BACKGROUND

1. On April 23, 2024, TCU served its First Set of Interrogatories and First Set of Requests for Production to Plaintiff. App. 007 (Ex. B).

2. On June 24, 2024, Plaintiff tardily served her initial Rule 26 Disclosures. App. 008-012 (Ex. C). Three days later, Plaintiff served untimely written discovery responses and documents Bates-labelled Holland 001-070. App. 013 – App. 031 (Ex. D; Ex. E). Appropriately,

Plaintiff's discovery responses did not include specific objections. Her general objections are improper since she waived objections by serving her responses 32 days past the May 23, 2024 due date.

3. Plaintiff's deposition occurred on November 6, 2024. During her deposition, she referenced information and documents she had not previously produced and/or disclosed in the months preceding her deposition – despite assurances from her attorney to defense counsel prior to deposition that no further information had been withheld – and has not supplemented since. *See* App. 032 – App. 038 (Ex. F; Ex. G).

4. Important deadlines under the Scheduling Order are imminently approaching, including completion of discovery (December 20, 2024) and the deadline to file dispositive motions (January 20, 2025) [Dkt. 11]. Trial is set for May 19, 2025 [Dkt. 11]. Defendant attempted to get Plaintiff's cooperation in discovery, but intervention in the following areas is now necessary.

**A. Rule 26 Disclosures**

5. Plaintiff's Initial Disclosures identify one health care provider with information relevant to this case: "Dr. Moses Chism Jr." – "Plaintiff's Counselor [that] has knowledge of her depression." App. 017 (Ex. C).

6. Despite testifying during her deposition to the existence of a health care provider who purportedly prescribed medication related to her mental health during the period of leave made the basis of her claim, but whose identify she could not recall, *Plaintiff's First Amended Rule 26 Disclosures*, served on December 6, 2024, do not identify any other health care providers with knowledge relevant to this case.[1] App. 002-003; App. 050-051 (Ex. A; Ex. H at 111:22-112:21).

[1] Inexplicably, Plaintiff's First Amended Disclosures identify Allyn Needham, Ph.D. as "Plaintiff's economic damages expert," but Plaintiff did not include Mr. Needham in her tardily filed Designation of Expert Witnesses. *See* Dkt. 19; *see also* Dkt. 11 at pg. 1 (setting the Initial Expert Designation due date on Sept. 23, 2024).

**B. Interrogatories**

7. TCU's Interrogatory No. 1 solicits information regarding Plaintiff's attempts to secure other employment since her hire and following the end of her employment with TCU. Specifically, Interrogatory No. 1 asks Plaintiff to identify each prospective employer she contacted, the date(s) contacted, job applied for, the nature of any response received and the compensation corresponding to each offer (if any) and whether or not Plaintiff accepted the offer. Plaintiff's answer is incomplete. For instance, she states she started employment at Navarro College on December 1, 2023, but did not include the other requested information. *See* App. 014 (Ex. D). She did not identify any job applications preceding December 2023, but testified at deposition that she started looking for subsequent employment in "maybe September" and applied for jobs via USjobs.gov, LinkedIn, and Indeed (not included in her interrogatory answer). App. 014 (Ex. D); App. 052-053 (Ex. H at 221:19-222:1, 222:13-21).

8. Interrogatory No. 2 seeks Plaintiff's complete history of employment, including self-employment, from 1998 to the present, including specification of the rate of pay for each and the reason for leaving each position, and the dates of her employment. Plaintiff answered "Personal businesses – Vonsjourney" but did not list the other personal businesses she referenced within her deposition or pay information (which she could not recall at deposition). App. 014-015 (Ex. D).

9. Interrogatory No. 3, seeks identification of each source of income or financial support Plaintiff has had since beginning her employment with Defendant, along with the date(s) and amount(s) of each. This information is critical to Defendant's understanding of Plaintiff's damages claimed in this case, as well as her mitigation efforts. Plaintiff is required to make a complete response and exercise reasonable diligence to do so, but Plaintiff falsely answered, "None." *See* App. 015 (Ex. D).

10. Interrogatory No. 4 seeks identification of each person with knowledge pertaining to any fact or issue involved in this case, including a description of the person's knowledge, a statement of whether Plaintiff presently expects to call them as witnesses at trial, and a description of related documents. Plaintiff identified various persons, including one health care provider (her counselor, Moses Chism Jr.), and stated she "does not know at this time who will be called as witnesses." App. 015-017 (Ex. D). Plaintiff has not amended her answer. Similarly, Interrogatory No. 8 seeks identification of each health care provider with whom Plaintiff has consulted or received an examination, treatment, or diagnosis related to the alleged serious health condition claimed by her in this suit, and Plaintiff identified only one: "Dr. Moses Chism Jr." App. 018 (Ex. D).

11. Plaintiff failed to provide complete, accurate answers to Interrogatory No. 15 – seeking damages information, and Interrogatory No. 16 – seeking specific detail regarding the steps Plaintiff has taken to mitigate any of those damages. *See* App. 019-020 (Ex. D).

12. The information sought by the interrogatories identified above is readily available to Plaintiff and necessary to fairly inform TCU of the facts sought by it to adequately prepare its case, including via solicitation of third party records.[2]

**C. First Set of Requests for Production**

13. Defendant's First Set of Requests for Production to Plaintiff seek basic information essential to determination of Plaintiff's damages claim, such as documents that relate to or evidence Plaintiff's efforts to pursue subsequent employment and documents that relate to the alleged serious health condition made the basis of Plaintiff's FMLA claims. Despite the

[2] During her deposition, Plaintiff acknowledged that her written answers to Interrogatory Nos. 8 and 15 are inaccurate. App. 054 (Ex. H at 305:3-10).

straightforward nature of the documents sought by TCU, Plaintiff has failed to supply a complete response to the basic information required of her, including income documents and other documents pertaining to compensation earned from any source since the beginning of Plaintiff's employment with TCU (RFP 45, 46, 47), documents related to the alleged serious health condition claimed by Plaintiff in this matter, including documents relating to any period Plaintiff was purportedly unable to work subsequent to Plaintiff's separation from TCU (RFP 12, 17, 33, 36, 38, 43, 44), personnel records from any employer for whom Plaintiff has worked since her separation from TCU (RFP 19), documents that support or otherwise evidence Plaintiff's attempts to mitigate the damages claimed by her in this lawsuit (RFP 12, 20, 50), documents that reflect or relate in any way to Plaintiff's method of calculating her alleged damages, the amount of those damages, and the factual basis for those damages (RFP 28), social media posts relevant to this case (RFP 12, 14, 15), and her attorney fee agreement (RFP 29). *See* App. 023-030 (Ex. E). Plaintiff testified to the existence of all or most of these categories of documents during her deposition, but has not supplemented her document production in the weeks which have transpired since. *See* App. 032-034 (Ex. F).

**D. TCU's Attempts to Solicit Supplemental Discovery Responses**

14. TCU's attempts to confer with Plaintiff regarding the discovery issues made the basis of this motion include the following written communications:

July 17, 2024: Email correspondence to Plaintiff giving notice of perceived deficiencies existing in her responses and document production App. 048 (Ex. G);

July 29, 2024: TCU served a detailed deficiency letter to Plaintiff, seeking amended and supplemental discovery responses from Plaintiff by no later than August 8, 2024. App. 045-047 (Ex. G);

August 9, 2024: Email correspondence to Plaintiff noting Plaintiff's failure to supplement or amend her discovery responses and stating TCU will need to involve

the Court if not received by August 15 (later changed to August 20 at Plaintiff's request). App. 042-044 (Ex. G);

August 30, 2024: Email correspondence to Plaintiff discussing continued perceived deficiencies in her discovery responses and requesting a conference call. App. 039-041 (Ex. G);

October 22, 2024: Email correspondence to Plaintiff regarding her supplemental production served on October 21, 2024, seeking further supplementation and requesting confirmation Plaintiff has produced the entirety of the health care records in her custody or control which evidence or otherwise concern the alleged health condition(s) and damages she alleges in this matter. App. 037-038 (Ex. G);

October 25, 2024: TCU followed up with Plaintiff given her failure to respond to its October 22, 2024 correspondence. App. 036 (Ex. G);

October 29, 2024: TCU again followed up with Plaintiff seeking confirmation she has produced the entirety of the health care records in her custody or control which evidence or otherwise concern the alleged health condition(s) and damages she alleges in this matter. Defendant warned it will need to involve the Court if Plaintiff did not respond. App. 035-036 (Ex. G);

December 11, 2024: TCU served a detailed letter to Plaintiff noting perceived existing discovery deficiencies based on Plaintiff's testimony in her deposition dated November 6, 2024. App. 032-034 (Ex. F).

15. TCU now turns to the Court for assistance.

## III. ARGUMENT & AUTHORITIES

### A. Standards of Law

The law on discovery is clear and well-established. Discovery serves the useful function of making a trial "less a game of blindman's bluff and more a fair contest with the basic issues and facts disclosed to the fullest practicable extent." *United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958). Under Federal Rule of Civil Procedure 26(b)(1), parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance

of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Each interrogatory must be answered separately and fully in writing under oath. Fed. R. Civ. P. 33(b)(3). Federal Rule of Civil Procedure 34 requires a party to produce documents that are within its "possession, custody, or control." Control means both actual possession and the legal right, authority, or ability to obtain documents on demand. *See, e.g.*, *Hernandez v. Results Staffing, Inc.*, No. 4:14-CV-182-A, 2017 U.S. Dist. LEXIS 142473, at *41 (N.D. Tex. 2017) ("the word 'control,' when used in a discovery sense, includes the legal right, authority, or ability of a party responding to discovery to obtain documents on demand") (internal citations omitted), *aff'd*, 907 F.3d 354 (5th Cir. 2018).

**B. Plaintiff Failed to Provide Discoverable Information to which Defendant is Entitled**

*1. Plaintiff is obligated to produce information and records relating to her alleged health condition made the basis of her suit and persons with knowledge thereof. (Interrogatory No. 4, 8; RFP No. 12, 14, 15, 17, 20, 33, 36, 38, 43, 44)*

Plaintiff is a FMLA claimant. Accordingly, TCU is entitled to discovery of Plaintiff's alleged serious health condition (a threshold FMLA inquiry) and relevant health care providers. *See, e.g.*, *Cranston v. Knightvest Halston, LLC*, No. 3:19-CV-2747-M-BK, 2020 U.S. Dist. LEXIS 194788, at *5 (N.D. Tex. 2020) ("there is no rational basis for Plaintiff's assertion that a review of her medical records constitutes an invasion of her privacy in this personal injury matter that she chose to file."); *Parker v. Bill Melton Trucking, Inc.*, No. 3:15-CV-2528-G-BK, 2017 WL 6520779, at *4 (N.D. Tex. Feb. 2, 2017) (Toliver, J.) ("While inquiry into Plaintiff's medical records requires incursion on some level of her privacy, Plaintiff may not now rely on such arguments to deny [Defendant] access to relevant information that she herself has made central to this case") (citation omitted). TCU is entitled to adequately prepare for depositions and trial, which necessarily involves a fair opportunity to assess the potential importance of fact witnesses in this case. The

above-referenced information sought by TCU is readily known and/or available to Plaintiff. Plaintiff's failure to produce this information is without excuse.

2. *Plaintiff is obligated to produce information regarding her mitigation efforts, employment – including self-employment, and income. (Interrogatory No. 1, 2, 3, 15, 16; RFP No. 12, 14, 15, 19, 20, 28, 29, 45, 46, 47, 50)*

Plaintiff revealed she engaged in other employment, including during her leave period made the basis of her suit, and has obtained two positions of employment following her separation from TCU, but her discovery responses omit critical information such as Plaintiff's employment search efforts during the seven months immediately following her separation and her income from other sources of employment (including her small businesses). *See* App. 014-015, 020-021 (Ex. D; *see also* Ex. E). Defendant is entitled to obtain information and documents establishing and/or verifying information about Plaintiff's job search efforts and subsequent employment, including benefits available, representations made on her employment application and/or the interview process, and Plaintiff's performance documentation received from subsequent employers as these factors relate to her mitigation efforts and credibility. Courts have consistently held that subsequent employment records — including a plaintiff's application, performance evaluations, attendance records, and benefits information— are relevant to damages mitigation in employment cases. *See, e.g., Gondola v. USMD PPM, LLC*, 223 F. Supp. 3d 575, 583 (N.D. Tex. 2016) (overruling objections to requests for subsequent employment records and ordering that the defendant was entitled to discovery of "(1) salary records; (2) benefits records; (3) documents reflecting Plaintiffs' dates of employment and the circumstances for Plaintiffs' leaving or being terminated from any employment; and (4) any employment applications submitted by Plaintiffs that discuss their reasons for leaving their employment with Defendant or their disabilities or needs or requests for accommodations or that list their demands or requests for a salary or salary range."); *Keller v.*

*AT&T, Inc.*, Civil Action H-06-1494 (S.D. Tex. July 27, 2007) (defendant is entitled to information regarding plaintiff's subsequent employment because it is directly relevant to his claim for economic losses).

Since Plaintiff has lodged a damages claim for lost earnings and "out of pocket expenses", TCU is entitled to a full picture of what income or financial support Plaintiff has received during the relevant time period. *See Frazier v. RadioShack Corp.*, 2012 U.S. Dist. LEXIS 32708, at *7 (M.D. La. 2012) ("If plaintiff is awarded damages, the amount of damages [defendant] is required to pay may be offset by sums that plaintiff has received from other sources, such as through subsequent employment."). Notably, Plaintiff claims "out of pocket expenses" but has failed to produce any documents evidencing those purported expenses. *See* Dkt. 1 at pg. 10.

C. **Plaintiff's Failure to Provide Complete Discovery Responses Unduly Prejudices TCU**

The close of discovery is fast-approaching (December 20, 2024), yet Plaintiff has failed to provide TCU with information relevant to the claims waged in this case. In effect, Plaintiff has materially thwarted the discovery process and, by extension, Defendant's ability to timely prepare its defenses. For instance, Plaintiff's failure to disclose the identity of a treating health care provider blocked TCU from obtaining records and testimony from such person. Similarly, her refusal to produce her counseling records (and purported instructions to her counselor not to comply with TCU's request directed to her counsel for same) obstructed TCU's entitlement to discovery of information highly relevant to determination of her FMLA claims.

## IV. EXPENSES OF MOTION

TCU has incurred fees and expenses in preparing and filing this motion to obtain relief. TCU respectfully requests an award of its reasonable expenses and attorneys' fees incurred in obtaining the order to compel production pursuant to Fed. R. Civ. P. 37(a)(5)(A) (stating the Court

"must" require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney fees).

## V. CONCLUSION AND FURTHER REQUESTS FOR RELIEF

TCU is entitled to prepare its respective defenses and conduct discovery relevant thereto in a timely manner. Plaintiff should not be permitted to undertake the weighty action of litigation, but then willfully ignore her obligation to participate in discovery cooperatively, with diligence, and to provide complete responses. Plaintiff's failure to provide basic fact information and records readily accessible to her runs afoul of Federal Rules of Civil Procedure.

The information sought by TCU via its discovery requests is simple, straightforward, and relevant to the subject matter of this employment-based case. Thus, the Court should compel Plaintiff to producing complete responses to TCU's discovery requests as set forth above. The Court should, further, prohibit Plaintiff from offering any health care record or health care related testimony or other information into evidence at trial or in support of a motion or motion response that Plaintiff has not adequately disclosed or produced to TCU in a timely manner (ie, with sufficient time to permit TCU to gather third party discovery on same). Plaintiff's conduct exemplifies the dilatory tactics discovery sanctions exist to deter.

**WHEREFORE,** Defendant prays that the Court grant this Motion and enter an order granting the following relief:

(1) compelling Plaintiff to provide complete and meaningful responses to Defendant's Interrogatories No. 1, 2, 3, 4, 8, 15, and 16 by December 20, 2024, or a date closely thereafter in accordance with the parameters set forth in Section 6 of the Scheduling Order [Dkt. 11];

(2) compelling Plaintiff to produce a properly signed verification for all of her interrogatory responses;

(3) compelling Plaintiff to provide complete and meaningful responses, including production of all documents and materials responsive to Defendant's Request for Production No. 12, 14, 15, 17, 19, 20, 28, 29, 33, 36, 38, 43, 44, 45, 46, 47, and 50 that are within her custody or control by December 20, 2024, or a date closely thereafter in accordance with the parameters set forth in Section 6 of the Scheduling Order [Dkt. 11];

(4) sanctions against Plaintiff for her resistance to and refusal to cooperate and exercise reasonable diligence in discovery as required by the rules in the form of prohibiting her from relying on any health care record or other health care related testimony or information at trial or in support of a motion or motion response that Plaintiff has not produced to date;

(5) awarding TCU its reasonable and necessary attorneys' fees associated with preparing and bringing forth this motion; and

(6) any such other and further relief to which TCU may show itself entitled.

Respectfully submitted,

By: */s/ Molly Ann Lawrence*
Eva W. Turner
Texas Bar No. 24051485
eva.turner@ogletree.com
Molly Ann Lawrence
Texas State Bar No. 24083365
mollyann.lawrence@ogletree.com
**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
8117 Preston Road, Suite 500
Dallas, Texas 75225
Telephone: (214) 987-3800
Facsimile: (214) 987-3927

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

I hereby certify that on December 13, 2024, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will transmit a Notice of Electronic Filing to the parties' counsel of record.

*/s/ Molly Ann Lawrence*
MOLLY ANN LAWRENCE