**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION**

| | | |
|---|---|---|
| **LEIGH HOLLAND,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 4:24-cv-00289-O** |
| | § | |
| **TEXAS CHRISTIAN UNIVERSITY,** | § | |
| | § | |
| **Defendant.** | § | |

**APPENDIX IN SUPPORT OF
DEFENDANT'S EXPEDITED MOTION TO COMPEL DISCOVERY,
REQUEST FOR SANCTIONS, AND REQUEST FOR ATTORNEYS' FEES,
AND BRIEF IN SUPPORT**

Defendant Texas Christian University ("Defendant") files its Appendix in Support of Defendant's Expedited Motion to Compel Discovery, Request for Sanctions, and Request for Attorneys' Fees, and Brief in Support (collectively, the "Motion") [Dkt. 20; Dkt. 21] and states that the undisputed material facts set forth in the Motion are supported by the attached evidence listed below. In accordance with Local Civil Rule 5.2, only the portions of the discovery materials in dispute are included.

| EXHIBIT | DESCRIPTION | APPENDIX PAGES |
|---|---|---|
| **A** | *Plaintiff's First Amended Rule 26 Disclosures* (served December 6, 2024) | APP 001 – APP 006 |
| **B** | Service email from Defendant's counsel serving Defendant's First Set of Interrogatories and First Set of Requests for Production to Plaintiff on April 23, 2024 | APP 007 |
| **C** | *Plaintiff's Rule 26 Disclosures* (served on June 24, 2024) | APP 008 – APP 012 |
| **D** | *Plaintiff's Responses to Defendant's First Set of Interrogatories* (served June 27, 2024) | APP 013 – APP 021 |
| **E** | *Plaintiff's Responses to Defendant's First Request for Production of Documents* (served June 27, 2024) | APP 022 – APP 031 |

| | | |
|---|---|---|
| **F** | Defendant's conferral letter to Plaintiff (dated December 11, 2024) | APP 032 – APP 034 |
| **G** | Conferral correspondence with Plaintiff prior to her deposition (dated July 17, 2024 – October 29, 2024) | APP 035 – APP 048 |
| **H** | True and correct excerpts from Plaintiff's deposition taken in this matter on November 6, 2024 | APP 049 – APP 056 |

Respectfully submitted,

*/s/ Molly Ann Lawrence*

Eva W. Turner
Texas Bar No. 24051485
eva.turner@ogletree.com
Molly Ann Lawrence
Texas Bar No. 24083365
mollyann.lawrence@ogletree.com

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
8117 Preston Road, Suite 500
Dallas, Texas 75225
(214) 987-3800
(214) 987-3927 (Fax)

**ATTORNEYS FOR DEFENDANT**

## CERTIFICATE OF SERVICE

This is to certify that on December 13, 2024, I electronically transmitted the foregoing document to the Clerk of Court using the electronic system of filing, which will transmit a Notice of Electronic Filing to the parties' counsel of record.

*/s/ Molly Ann Lawrence*
MOLLY ANN LAWRENCE

# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **LEIGH HOLLAND** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **TEXAS CHRISTIAN UNIVERSITY** | § | **CIVIL ACTION NO.: 4:24-cv-00289-O** |
| | § | |
| | § | |
| ***Defendant.*** | § | |

# PLAINTIFF'S FIRST AMENDED RULE 26 DISCLOSURES

## GENERAL STATEMENT

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff Leigh Holland ("Plaintiff" or "Holland") hereby provides her first amended Disclosures. By providing these disclosures, Plaintiff does not waive any objections which may be appropriate (a) to the use, for any purpose, by Defendant of any of the information or documents disclosed, (b) to the admissibility or relevancy of any of the documents or information disclosed herein, or (c) any applicable attorney-client privilege and/or any protection afforded by the work product doctrine.

The disclosures set forth below constitute information presently available to Plaintiff with respect to the above-captioned action at this early stage in the litigation. However, Plaintiff reserves the right to amend, supplement, or change the disclosures made herein if and when additional, different, or more accurate information and/or documents become available and/or additional facts are developed.

# I.

## INDIVIDUALS LIKELY TO HAVE INFORMATION THAT BEARS SIGNIFICANTLY ON ANY CLAIM OR DEFENSE

Pursuant to Rule 26(a)(1)(A), Plaintiff hereby discloses persons believed to have discoverable information relevant to disputed facts. Plaintiff reserves the right, pursuant to Rule 26(e) to supplement this list.

**RESPONSE:**

| | | |
|---|---|---|
| 1. | Leigh Holland<br>c/o W.D. Masterson<br>Kilgore & Kilgore, PLLC<br>3141 Hood Street, Suite 500<br>Dallas, Texas 75219<br>(214) 969-9099 | Plaintiff has knowledge of the facts of her case. |
| 2. | Johnny Holland<br>701 Liska Rd<br>Ennis Tx 75119<br>682 472 5099 | Plaintiff's husband. He has knowledge of the facts of her case, including Plaintiff's depression. |
| 3. | Quanesha Speed-Daughter<br>115 Monticello<br>Mansfield, TX 76063<br>682 323 6098 | Plaintiff's daughter. She has knowledge of the facts of her case, including Plaintiff's depression. |
| 4. | Dr. Darron Turner | Dr. Darron Turner was Assistant Vice Chancellor of Student Affairs at Defendant and has knowledge of Plaintiff's job duties, her job performance, his interactions and communications with and about Plaintiff. |
| 5. | Andrea McDew | Ms. McDew was a Deputy Title IX Investigator at Defendant and has knowledge of Plaintiff's job duties and interactions and communications with and about Plaintiff. |
| 6. | Cheryl Taylor | Ms. Taylor was a Title IX and Compliance Specialist at Defendant and |

| | | |
|---|---|---|
| | | has knowledge of Plaintiff's job duties and interactions and communications with and about Plaintiff. |
| 7. | Aisha Torrey-Sawyer | Ms. Sawyer was Director of Diversity and Inclusion at Defendant and has knowledge of Plaintiff's job duties and interactions and communications with and about Plaintiff. |
| 8. | Sharon Gooding | Ms. Gooding was Coordinator of Diversity and Inclusion at Defendant and has knowledge of Plaintiff's job duties and interactions and communications with and about Plaintiff. |
| 9. | Joan Fralia | Ms. Fralia was Yohana Chambers assistant at Defendant and has knowledge of Plaintiff's job duties and interactions and communications with and about Plaintiff. |
| 10. | Yohana Chambers | Ms. Chambers was/is in HR at Defendant. She has knowledge of Plaintiff's request for FMLA and termination. |
| 11. | Teri Green | Ms. Green was an investigator at Defendant and has knowledge of Plaintiff's job duties and interactions and communications with and about Plaintiff. |
| 12. | Dr. Moses Chism Jr.<br>Innovative Centered Counseling<br>4424 Partney Court<br>Plano TX 75024<br>972.978.8008 | Dr. Chism is Plaintiff's Counselor and has knowledge of her depression. |
| 13. | W. D. Masterson<br>Kilgore & Kilgore, PLLC<br>3141 Hood Street, Suite 500<br>Dallas, Texas 75219<br>214-969-9099 | Plaintiff's attorney and will testify to legal fees; |
| 14. | Allyn Needham, Ph.D.<br>Shipp, Needham & Durham, LLC<br>6320 Southwest Blvd., #113<br>Ft Worth, TX 76109 | Plaintiff's economic damages expert |

## II.

## DOCUMENTS LIKELY TO BEAR SIGNIFICANTLY ON ANY CLAIM OR DEFENSE

Plaintiff lists the following documents which may be relevant to the issues raised in the pleadings. The identification of these documents shall not constitute waiver of any objections to the relevance, admissibility, authenticity, or privilege of each document:

- Documents evidencing Plaintiff's compensation.
- Documents evidencing damages to Plaintiff
- Documents evidencing salary of Plaintiff
- Communications to/from Plaintiff and Defendant.
- Communications regarding Plaintiff.
- Communications with other employees
- Documents produced by Defendant in this case.
- Damage Calculations.

Plaintiff will supplement these disclosures as discovery continues.

## III.

## COMPUTATION OF DAMAGES CLAIMED

### Back Pay

| | |
|---|---|
| **Salary** | $ 86,000.00 per year ($7,166/mo) |
| **Hire Date: July 2002** | |
| **Termination Date: 5/2/22** | |
| **Gross Lost Back-Pay to Date (30 mos x $7,166)** | $214,980 |
| **Plus Vacation** | TBD |
| **Plus Insurance** | TBD |
| **Total** | $214,980 |

Mrs. Holland started a new job on February 1, 2024 making a salary of $63,000 ($5,250/mo). 10 mos x $5,250 = $52,500. Subtracting $52,500 from $214,980 = a back pay of

$162,480.

Net back pay losses will be calculated by deducting Plaintiff's actual earnings from her termination date to the present.

Gross Future lost earnings:
Mrs. Holland's lost front pay is $86,000 - $52,500 = $33,500 x 5 = $167,500.

- Net future lost earnings will be calculated by Deducting future estimated earnings from her last earnings rate at Defendant.

| | |
|---|---|
| Compensatory Damages | $40,000 |
| Prejudgment and Postjudgment Interest | At the maximum rate allowed by law |
| Attorneys' Fees to date | $ 10,000+ or per contingent fee contract |
| Court Costs | $ 2,500+ |

**IV. Insurance Agreements** – N/A

Respectfully submitted,

**KILGORE & KILGORE, PLLC**

By: W. D. Masterson

**W. D. MASTERSON**
State Bar No. 13184000
3141 Hood Street, Suite 500
Dallas, Texas 75219
214-969-9099 - Telephone
214-953-0133 – Facsimile
wdm@kilgorelaw.com

**ATTORNEY FOR PLAINTIFF**
**LEIGH HOLLAND**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing document has been served upon the following counsel of record in accordance with the Federal Rules of Civil Procedure on December 6, 2024:

Eva W. Turner
OGLETREE, DEAKINS
8117 Preston Road, Suite 500
Dallas, TX 75225
eva.turner@ogletree.com

Molly Ann Lawrence
OGLETREE, DEAKINS
8117 Preston Road, Suite 500
Dallas, TX 75225
mollyann.lawrence@ogletree.com

W. D. Masterson
W. D. Masterson

# EXHIBIT B

**From:** Lawrence, Molly Ann
**To:** wdm@kilgorelaw.com
**Cc:** Rebecca LeGrand; Turner, Eva W.; Miller, Shannon L.; Willis, Kanada V.
**Subject:** Leigh Holland v. Texas Christian University; 4:24-cv-00289-O [ODNSS-OGL]
**Date:** Tuesday, April 23, 2024 9:59:03 PM
**Attachments:** Defendant"s Interrogatories to Pltf.pdf
Defendant"s Request for Production to Pltf.pdf

---

Hello Bill,

Attached please find the following documents served on behalf of Defendant in the above-referenced case:

*Defendant Texas Christian University's First Set of Interrogatories to Plaintiff*; and
*Defendant Texas Christian University's First Set of Requests for Production to Plaintiff*.

Thank you,

**Molly Ann Lawrence | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-5864
mollyann.lawrence@ogletree.com | www.ogletree.com | Bio

# EXHIBIT C

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **LEIGH HOLLAND** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **TEXAS CHRISTIAN UNIVERSITY** | § | **CIVIL ACTION NO.: 4:24-cv-00289-O** |
| | § | |
| | § | |
| ***Defendant.*** | § | |

## PLAINTIFF'S RULE 26 DISCLOSURES

### GENERAL STATEMENT

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Plaintiff Leigh Holland ("Plaintiff" or "Holland") hereby provides her Initial Disclosures. By providing these disclosures, Plaintiff does not waive any objections which may be appropriate (a) to the use, for any purpose, by Defendant of any of the information or documents disclosed, (b) to the admissibility or relevancy of any of the documents or information disclosed herein, or (c) any applicable attorney-client privilege and/or any protection afforded by the work product doctrine.

The disclosures set forth below constitute information presently available to Plaintiff with respect to the above-captioned action at this early stage in the litigation. However, Plaintiff reserves the right to amend, supplement, or change the disclosures made herein if and when additional, different, or more accurate information and/or documents become available and/or additional facts are developed.

# I.

## INDIVIDUALS LIKELY TO HAVE INFORMATION THAT BEARS SIGNIFICANTLY ON ANY CLAIM OR DEFENSE

Pursuant to Rule 26(a)(1)(A), Plaintiff hereby discloses persons believed to have discoverable information relevant to disputed facts. Plaintiff reserves the right, pursuant to Rule 26(e) to supplement this list.

**RESPONSE:**

| | | |
|---|---|---|
| 1. | Leigh Holland<br>c/o W.D. Masterson<br>Kilgore & Kilgore, PLLC<br>3141 Hood Street, Suite 500<br>Dallas, Texas 75219<br>(214) 969-9099 | Plaintiff has knowledge of the facts of her case. |
| 2. | Johnny Holland<br>701 Liska Rd<br>Ennis Tx 75119<br>682 472 5099 | Plaintiff's husband. He has knowledge of the facts of her case, including Plaintiff's depression. |
| 3. | Quanesha Speed-Daughter<br>115 Monticello<br>Mansfield, TX 76063<br>682 323 6098 | Plaintiff's daughter. She has knowledge of the facts of her case, including Plaintiff's depression. |
| 4. | Dr. Darron Turner | Dr. Darron Turner was Assistant Vice Chancellor of Student Affairs at Defendant and has knowledge of Plaintiff's job duties, her job performance, his interactions and communications with and about Plaintiff. |
| 5. | Andrea McDew | Ms. McDew was a Deputy Title IX Investigator at Defendant and has knowledge of Plaintiff's job duties and interactions and communications with and about Plaintiff. |
| 6. | Cheryl Taylor | Ms. Taylor was a Title IX and Compliance Specialist at Defendant and |

| | | |
|---|---|---|
| | | has knowledge of Plaintiff's job duties and interactions and communications with and about Plaintiff. |
| 7. | Aisha Torrey-Sawyer | Ms. Sawyer was Director of Diversity and Inclusion at Defendant and has knowledge of Plaintiff's job duties and interactions and communications with and about Plaintiff. |
| 8. | Sharon Gooding | Ms. Gooding was Coordinator of Diversity and Inclusion at Defendant and has knowledge of Plaintiff's job duties and interactions and communications with and about Plaintiff. |
| 9. | Joan Fralia | Ms. Fralia was Yohana Chambers assistant at Defendant and has knowledge of Plaintiff's job duties and interactions and communications with and about Plaintiff. |
| 10. | Yohana Chambers | Ms. Chambers was/is in HR at Defendant. She has knowledge of Plaintiff's request for FMLA and termination. |
| 11. | Teri Green | Ms. Green was an investigator at Defendant and has knowledge of Plaintiff's job duties and interactions and communications with and about Plaintiff. |
| 12. | Dr. Moses Chism Jr.<br>Innovative Centered Counseling<br>4424 Partney Court<br>Plano TX 75024<br>972.978.8008 | Dr. Chism is Plaintiff's Counselor and has knowledge of her depression. |
| 13. | W. D. Masterson<br>Kilgore & Kilgore, PLLC<br>3141 Hood Street, Suite 500<br>Dallas, Texas 75219<br>214-969-9099 | Plaintiff's attorney and will testify to legal fees; |
| 14. | Allyn Needham, Ph.D.<br>Shipp, Needham & Durham, LLC<br>6320 Southwest Blvd., #113<br>Ft Worth, TX 76109 | Plaintiff's economic damages expert |

| | |
|---|---|
| $ 75,000.00 per year x 5 years | $375,000 |

- Net future lost earnings will be calculated by Deducting future estimated earnings from her last earnings rate at Defendant.

| | |
|---|---|
| Compensatory Damages | $40,000 |
| Prejudgment and Postjudgment Interest | At the maximum rate allowed by law |
| Attorneys' Fees to date | $ 10,000+<br>or per contingent fee contract |
| Court Costs | $ 2,500+ |

**IV. Insurance Agreements** – N/A

Respectfully submitted,

**KILGORE & KILGORE, PLLC**

By: *W. D. Masterson*

**W. D. MASTERSON**
State Bar No. 13184000
3141 Hood Street, Suite 500
Dallas, Texas 75219
214-969-9099 - Telephone
214-953-0133 – Facsimile
wdm@kilgorelaw.com

**ATTORNEY FOR PLAINTIFF**
**LEIGH HOLLAND**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing document has been served upon the following counsel of record in accordance with the Federal Rules of Civil Procedure on June 24, 2024:

Eva W. Turner
OGLETREE, DEAKINS
8117 Preston Road, Suite 500
Dallas, TX 75225
eva.turner@ogletree.com

Molly Ann Lawrence
OGLETREE, DEAKINS
8117 Preston Road, Suite 500
Dallas, TX 75225
mollyann.lawrence@ogletree.com

W. D. Masterson
W. D. Masterson

# EXHIBIT D

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **LEIGH HOLLAND** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **TEXAS CHRISTIAN UNIVERSITY** | § | **CIVIL ACTION NO.: 4:24-cv-00289-O** |
| | § | |
| | § | |
| ***Defendant.*** | § | |

**PLAINTIFF'S RESPONSES TO**
**DEFENDANT'S FIRST SET OF INTERROGATORIES**

Pursuant to the Federal Rules of Civil Procedure, Plaintiff Leigh Holland ("Holland" or "Plaintiff"), responds to Defendant Texas Christian University ("Defendant" or "TCU") first set of interrogatories as follows:

**I**

## GENERAL OBJECTIONS

1. Plaintiff objects to all Requests to the extent said discovery requests information that is exempted from discovery as work-product. To the extent that said Requests call for the disclosure of confidential communications with his/her attorney or attorney's representatives, Plaintiff asserts the attorney-client privilege.

2. Plaintiff will construe all terms as defined in the Federal Rules of Civil Procedure or according to their ordinary meaning. Plaintiff will respond to the document requests as required by the Federal Rules of Civil Procedure.

**RESPONSES AND OBJECTIONS TO INTERROGATORIES**

Subject to and without waiving the General Objections, which Plaintiff adopts and incorporates by reference into each Interrogatory below, Plaintiff responds to the individual Interrogatories as follows.

**INTERROGATORY NO. 1:**

If you have attempted to secure employment with an employer other than Defendant since your hire by Defendant, identify each prospective employer you have contacted and the date on which you applied for work; the job applied for; the nature of any reply or response to your application and/or résumé and/or interview; the salary and compensation corresponding to each offer, if any; whether you accepted any offer; and if you declined any job offer, please explain why such offer was declined.

**RESPONSE:**

Navarro College-Start date December 1, 2023; resigned for health reasons

Indeed EEO Investigator applied December 29, 2023-Did not hear back

Tarrant County College- Employee Relations Position-not filling the position

UT Southwestern-December 12, 2023-Interviewed-Not selected

Dallas College –start date February 1, 2024 present employment;

UT Tyler 2nd round interview January 3, 2024-not selected

**INTERROGATORY NO. 2:**

State specifically and in detail Plaintiff's complete history of employment, including any self-employment, from January 1, 1998 to present, including the name of each employer, the dates of her employment with each employer, her position of employment held for that person or entity, the rate of pay for each, and the reason for leaving each position, including whether Plaintiff left

voluntarily or involuntarily.

**RESPONSE:**

TCC- work study student (continuing education department, Registrar) do not remember dates or rate of pay. John Peter Smith Stop Six Clinic (Medical Records) Maternity leave do not remember dates rate of pay. UTA, admission specialist- do not remember dates or rate of pay. Left to work at TCU 2002-2023

Personal businesses- Vonsjourney

**INTERROGATORY NO. 3:**

Identify and describe with specificity each source of income or financial support or other payments (including but not limited to earned income, unemployment compensation, insurance payments, and social security benefits) you have had since beginning your employment with Defendant, the date or dates upon which such income or financial support was received, and identify the amount, in terms of monthly or other periodic payments, of income or financial support from each source identified.

**RESPONSE:**

None.

**INTERROGATORY NO. 4:**

Please identify all persons, including their addresses, telephone numbers, and job titles, who possess knowledge pertaining to any fact or issue involved in this case. Include in Plaintiff's answer a description of the substance of the person's knowledge, a statement of whether Plaintiff presently expects to call them as witnesses at trial, and a description of all documents which support, tend to support, or tend to refute Plaintiff's answer to this Interrogatory. This includes persons other than your attorney with whom you have communicated, either orally or in writing, regarding the allegations in your Complaint and the date and substance of such communication.

**RESPONSE:**

Plaintiff does not know at this time who will be called as witnesses. However, below are possible witnesses.

| | | |
|---|---|---|
| 1. | Leigh Holland<br>c/o W.D. Masterson<br>Kilgore & Kilgore, PLLC<br>3141 Hood Street, Suite 500<br>Dallas, Texas 75219<br>(214) 969-9099 | Plaintiff has knowledge of the facts of her case. |
| 2. | Johnny Holland<br>701 Liska Rd<br>Ennis Tx 75119<br>682 472 5099 | Plaintiff's husband. He has knowledge of the facts of her case, including Plaintiff's depression. |
| 3. | Quanesha Speed-Daughter<br>115 Monticello<br>Mansfield, TX 76063<br>682 323 6098 | Plaintiff's daughter. She has knowledge of the facts of her case, including Plaintiff's depression. |
| 4. | Dr. Darron Turner | Dr. Darron Turner was Assistant Vice Chancellor of Student Affairs at Defendant and has knowledge of Plaintiff's job duties, her job performance, his interactions and communications with and about Plaintiff. |
| 5. | Andrea McDew | Ms. McDew was a Deputy Title IX Investigator at Defendant and has knowledge of Plaintiff's job duties and interactions and communications with and about Plaintiff. |
| 6. | Cheryl Taylor | Ms. Taylor was a Title IX and Compliance Specialist at Defendant and has knowledge of Plaintiff's job duties and interactions and communications with and about Plaintiff. |
| 7. | Aisha Torrey-Sawyer | Ms. Sawyer was Director of Diversity and Inclusion at Defendant and has knowledge of Plaintiff's job duties and |

| | | |
|---|---|---|
| | | interactions and communications with and about Plaintiff. |
| 8. | Sharon Gooding | Ms. Gooding was Coordinator of Diversity and Inclusion at Defendant and has knowledge of Plaintiff's job duties and interactions and communications with and about Plaintiff. |
| 9. | Joan Fralia | Ms. Fralia was Yohana Chambers assistant at Defendant and has knowledge of Plaintiff's job duties and interactions and communications with and about Plaintiff. |
| 10. | Yohana Chambers | Ms. Chambers was/is in HR at Defendant. She has knowledge of Plaintiff's request for FMLA and termination. |
| 11. | Teri Green | Ms. Green was an investigator at Defendant and has knowledge of Plaintiff's job duties and interactions and communications with and about Plaintiff. |
| 12. | Dr. Moses Chism Jr.<br>Innovative Centered Counseling<br>4424 Partney Court<br>Plano TX 75024<br>972.978.8008 | Dr. Chism is Plaintiff's Counselor and has knowledge of her depression. |
| 13. | W. D. Masterson<br>Kilgore & Kilgore, PLLC<br>3141 Hood Street, Suite 500<br>Dallas, Texas 75219<br>214-969-9099 | Plaintiff's attorney and will testify to legal fees; |
| 14. | Allyn Needham, Ph.D.<br>Shipp, Needham & Durham, LLC<br>6320 Southwest Blvd., #113<br>Ft Worth, TX 76109 | Plaintiff's economic damages expert |

**INTERROGATORY NO. 5:**

Identify or produce for inspection each document in your custody and control, or of which you have knowledge, that you contend supports any claim asserted in your Complaint, or relates to any defense

or felony? If your answer is "yes," please identify the nature of the matter for which you were arrested and/or convicted, the state and city in which you were arrested, the court which had jurisdiction over you at the time of the arrest, and whether you were released, convicted, pleaded guilty, or pleaded no contest.

**RESPONSE:**

No.

**INTERROGATORY NO. 8:**

Please identify every physician, medical practitioner, or other health care provider with whom you have consulted or from whom you have received an examination and/or treatment or obtained an opinion or diagnosis since January 1, 1998 related to the alleged serious health conditions claimed by you in this lawsuit, including as referenced by you in Complaint ¶ 5.04. Please refer to the definition of "Identify" set forth above.

**RESPONSE:**

Dr. Moses Chism Jr.
Innovative Centered Counseling
4424 Partney Court
Plano TX 75024
972.978.8008

**INTERROGATORY NO. 9:**

Identify all experts you intend to call to testify at trial, and describe in detail the subject matter of each such expert's anticipated testimony, the facts and opinions to which each expert is expected to testify, and a summary of the grounds for the expert's opinion.

**RESPONSE:**

Dr. Moses Chism Jr.
Innovative Centered Counseling
4424 Partney Court
Plano TX 75024

**INTERROGATORY NO. 14:**

If you have ever complained of any type of discrimination, harassment, or retaliation to an employer other than Defendant, either formally or informally, state the date of the complaint, the identity of the employer, and the nature and resolution for each complaint.

**RESPONSE:**

No.

**INTERROGATORY NO. 15:**

Please identify for each element of damages that you are claiming, and include in your answer the following: the category into which each item of damages falls, (i.e. equitable relief, back-pay, front-pay, consequential damages, mental anguish, interest, and any other relevant categories); the amount claimed for each; an explanation of how each amount was calculated, including any mathematical formula; and a description of each document on which such calculation was based or which you contend supports, tends to support, or tends to refute your answer to this Interrogatory.

**RESPONSE:**

See Plaintiff's Disclosures previously produced and below.

**COMPUTATION OF DAMAGES CLAIMED**

**Back Pay**

| | |
|---|---|
| **Salary** | $ 75,000.00 per year ($6,250/mo) |
| **Hire Date: July 2002** | |
| **Termination Date: 5/21/22** | |
| **Gross Lost Back-Pay to Date (26 mos x $6,250)** | $162,500 |
| **Plus Vacation** | TBD |
| **Plus Insurance** | TBD |

**Total** $162,500

Net back pay losses will be calculated by deducting Plaintiff's actual earnings from his termination date to the present.

| | |
|---|---|
| Gross Future lost earnings:<br>$ 75,000.00 per year x 5 years | $375,000 |

- Net future lost earnings will be calculated by Deducting future estimated earnings from her last earnings rate at Defendant.

| | |
|---|---|
| Compensatory Damages | $40,000 |
| Prejudgment and Postjudgment Interest | At the maximum rate allowed by law |
| Attorneys' Fees to date | $ 10,000+<br>or per contingent fee contract |
| Court Costs | $ 2,500+ |

**INTERROGATORY NO. 16:**

Describe specifically and in detail all steps you have taken in an effort to mitigate the damages or any of the damages which you claim to have suffered as a result of any act or omission by or on behalf of Defendant.

**RESPONSE:**

Plaintiff applied for many jobs. Some are listed below.

Navarro College;

Indeed EEO Investigator

Tarrant County College- Employee Relations Position

UT Southwestern

Dallas College

UT Tyler

Respectfully Submitted,

**KILGORE & KILGORE, PLLC**

By: *W. D. Masterson*

W.D. Masterson
SBN: 13184000
wdm@kilgorelaw.com
3141 Hood Street Suite 500
Dallas, Texas 75219
(214) 969-9099 - Telephone
(214) 953-0133 - Facsimile

**ATTORNEYS FOR PLAINTIFF LEIGH HOLLAND**

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing document has been served upon the following counsel of record in accordance with the Federal Rules of Civil Procedure on June 27, 2024:

Eva W. Turner
OGLETREE, DEAKINS
8117 Preston Road, Suite 500
Dallas, TX 75225
eva.turner@ogletree.com

Molly Ann Lawrence
OGLETREE, DEAKINS
8117 Preston Road, Suite 500
Dallas, TX 75225
mollyann.lawrence@ogletree.com

*W. D. Masterson*

W. D. Masterson

# EXHIBIT E

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **LEIGH HOLLAND** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **TEXAS CHRISTIAN UNIVERSITY** | § | **CIVIL ACTION NO.: 4:24-cv-00289-O** |
| | § | |
| | § | |
| ***Defendant.*** | § | |

**PLAINTIFF'S RESPONSES TO DEFENDANT'S**
**FIRST REQUEST FOR PRODUCTION OF DOCUMENTS**

Pursuant to the Federal Rules of Civil Procedure, Plaintiff Leigh Holland ("Plaintiff" or "Holland") responds to Defendant's first request for document production as follows:

**<u>Objections Applicable to All Requests</u>**

A. Plaintiff objects to the Definitions and Instructions and each request on the basis of the attorney-client privilege to the extent Defendants seek discovery of confidential communications between Plaintiff and his attorneys or information that is otherwise protected by the attorney-client privilege.

B. Plaintiff objects to the Definitions and Instructions and each request on the basis of the work-product doctrine to the extent Defendants seek documents that are protected by the work-product doctrine, i.e., documents prepared in anticipation of litigation or for trial by or for Plaintiff or her representatives, or documents that contain or reflect the mental impressions, conclusions, opinions, or legal theories of Plaintiff's attorneys or other representatives concerning this or any other litigation.

C. Plaintiff objects to the Definitions and Instructions and each request to the extent Defendants seek to impose obligations different than or in addition to those provided by the Federal Rules of Civil Procedure.

D. Plaintiff objects to the Definitions and Instructions and each request to the extent Defendants seek to gain documents and information about anything outside the scope of the Petition.

E. Plaintiff objects to the Definitions and Instructions and each request to the extent that (a) they seek information which is not relevant to the claims and issues in this action, and that (b) they are not reasonably calculated to lead to the discovery of admissible evidence.

Plaintiff has no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 10:**
All correspondence, communications, or other documents, including e-mails, text messages, and voicemails between or among you or any other person and any other person in which Defendant or any related person or entity is mentioned, and in which the subject matter of your claims is mentioned, including any tape recordings and transcriptions thereof.

**RESPONSE:**
See documents produced, including emails. Also see recording produced.

**REQUEST FOR PRODUCTION NO. 11:**
All documents, photographs, slides, negatives, motion pictures, videotapes, or other visual reproduction relating to the subject matter of this lawsuit or to the damages claimed by you herein.

**RESPONSE:**
See audio recording produced.

**REQUEST FOR PRODUCTION NO. 12:**
All documents which evidence, describe, concern, or otherwise relate to the allegations in your Complaint.

**RESPONSE:**
See documents produced. See Holland 1-60.

**REQUEST FOR PRODUCTION NO. 13:**
All documents regarding other legal disputes, civil or criminal, in which you have been involved in which you have been involved as a party including, but not limited to, divorce and bankruptcy records, including any and all judgments and settlement agreements.

**RESPONSE:**
Plaintiff has no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 14:**
Produce a copy of each posting you made, and each posting any other person made, to your social media or other online account including but not limited to Instagram, SnapChat, Facebook, TikTok, Twitter/X, LinkedIn, or any other networking site or other internet-based chat forums or community groups since January 1, 2017.

**RESPONSE:**
Plaintiff has not posted anything on social media regarding this case. Plaintiff has no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 15:**
With respect to the social networking sites, public blogs, email or web-based communication services (i.e. instant messages, chat rooms, web logs ("blogs")) identified in response to Defendant's Interrogatories, please produce electronic copies of:

a. your complete profile on Facebook, Instagram, TikTok LinkedIn, Twitter/X, Classmates, and all others (including all updates, changes, or modification to your profiles), and all status updates, messages, wall comments, cause(s) joined, groups joined, activity streams, blog entries, details, blurbs, comments, and applications which support, tend to support, refute, tend to refute, or relate to your claims or damages alleged in this lawsuit. With respect to any Facebook account you may have, we request a copy of your Facebook account as provided through the "Download Your Information" functions. See below;

b. all photographs or videos posted by you, by anyone on your behalf, or photographs which you have been "tagged" on Facebook or any other social networking platform which support, tend to support, refute, tend to refute, or relate to your claims or damages alleged in this lawsuit; and

c. copies of your emails, email forwards, replies to emails, instant messages, chat room posts, web log/blog entries, or comments that concern, tend to support, refute, tend to refute, or relate to your claims or damages alleged in this lawsuit, including any information regarding stressors that would cause and/or exacerbate an emotional injury including, but not limited to, family issues, financial issues, health issues, and others.

To the extent electronic copies are not available, please provide the documents in hard copy form. With respect to any Facebook account you may have, there is an application associated with some accounts that will let you download information you have posted, easily entitled "Download Your Information," that allows you to obtain a copy of the data you have put on Facebook. To do this, log into your Facebook account using your email and personal password. From there, click on the arrow in the top right of the menu bar which displays a dropdown menu. Go to "Settings," then click "Your Facebook Information" on the left-hand side. Then click the "View" link in the "Access Your Information" row; click "Download Your Information;" then click "Create File." Facebook will then create a copy of your information and allow you to download it.

**RESPONSE:**
Plaintiff has not posted anything on social media regarding this case. Plaintiff has no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 16:**
Any and all documents that relate to, support, tend to support, refute, or tend to refute Plaintiff's allegation of FMLA discrimination.

**RESPONSE:**

See documents produced. See Holland 8-16.

**REQUEST FOR PRODUCTION NO. 17:**
All documents and materials relating to your "serious health condition"(s) alleged in your Complaint.

**RESPONSE:**
See response to number 16.

**REQUEST FOR PRODUCTION NO. 18:**
Any and all documents that relate to, support, tend to support, refute, or tend to refute Plaintiff's allegation of FMLA interference.

**RESPONSE:**
Plaintiff has no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 19:**
All personnel records, payroll records, application for employment and pre-employment documentation, forms, time and attendance records, leave of absence or time off records, performance reviews, disciplinary records, termination or resignation notice, medical records, and claim for damages or injuries concerning you and any employers for whom you have worked from your separation from Defendant until now.

**RESPONSE:**
See documents produced. Also see W-2s, emails and paystubs.

**REQUEST FOR PRODUCTION NO. 20:**
All documents relating to or evidencing your efforts to seek employment with any other organization since your separation from Defendant.

**RESPONSE:**
See paystubs and offer letter.

**REQUEST FOR PRODUCTION NO. 21:**
Any and all recordings, whether audio or video, or other electronic messages or recordings of any kind containing information that refers to or relates in any way to your employment with Defendant and/or allegations in this litigation or Defendant's defenses. Also, please produce any existing transcription of any such recordings.

**RESPONSE:**
See recording produced.

**REQUEST FOR PRODUCTION NO. 22:**
Defendant requests that Plaintiff execute and return to Defendant's counsel the Texas Workforce Commission Authorization that is attached hereto.

**RESPONSE:**
Plaintiff will produce.

**REQUEST FOR PRODUCTION NO. 23:**

Defendant requests that Plaintiff execute and return to Defendant's counsel the Internal Revenue Service Form 4506 that is attached hereto.

**RESPONSE:**
See authorization produced.

**REQUEST FOR PRODUCTION NO. 24:**
Defendant requests that Plaintiff execute and return to Defendant's counsel the Social Security Administration Request for Earnings Information -- Form SSA-7050-F4 that is attached hereto.

**RESPONSE:**
See authorization produced.

**REQUEST FOR PRODUCTION NO. 25:**
Defendant requests that Plaintiff execute and return to Defendant's counsel the Social Security Administration Consent For Release of Information – Form SSA-3288 that is attached hereto.

**RESPONSE:**
See authorization produced.

**REQUEST FOR PRODUCTION NO. 26:**

Defendant requests that Plaintiff execute and return to Defendant's counsel the Employment and Educational Records Authorization that is attached hereto.

**RESPONSE:**
See authorization produced.

**REQUEST FOR PRODUCTION NO. 27:**
Defendant requests that Plaintiff execute and return to Defendant's counsel both of the Authorization for Release of Medical Records & Information forms that are attached hereto.

**RESPONSE:**
Plaintiff will produce.

**REQUEST FOR PRODUCTION NO. 28:**

All documents not already produced that refer to, reflect, or relate in any way to your method of calculating your claimed damages, the amount of those damages, and the factual basis for your claimed damages.

**RESPONSE:**
See documents produced.

**REQUEST FOR PRODUCTION NO. 29:**
Any agreement between you and any attorney evidencing your obligation, if any, to pay attorneys' fees.

**RESPONSE:**
Plaintiff has no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 30:**
All bills, invoices, statements, or other requests for payment, together with all attachments and supporting documentation, reflecting charges for the time or service of any expert who may be called as a witness at trial.

**RESPONSE:**
Plaintiff has not yet retained an expert and has no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 31:**
All contracts or other written agreements entered into by and between you and any expert who may be called as a witness at trial.

**RESPONSE:**
See response to number 30.

**REQUEST FOR PRODUCTION NO. 32:**
All statements, studies, reports, and other data used in the preparation of any reports conducted by any expert or expert witness whom you intend to call to testify in connection with this case.

**RESPONSE:**
See response to 30.

**REQUEST FOR PRODUCTION NO. 33:**
All documents, including medical records and reports, created, authored, or reviewed by each person you identified as having knowledge of relevant facts in your Answers to Interrogatories or Responses to Disclosures.

**RESPONSE:**
Plaintiff has no documents responsive to this request at this time.

**REQUEST FOR PRODUCTION NO. 34:**
All documents you have reviewed in preparing responses or identified in response to any Interrogatories served to you in this matter by Defendant.

**RESPONSE:**
See documents produced. See Holland 1-60.

**REQUEST FOR PRODUCTION NO. 35:**
All documents regarding, concerning, or otherwise relating to any complaint you have made about Defendant to anyone including, but not limited to, any agencies, and any individuals you have disclosed in this Lawsuit about having knowledge of relevant facts.

**RESPONSE:**
Plaintiff has not complained about Defendant to any outside party. Plaintiff has no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 36:**
Please produce any and all documents that support your allegation that "Plaintiff made good faith efforts to submit all respective medical certifications for her FMLA leave" as alleged in Paragraph 5.05 of the Complaint.

**RESPONSE:**
Plaintiff processed these documents with Martha Gonzalez. Plaintiff does not have copies.

**REQUEST FOR PRODUCTION NO. 37:**
Please produce any and all documents that support your allegation that your therapist "advised Plaintiff to take some extended time off to get her mental health under control" as alleged in Paragraph 4.17 of the Complaint.

**RESPONSE:**
See documents produced. See Holland 47.

**REQUEST FOR PRODUCTION NO. 38:**
Please produce any and all documents that support your allegation that "Plaintiff is under the continuing care of her physicians for treatment" as alleged in Paragraph 5.04 of the Complaint.

**RESPONSE:**
See response to number 37.

**REQUEST FOR PRODUCTION NO. 39:**
Any and all documents that relate to, support, tend to support, refute, or tend to refute Plaintiff's allegation of FMLA retaliation.

**RESPONSE:**
See documents produced and recording.

**REQUEST FOR PRODUCTION NO. 40:**
Please produce any and all pictures, photographs, cards, invitations, or other documents that evidence any parties, celebrations, or other social gatherings you attended related to the end of your employment with Defendant.

**RESPONSE:**
Plaintiff has no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 41:**
Please produce any and all documents that support your allegation of a "period of incapacity of over three days, which required treatment by physicians and prescription medications" as alleged in Paragraph 5.04 of the Complaint.

**RESPONSE:**
See documents produced. Also see Holland 47.

**REQUEST FOR PRODUCTION NO. 42:**
Please produce any and all documents that support your allegation that Defendant willfully violated the FMLA as alleged in Paragraph 5.08 of the Complaint.

**RESPONSE:**
See documents produced. Also see Holland 8-12.

**REQUEST FOR PRODUCTION NO. 43:**
All medical records, appointment cards, letters, notes, billing statements, correspondence, forms, reports, insurance claim forms and other documents evidencing or otherwise relating to, and/or evidencing any medical treatment, counseling, or care that you have received or sought by any physician, psychiatrist, psychologist, counselor, therapist, faith healer, hospital, clinic or other health care provider, related to any medical condition(s) alleged or referenced in your Complaint.

**RESPONSE:**
See medical authorization produced.

**REQUEST FOR PRODUCTION NO. 44:**
All medical records, appointment cards, letters, notes, billing statements, correspondence, forms, reports, insurance claim forms and other documents evidencing or otherwise relating to, and/or evidencing any medical treatment, counseling, or care that you have received or sought by any physician, psychiatrist, psychologist, counselor, therapist, faith healer, hospital, clinic or other health care provider, related to any mental anguish or emotional distress alleged in your lawsuit.

**RESPONSE:**
See response to number 43.

**REQUEST FOR PRODUCTION NO. 45:**
All income tax returns, Form W-2s, Form W-4s, Form 1099s, financial summaries, or other written materials pertaining to any compensation, benefits, or wages that you have earned or received from any source for the years 2019 to the present.

**RESPONSE:**
See documents produced. See W-2s and tax authorization produced.

**REQUEST FOR PRODUCTION NO. 46:**
Any and all documents pertaining to the pursuit and/or receipt of unemployment compensation, workers' compensation, Social Security benefits, retirement, or other governmental benefits by you since the beginning of your employment with Defendant, including, but not limited to, benefit

applications, claim forms, benefit summaries, administrative proceeding materials before appeal referees or tribunals, and/or court proceedings relating to such benefits.

**RESPONSE:**
Plaintiff did not file for unemployment. Plaintiff has no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 47:**
All documents pertaining to any and all insurance, retirement, health, and/or welfare benefits that you have received from any employer since your hire by Defendant, including but not limited to health insurance, life insurance, vacation, bonuses, thrift plans, stock options, and any other benefit of employment resulting in monetary or other financial gain to you.

**RESPONSE:**
See documents produced. Also, see checkstubs produced.

**REQUEST FOR PRODUCTION NO. 48:**
All documents regarding, concerning, or otherwise relating to the reason for any period of unemployment subsequent to your separation of employment with Defendant. This includes a request for all medical records, notes, or letters evidencing a medical or health-related reason for your inability to gain or maintain employment.

**RESPONSE:**
Plaintiff has no documents responsive to this request.

**REQUEST FOR PRODUCTION NO. 49:**
All documents which reflect the formation, registration, or operation of your small business(es) – including whether solely owned or partly owned by you – since 1998 to the present.

**RESPONSE:**
See documents produced. Also see documents beginning at Holland 61.

**REQUEST FOR PRODUCTION NO. 50:**
Please produce any and all documents that support, tend to support, or otherwise evidence your attempts, if any, to mitigate the damages claimed by you in this lawsuit.

**RESPONSE:**
See documents produced. Also see emails, checkstubs and offer letters produced.

Respectfully submitted,

**KILGORE & KILGORE, PLLC**

By W. D. Masterson

W.D. Masterson
SBN: 13184000
wdm@kilgorelaw.com
3141 Hood Street, Suite 500
Dallas, Texas 75219
(214) 969-9099 - Telephone
(214) 953-0133 - Facsimile

**ATTORNEYS FOR PLAINTIFF, LEIGH HOLLAND**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing document has been served upon the following counsel of record in accordance with the Federal Rules of Civil Procedure on June 27, 2024:

Eva W. Turner
OGLETREE, DEAKINS
8117 Preston Road, Suite 500
Dallas, TX 75225
eva.turner@ogletree.com

Molly Ann Lawrence
OGLETREE, DEAKINS
8117 Preston Road, Suite 500
Dallas, TX 75225
mollyann.lawrence@ogletree.com

W. D. Masterson

W. D. Masterson

EXHIBIT F

Ogletree Deakins

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
*Attorneys at Law*
8117 Preston Road, Suite 500
Dallas, TX 75225
Telephone: 214-987-3800
Facsimile: 214-987-3927
www.ogletree.com

Molly Ann Lawrence
mollyann.lawrence@ogletree.com

December 11, 2024

***VIA E-MAIL***
W.D. Masterson
KILGORE & KILGORE, PLLC
3141 Hood St., Ste. 500
Dallas, TX 75214
wdm@kilgorelaw.com

**RE: Materials Identified in Plaintiff's Deposition; Forthcoming Discovery-Related Motion; Deposition of Plaintiff's Counselor;** *Leigh Holland v. Texas Christian University*, Civil Action No. 4:24-cv-00289-O pending in the U.S. District Court for the Northern District of Texas – Fort Worth Division

Dear Counsel:

As you know, Defendant Texas Christian University ("Defendant") served its first set of written discovery requests to Plaintiff on April 23, 2024.[1] Plaintiff's written responses served on June 27, 2024, were untimely and, appropriately, did not contain objections. The following responsive discovery materials were identified by Plaintiff during her deposition on November 6, 2024, yet Plaintiff has not supplemented her written responses or document production:

- documents and communications from, to, or otherwise involving or between any of Plaintiff (or someone on her behalf), Moses Chism, Jr. (or someone on his behalf), and/or Unum regarding Plaintiff's request for leave or other benefits related to her alleged serious health condition;
- records reflecting any evaluation, treatment, or counseling of Plaintiff related to the alleged serious health condition made the basis of her claims, including financial records, billing records, invoices, payment records, appointment documents, claim forms, prescriptions, care logs, notes, assignments, recommendations, referrals, or any other relevant record;
- all invitations, pictures, photographs, or other documents that evidence any parties, celebrations, or other social gatherings Plaintiff attended related to the end of her employment with Defendant;
- a copy of each posting Plaintiff or any other person made to Plaintiff's social media or other online account, including Instagram, during or after the period of leave made the basis of her claims;

[1] Specifically, *Defendant Texas Christian University's First Set of Requests for Production to Plaintiff* and *Defendant Texas Christian University's First Set of Interrogatories to Plaintiff*.

- all correspondence, communications, or other documents between or among Plaintiff and current or former employees of Defendant related to or otherwise evidencing Plaintiff's factual allegations in this lawsuit;
- all documents evidencing Plaintiff's efforts to mitigate her alleged damages claimed in this matter, including her employment search efforts;
- all personnel records concerning Plaintiff and any employer for whom she has worked from the time of her separation from Defendant until now, including pre-employment documentation, performance reviews, termination or resignation notice, accommodation requests and other accommodation related communications and documents, medical records, time and attendance records, leave of absence or time off records;
- all documents pertaining to any and all insurance, retirement, and/or health benefits Plaintiff has received from any employer since her hire by Defendant, including but not limited to health insurance, life insurance, and vacation;
- all income tax returns, financial summaries, or other materials pertaining to any compensation Plaintiff earned or received from any source (including sole proprietorships, LLCs, and/or any commercial enterprise or other business in which Plaintiff was or is involved) for the years 2019 to the present; and
- all documents which reflect the formation, registration, or operation of Plaintiff's small businesses – whether solely owned or partly owned by her – since 1998 to the present.

Each of these materials were requested in Defendant's First Set of Requests for Production to Plaintiff served on April 23, 2024, including but not limited to Request Nos. 4, 8, 10, 12, 14, 15, 17, 19, 20, 21, 28, 29, 33, 36, 37, 38, 40, 43, 44, 45, 47, 49, and 50. Plaintiff is obligated to timely supplement her discovery responses. She has not done so.[2] I additionally note I conferred with you regarding perceived deficiencies in Plaintiff's discovery responses on several occasions leading up to Plaintiff's deposition, including written correspondence dated July 29, 2024, October 22, 2024, and October 29, 2024, and was assured no responsive information was withheld or otherwise outstanding. In light of the foregoing, Defendant is now forced to file a motion seeking relief from the Court in the form of compelling the responsive materials or appropriately restricting Plaintiff from benefitting from her failure to produce responsive information in a timely manner.

[2] Notably, Plaintiff mentioned or otherwise vaguely referenced several health care providers during her deposition, yet the only health care provider identified in her disclosure responses and interrogatory answers is Moses Chism, Jr. (LPC-S). *See, e.g.*, Plaintiff's First Amended Disclosures at Rule 26(a)(1)(A)(i) and Plaintiff's answer to Interrogatory No. 8 (seeking identification of every health care provider with whom Plaintiff has consulted or from whom she has received treatment and/or diagnosis related to the alleged serious health condition claimed by her in this lawsuit). **Based on Plaintiff's failure to supplement her discovery responses to include identification of any of the health care providers mentioned in her deposition, Defendant is left to conclude that Plaintiff takes the position those providers are not relevant to her claims. Please let me know immediately and by no later than tomorrow at 10:30 a.m. if that is not the case.**

Please let me know whether Plaintiff is opposed to such a motion. If I do not hear from you by tomorrow at 10:30a, I will file the motion as opposed.

Finally, in follow-up to my last correspondence to you preceding mediation, I have asked to depose Plaintiff's counselor, Moses Chism, Jr. (LPC-S). As of yet, Mr. Chism has not responded to my request that he identify dates he can be available for deposition. Plaintiff listed Mr. Moses as a person with knowledge in her disclosure responses and as a possible witness Plaintiff intends to call at trial. We would appreciate your assistance in obtaining his deposition availability so we do not have to seek the Court's involvement on that front.

Thank you,

*/s/ Molly Ann Lawrence*

Molly Ann Lawrence

cc: Eva W. Turner *(Of the Firm)*

# EXHIBIT G

**Lawrence, Molly Ann**

| | |
|---|---|
| **From:** | Rebecca LeGrand <rlb@kilgorelaw.com> |
| **Sent:** | Tuesday, October 29, 2024 3:19 PM |
| **To:** | Lawrence, Molly Ann; Bill Masterson |
| **Cc:** | Turner, Eva W. |
| **Subject:** | RE: Final Attempt to Confer; Holland v. TCU [ODNSS-OGL] |
| **Attachments:** | Medical Authorization signed.pdf |

***[Caution: Email received from external source]***

Molly,

Ms. Holland signed a medical authorization form which I sent to you previously on June 27 and attached hereto which has “ICC, Inc.” as the Organization name you were submitting the authorization to. Moses Chism is the counselor.

Plaintiff has no other documents in her possession at this time regarding Unum or her medical documents.

KILGORE LAW

**Rebecca LeGrand**
**Paralegal to W. D. Masterson**

rlb@kilgorelaw.com
214.379.0816 Direct
214.379.0845 Fax
kilgorelaw.com

Kilgore & Kilgore PLLC
3141 Hood Street, Suite 500
Dallas, Texas 75219

Best Lawyers BEST LAW FIRMS U.S.News & World Report 2023
Expertise.com Best Employment Lawyers in Dallas 2023
BEST LAW FIRMS RANKED BY Best Lawyers UNITED STATES 2024

Confidential communication prepared by an attorney. Privilege review required. This communication is intended solely for the addressee. Any unauthorized review, use, disclosure or distribution is prohibited. If you believe this message has been sent to you in error, please notify the sender by replying to this transmission and delete the message without disclosing it. Thank you.

---

**From:** Lawrence, Molly Ann <mollyann.lawrence@ogletree.com>
**Sent:** Tuesday, October 29, 2024 2:38 PM
**To:** Bill Masterson <wdm@kilgorelaw.com>; Rebecca LeGrand <rlb@kilgorelaw.com>
**Cc:** Turner, Eva W. <Eva.Turner@ogletreedeakins.com>
**Subject:** Final Attempt to Confer; Holland v. TCU [ODNSS-OGL]
**Importance:** High

Counsel,

I have attempted to confer with you several times regarding certain documents requested by Defendant, but you have not responded. Plaintiff's ongoing failure to respond to these items falls short of her obligation to participate cooperatively in discovery. Please respond to the following by no later than tomorrow morning. If you do not respond, I will have no choice but to involve the Court.

Plaintiff asserts FMLA claims in this matter, but to date she has produced no health care records with the exception of one note from a counselor, Moses Chism. **Has Plaintiff produced the entirety of her health care records in her custody or control which evidence or otherwise concern the alleged health condition(s) and damages she alleges in this matter?**

Relatedly and as identified previously, I am in receipt of Plaintiff's Oct. 21 production of an item of correspondence from Unum Absence Management dated March 31, 2023 that references Leave Number NTN-77333-ABS-01 and Claim Number NTN-77333-GDC-02. **Please supplement all other correspondence in Plaintiff's custody or control to, from, or involving Unum and relating to her employment with TCU**. These documents are responsive to Defendant's Requests for Production, including but not limited to Request Nos. 2, 12, 16-18, 43, 44, and 47.

Plaintiff has had ample to time to produce these documents. Please supplement immediately.

Thank you,

**Molly Ann Lawrence | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-5864
mollyann.lawrence@ogletree.com | www.ogletree.com | Bio

---

**From:** Lawrence, Molly Ann
**Sent:** Friday, October 25, 2024 5:24 PM
**To:** 'Bill Masterson' <wdm@kilgorelaw.com>; 'Rebecca LeGrand' <rlb@kilgorelaw.com>
**Cc:** Turner, Eva W. <Eva.Turner@ogletreedeakins.com>
**Subject:** RE: Holland v. TCU [ODNSS-OGL]

Good afternoon Bill and Rebecca,

I am following up on the highlighted portions of my earlier correspondence. Please respond.

Thanks,

**Molly Ann Lawrence | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-5864
mollyann.lawrence@ogletree.com | www.ogletree.com | Bio

---

**From:** Lawrence, Molly Ann
**Sent:** Tuesday, October 22, 2024 11:27 AM
**To:** Bill Masterson <wdm@kilgorelaw.com>; Rebecca LeGrand <rlb@kilgorelaw.com>
**Cc:** Turner, Eva W. <Eva.Turner@ogletreedeakins.com>
**Subject:** RE: Holland v. TCU [ODNSS-OGL]

Bill and Rebecca,

Defendant has been trying to get a protective agreement in place so it can produce documents to you since September 16, the date the Court declined to enter the parties' proposed protective order and indicated the parties should enter into an agreement among themselves. *See* Dkt. 15 (Order stating that the Court "routinely declines to convert an agreement of the parties into a court order" and that "during the discovery stage, the parties may agree to any confidentiality or discovery-related contract among themselves without devoting judicial resources to the matter.").

The protective order you forwarded on Sunday ("MO62A-ProtectiveOrder.pdf") is Appendix A to the Second Amended Miscellaneous Order No. 62 regarding management of **patent cases**. Order 62A is linked here for your reference: https://www.txnd.uscourts.gov/sites/default/files/orders/misc/Misc62-3.pdf .

Paragraph 16 of the 62A form appears geared toward a patent case and, moreover, contemplates use within a judicial order. Judge O'Connor made clear his expectation that Plaintiff and Defendant enter into a discovery agreement among themselves without using judicial resources. **If you will strike out or otherwise remove Paragraph 16 and provide a signed copy *in agreement form*** (i.e., replace "Order" with "Agreement" and add signature blocks for each party) **by Weds., Oct. 23 at 10:00 a.m., Defendant will agree to reset Plaintiff's deposition to a mutually agreeable date to occur on or before November 8 in order to accommodate Plaintiff's request to reset the deposition.** Accordingly, when you return the signed agreement, **please identify Plaintiff's availability to appear for deposition in your office during that date range**.

If Plaintiff does not comply, we need to proceed with the deposition as planned. I note with some frustration that over the course of the last month, I proposed two protective agreements with standard terms, each of which Plaintiff went back and forth on, agreeing to the terms and then withdrawing her agreement by reason of purportedly unacceptable terms *that Plaintiff now proposes via the 62A form*. Plaintiff's ongoing refusal to agree to standard terms that now appear in her proposed form – coupled with Plaintiff's failure to provide any redlined revisions to either proposed agreement I provided and counsel's failure to participate in an attorney conference despite my invitations to confer in order to reach resolution – creates an appearance of intentional delay. Of course, I hope that is not the case and the parties can now finally enter into a protective agreement and move forward with this case.

Relatedly, I am in receipt of Plaintiff's supplemental production of documents served yesterday (Holland 107-114). Plaintiff's production is an item of correspondence from Unum Absence Management dated March 31, 2023 and references Leave Number NTN-77333-ABS-01 and Claim Number NTN-77333-GDC-02. **Please supplement all other correspondence in Plaintiff's custody or control to, from, or involving Unum and relating to her employment with TCU by Friday**. These documents are responsive to Defendant's Requests for Production, including but not limited to Request Nos. 2, 12, 16-18, 43, 44, and 47.

Has Plaintiff produced the entirety of the health care records in her custody or control which evidence or otherwise concern the alleged health condition(s) and damages she alleges in this matter? **Please respond yes or no by the end of the week. If she has not, please immediately supplement her production.** Defendant is entitled to those records, if any

exist, in sufficient advance of her deposition, and she has had ample time to supplement following the deficiency letter I served to your office on July 29.

Defendant is willing to identify dates for a corporate representative deposition, but first Plaintiff must provide a list of requested topics so we can identify an appropriate person or persons to testify. Please forward a list of topics when you are ready.

Finally, **please kindly direct me to Plaintiff's production of documents constituting Holland 073-106**. Plaintiff produced up to Holland 072 on August 30, 2024, and produced Holland 107-114 on October 21. Please confirm whether Plaintiff produced documents numbered 073-106, and if so on what date(s) so that I may locate them.

Thank you,

**Molly Ann Lawrence | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-5864
mollyann.lawrence@ogletree.com | www.ogletree.com | Bio

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

[redacted]

**Lawrence, Molly Ann**

**From:** Lawrence, Molly Ann
**Sent:** Friday, August 30, 2024 10:41 AM
**To:** Bill Masterson; Katelynn Nolen; Carla J. Scheetz
**Cc:** Rebecca LeGrand
**Subject:** RE: Leigh Holland v. Texas Christian University [ODNSS-OGL]

Good morning,

The two pages Ms. Holland produced cannot possibly constitute her complete employment file with Dallas College, and are not a sufficient replacement for a signed authorization. For instance, Defendant needs to review Ms. Holland's employment application, offer and acceptance correspondence, payroll records, any disciplinary records, etc. These records are necessary for determination of Ms. Holland's alleged damages.

To date, Ms. Holland has produced one pay stub from Dallas College, dated March 27, 2024. It is now August 30, 2024. She is obligated to timely supplement, but has failed to do so.

Despite asserting FMLA claims, Ms. Holland has failed to produce healthcare records evidencing treatment, counseling, or care related to her alleged condition(s) referenced in the Complaint. I've informed your office that Holland 047, explicitly referenced in several of Plaintiff's written discovery responses, is a blank page, yet your office has not responded.

Ms. Holland is obligated to produce responsive records in her custody and control, and to do so in a timely manner, yet **this information has been outstanding for more than three months**. We will have to involve the Court if your office does not resolve these issues immediately. As mentioned, I've sent several deficiency communications over the last months, but these issues remain unresolved. I am available for a conference call on Tues., Sept. 3 from 10a-11:30 and 1:30-5:30p and Weds., Sept. 4 between 9:30a-1:30p. Please confirm a time that works so I may reserve it.

Thank you,

**Molly Ann Lawrence | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-5864
mollyann.lawrence@ogletree.com | www.ogletree.com | Bio

---

**From:** Katelynn Nolen <kmn@kilgorelaw.com>
**Sent:** Friday, August 30, 2024 9:05 AM
**To:** Lawrence, Molly Ann <mollyann.lawrence@ogletreedeakins.com>; Carla J. Scheetz <CJS@kilgorelaw.com>
**Cc:** Bill Masterson <wdm@kilgorelaw.com>; Rebecca LeGrand <rlb@kilgorelaw.com>
**Subject:** RE: Leigh Holland v. Texas Christian University [ODNSS-OGL]

***[Caution: Email received from external source]***

---

Hi Molly Ann-
I just spoke with Rebecca and she asked me to send you the attached document, Plaintiff's employment file with Dallas College, in lieu of the signed authorization. I have bates labeled it as Holland 071-072. Rebecca will be back in the office next week and will be in touch with you then to discuss further if necessary. Thank you!

KILGORE LAW

**Katelynn Nolen**
**Paralegal to Robert E. Goodman, Jr.**

**kmn@kilgorelaw.com**
**214.379.0821 Direct**
**214.379.0840 Fax**
kilgorelaw.com

Kilgore & Kilgore, PLLC
3141 Hood St. Suite 500
Dallas, TX 75219

***Confidential Communication: Prepared by an Attorney: Privilege review required.***

*This communication is intended solely for the addressee. Any unauthorized review, use, disclosure Is prohibited. If you believe this message has been sent to you in error, please notify the sender by replying to this transmission and delete the message without disclosing it. Thank you.*

---

**From:** Lawrence, Molly Ann <mollyann.lawrence@ogletree.com>
**Sent:** Thursday, August 29, 2024 5:12 PM
**To:** Carla J. Scheetz <CJS@kilgorelaw.com>; Katelynn Nolen <kmn@kilgorelaw.com>
**Cc:** Bill Masterson <wdm@kilgorelaw.com>
**Subject:** FW: Leigh Holland v. Texas Christian University [ODNSS-OGL]

Good afternoon,

Per instruction in Rebecca LeGrand's out of office message (attached), I am forwarding the below correspondence requiring immediate assistance. Please respond.

Thank you,

**Molly Ann Lawrence | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-5864
mollyann.lawrence@ogletree.com | www.ogletree.com | Bio

---

**From:** Lawrence, Molly Ann
**Sent:** Thursday, August 29, 2024 5:05 PM
**To:** 'Rebecca LeGrand' <rlb@kilgorelaw.com>; 'Bill Masterson' <wdm@kilgorelaw.com>
**Subject:** FW: Leigh Holland v. Texas Christian University [ODNSS-OGL]

Good afternoon Bill and Rebecca,

I have yet to receive Plaintiff's signed records authorization for employment records from Dallas College. Is Plaintiff refusing to return the authorization, or can I expect it by in the near future and by no later than Sept. 4?

Please note this is at least my fifth attempt to resolve this issue. Please let me know either way.

Thank you,

**Molly Ann Lawrence | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-5864
mollyann.lawrence@ogletree.com | www.ogletree.com | Bio

---

**From:** Lawrence, Molly Ann
**Sent:** Monday, August 12, 2024 12:22 PM
**To:** Rebecca LeGrand <rlb@kilgorelaw.com>; Bill Masterson <wdm@kilgorelaw.com>
**Cc:** Turner, Eva W. <Eva.Turner@ogletreedeakins.com>; McCracken, Theresa <theresa.mccracken@ogletreedeakins.com>; Willis, Kanada V. <kanada.willis@ogletreedeakins.com>; Miller, Shannon L. <Shannon.Miller@ogletreedeakins.com>
**Subject:** RE: Leigh Holland v. Texas Christian University [ODNSS-OGL]

Thank you, Rebecca. The Dallas College authorization is missing. When can we expect it?

Thank you,

**Molly Ann Lawrence | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-5864
mollyann.lawrence@ogletree.com | www.ogletree.com | Bio

---

**From:** Rebecca LeGrand <rlb@kilgorelaw.com>
**Sent:** Monday, August 12, 2024 10:29 AM
**To:** Lawrence, Molly Ann <mollyann.lawrence@ogletreedeakins.com>; Bill Masterson <wdm@kilgorelaw.com>
**Cc:** Turner, Eva W. <Eva.Turner@ogletreedeakins.com>; McCracken, Theresa <theresa.mccracken@ogletreedeakins.com>; Willis, Kanada V. <kanada.willis@ogletreedeakins.com>; Miller, Shannon L. <Shannon.Miller@ogletreedeakins.com>
**Subject:** RE: Leigh Holland v. Texas Christian University [ODNSS-OGL]

***[Caution: Email received from external source]***

---

Attached please find authorizations signed by Ms. Holland.

KILGORE LAW

**Rebecca LeGrand**

**Paralegal to W. D. Masterson**

rlb@kilgorelaw.com
214.379.0816 Direct
214.379.0845 Fax
kilgorelaw.com

Kilgore & Kilgore PLLC
3141 Hood Street, Suite 500
Dallas, Texas 75219

Confidential communication prepared by an attorney. Privilege review required. This communication is intended solely for the addressee. Any unauthorized review, use, disclosure or distribution is prohibited. If you believe this message has been sent to you in error, please notify the sender by replying to this transmission and delete the message without disclosing it. Thank you.

---

**From:** Lawrence, Molly Ann <mollyann.lawrence@ogletree.com>
**Sent:** Friday, August 9, 2024 5:31 PM
**To:** Rebecca LeGrand <rlb@kilgorelaw.com>; Bill Masterson <wdm@kilgorelaw.com>
**Cc:** Turner, Eva W. <Eva.Turner@ogletreedeakins.com>; McCracken, Theresa <theresa.mccracken@ogletreedeakins.com>; Willis, Kanada V. <kanada.willis@ogletreedeakins.com>; Miller, Shannon L. <Shannon.Miller@ogletreedeakins.com>
**Subject:** RE: Leigh Holland v. Texas Christian University [ODNSS-OGL]

If that is the case, we look forward to receiving complete responses by no later than EOD on Tuesday, August 20. Given that Plaintiff's responses were due nearly three months ago, Defendant will have to immediately file a motion to compel if she does not comply by that date.

I note that on July 30, my office provided a renewed set of employment authorizations for Ms. Holland to sign after she improperly completed the authorization served to her on April 23, 2024. Ample time has passed for your office to collect and return a signed copy. Since no substantive work is required to resolve that portion of Ms. Holland's existing discovery deficiencies, please return the signed forms to us as early as practicable next week so we may start the records collection process.

Thank you,

**Molly Ann Lawrence | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-5864
mollyann.lawrence@ogletree.com | www.ogletree.com | Bio

---

**From:** Rebecca LeGrand <rlb@kilgorelaw.com>
**Sent:** Friday, August 9, 2024 3:49 PM
**To:** Lawrence, Molly Ann <mollyann.lawrence@ogletreedeakins.com>; Bill Masterson <wdm@kilgorelaw.com>

**Cc:** Turner, Eva W. <Eva.Turner@ogletreedeakins.com>; McCracken, Theresa <theresa.mccracken@ogletreedeakins.com>; Willis, Kanada V. <kanada.willis@ogletreedeakins.com>; Miller, Shannon L. <Shannon.Miller@ogletreedeakins.com>
**Subject:** RE: Leigh Holland v. Texas Christian University [ODNSS-OGL]

***[Caution: Email received from external source]***

---

Molly Ann,

I have forwarded your letter to our client for her response. However, we will be in trial next week. We will not be able to work on this or respond until the week of August 19.

KILGORE LAW

**Rebecca LeGrand**
**Paralegal to W. D. Masterson**

**rlb@kilgorelaw.com**
**214.379.0816 Direct**
**214.379.0845 Fax**
kilgorelaw.com

**Kilgore & Kilgore PLLC**
**3141 Hood Street, Suite 500**
**Dallas, Texas 75219**

Best Lawyers BEST LAW FIRMS U.S.News & World Report 2023
Expertise.com Best Employment Lawyers in Dallas 2023
BEST LAW FIRMS Ranked by Best Lawyers United States 2024

Confidential communication prepared by an attorney. Privilege review required. This communication is intended solely for the addressee. Any unauthorized review, use, disclosure or distribution is prohibited. If you believe this message has been sent to you in error, please notify the sender by replying to this transmission and delete the message without disclosing it. Thank you.

---

**From:** Lawrence, Molly Ann <mollyann.lawrence@ogletree.com>
**Sent:** Friday, August 9, 2024 1:49 PM
**To:** Bill Masterson <wdm@kilgorelaw.com>; Rebecca LeGrand <rlb@kilgorelaw.com>
**Cc:** Turner, Eva W. <Eva.Turner@ogletreedeakins.com>; McCracken, Theresa <theresa.mccracken@ogletreedeakins.com>; Willis, Kanada V. <kanada.willis@ogletreedeakins.com>; Miller, Shannon L.

<Shannon.Miller@ogletreedeakins.com>
**Subject:** FW: Leigh Holland v. Texas Christian University [ODNSS-OGL]

Good afternoon,

Defendant served the attached detailed deficiency correspondence to your office on July 29, 2024. The supplementation date identified in the letter (August 8) has come and gone, but I have not received supplemental or amended responses from Plaintiff or otherwise heard from you.

If Plaintiff does not remedy the deficiencies in her responses by close of business on August 15, we will need to involve the Court for assistance. To be clear, Defendant will be forced to file a motion to compel if Plaintiff does not comply with her discovery obligations, including return of properly completed employment authorization forms, by next Thursday. We hope that will not be necessary.

If you have any questions or would like to discuss, I presently have availability for a call on August 12 between 10:30a-4:00p or August 13 between 1:00p-3:00p. Please let me know if you'd like to reserve a time in those windows.

Thank you,

**Molly Ann Lawrence | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-5864
mollyann.lawrence@ogletree.com | www.ogletree.com | Bio

---

**From:** Sagui, Jessica A. <jessica.sagui@ogletreedeakins.com>
**Sent:** Monday, July 29, 2024 12:01 PM
**To:** wdm@kilgorelaw.com; rlb@kilgorelaw.com
**Cc:** Lawrence, Molly Ann <mollyann.lawrence@ogletreedeakins.com>; Turner, Eva W. <Eva.Turner@ogletreedeakins.com>; McCracken, Theresa <theresa.mccracken@ogletreedeakins.com>; Willis, Kanada V. <kanada.willis@ogletreedeakins.com>
**Subject:** Leigh Holland v. Texas Christian University

Mr. Masterson and Rebecca,

On behalf of Ms. Lawrence, please see the attached correspondence.

**Jessica A. Sagui | Practice Assistant | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-624-1156
jessica.sagui@ogletree.com | www.ogletree.com

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

*This transmission is intended only for the proper recipient(s). It is confidential and may contain attorney-client privileged information. If you are not the proper recipient, please notify the sender immediately and delete this message. Any unauthorized review, copying, or use of this message is prohibited.*

Ogletree Deakins

OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.
*Attorneys at Law*
8117 Preston Road, Suite 500
Dallas, TX 75225
Telephone: 214-987-3800
Facsimile: 214-987-3927
www.ogletree.com

Molly Ann Lawrence
Direct Dial: 214-692-5864
mollyann.lawrence@ogletree.com

July 29, 2024

**VIA E-MAIL**
W.D. Masterson
KILGORE & KILGORE, PLLC
3141 Hood St., Ste. 500
Dallas, TX 75214
wdm@kilgorelaw.com

**RE: Request for Amended/Supplemental Discovery Responses**
*Leigh Holland v. Texas Christian University*, Civil Action No. 4:24-cv-00289-O pending in the Northern District of Texas – Fort Worth Division

Counsel:

Thank you for the discovery responses served on behalf of Plaintiff Leigh Holland (hereinafter, "Plaintiff") in the above-referenced case on June 27, 2024. I am writing to address several deficiencies in Plaintiff's discovery responses which I hope you will resolve with your client. If you would like to confer further, please let me know your availability to participate in a telephone conference between July 29 - August 2, 2024.

As an initial matter, please remove Plaintiff's objections in their entirety and provide a complete response to any request on which Plaintiff was standing on her objection(s). Plaintiff's discovery responses were due on May 23, 2024. However, Plaintiff served her past-due responses on June 27, 2024. Plaintiff waived her discovery objections when she failed to timely respond.

Second, Plaintiff's answer to **Interrogatory No. 1** (seeking information about Plaintiff's attempts to secure employment with an employer other than Defendant since her hire by Defendant) is incomplete. Defendant is entitled to discovery of Plaintiff's attempts to secure employment with other employers during and after her period of employment with Defendant. The interrogatory is reasonably limited in time and the information sought is plainly relevant. Plaintiff glibly identifies six employers or potential employers, but failed to include specific information sought by the Interrogatory (for instance, the date of each employment application, the position applied for, and the salary and compensation promised). As you know, Plaintiff is obligated to provide a complete answer to each interrogatory and exert reasonable diligence to do so. Here, Plaintiff has not complied with her discovery obligations in her written response and did not direct Defendant to a Bates-range of documents from which the requested information can be gleaned. Please supplement Plaintiff's answer to provide a complete response with all information sought by Interrogatory No. 1, or direct

Defendant to the portions of Plaintiff's document production from which such information can be derived.

Please also supplement Plaintiff's answer to **Interrogatory No. 2**. Plaintiff failed to include each of her prior and/or current employers and omitted responsive information about each such as respective contact information, rate of pay, and her position. Defendant needs this information to properly solicit third party records. For instance, Plaintiff listed "Personal businesses- Vonsjourney" but failed to state the dates of her employment with "Vonsjourney" and the rate of pay associated therewith. Please supplement responsive information, or direct Defendant to the portions of Plaintiff's document production from which such information can be derived.

Plaintiff's answer to **Interrogatory No. 3** (regarding income or other financial support Plaintiff has received) is plainly erroneous. Plaintiff only states, "None." Her answer conflicts with other interrogatory answers she has provided, including that she is or was involved in personal businesses (Interrogatory No. 2) and is or was employed by Dallas College and Navarro College (Interrogatory No. 1). This information is important because it impacts the parties' respective damages evaluations. Please amend Plaintiff's answer immediately.

**Interrogatory No. 4** seeks identification of each person with knowledge pertaining to any fact or issue relevant to this case, including a description of the substance of which Plaintiff believes they have knowledge. Plaintiff's current answer identifies fourteen individuals, but fails to state whether Plaintiff presently expects to call them as witnesses at trial and also fails to identify documents which support or refutes Plaintiff's answer to this interrogatory. Please revisit Plaintiff's answer to Interrogatory No. 4 and provide a thorough answer that includes the information requested. This information is necessary so that Defendant may properly evaluate the need for further discovery and adequately prepare for witness depositions.

Please also review Plaintiff's answer to **Interrogatory No. 9**, which seeks identification of all experts Plaintiff intends to call to testify at trial and a description of the subject matter of each such expert's anticipated testimony, the facts and opinions to which each expert is expected to testify, and a summary of the grounds for the expert's opinion. Plaintiff sparsely identifies a responsive expert's name and certain contact information, but does not provide any information regarding his anticipated testimony. Similarly, in response to **Interrogatory No. 11** (seeking identification of each social network account Plaintiff has used since beginning employment with Defendant), Plaintiff confirmed that she has social media, but withholds her account information because she purportedly "did not post any information about this case." In this FMLA-based lawsuit, Plaintiff has alleged stress and put her mental health at issue. Accordingly, Defendant is entitled to discovery regarding Plaintiff's mental state and related topics that may be gleaned from her social media activity. Please supplement Plaintiff's answers to Interrogatory Nos. 9 and 11.

Next, Plaintiff's answer to **Interrogatory No. 15** (seeking information about Plaintiff's damages claim, including an explanation of how the amount for each damages category was calculated and a description of documentation which supports or refutes her answer) is incomplete and contains inaccurate information. Plaintiff alleges she earned $75,000 per year from Defendant and was terminated on May 21, 2022. That is not correct. To begin with, Plaintiff was terminated on May 2, 2023, and her annual pay rate at that time exceeded $75,000 per year. Additionally, Plaintiff

omitted to deduct her post-termination earnings to date from her calculation of back pay losses, and she did not explain how she calculated $40,000 in compensatory damages. Please revise Plaintiff's answer to Interrogatory No. 15 and supply clear, accurate information. Additionally, please supplement Plaintiff's answer to **Interrogatory No. 16** (regarding steps Plaintiff has taken to mitigate her alleged damages), which is starkly deficient. "*Plaintiff applied for many jobs. Some are listed below*" is an evasive, incomplete answer that does not reflect the diligence required of litigants by the discovery rules. Please update Plaintiff's answer and provide a detailed, thorough response.

Please also review and supplement Plaintiff's responses to Defendant's First Set of Requests for Production to Plaintiff, including **Request for Production No. 2**, **No. 4**, **No. 8**, **No. 10, No. 12, No. 14, No. 15, No. 16**, **No. 17**, **No. 19**, **No. 20, No. 26**, **No. 28**, **No. 29**, **No. 33**, **No. 37** (in response, Plaintiff referenced Holland 047 – a blank document), **No. 38**, **No. 40**, **No. 41**, **No. 43**, **No. 44**, **No. 45**, **No. 47**, **No. 49**, and **No. 50**. If Plaintiff does not have responsive materials, please amend her responses to so state. As requested in Theresa McCracken's correspondence to your office dated July 22, 2024, please produce a properly completed employment records release immediately.

If any of Plaintiff's discovery responses are meant to indicate information has been withheld on the basis of privilege, please produce a privilege log or state that all withheld documents and information are exempt from inclusion on a log.

This letter serves as our attempt to resolve the issues with Plaintiff's discovery responses without assistance from the Court. We hope our offices can work together on these issues in the cooperative spirit of discovery required of litigants. As mentioned above, if you would like to confer further on any of the above topics, please supply your availability for a call to occur between now and August 2, 2024. We must have Plaintiff's complete responses in sufficient advance of Plaintiff's deposition in order to adequately prepare. To that end, **please provide Plaintiff's revised discovery responses and document production by no later than August 8, 2024**.

Thank you,

*/s/ Molly Ann Lawrence*

Molly Ann Lawrence

cc: Eva Turner, Esq. (Of the Firm)

**Lawrence, Molly Ann**

| | |
|---|---|
| **From:** | Lawrence, Molly Ann |
| **Sent:** | Wednesday, July 17, 2024 7:16 AM |
| **To:** | Bill Masterson; Rebecca LeGrand |
| **Cc:** | Turner, Eva W.; Miller, Shannon L.; Willis, Kanada V. |
| **Subject:** | Leigh Holland v. Texas Christian University; Conferral re Pltf's Deposition, Mediation, and May 31 Demand |

Good morning,

Thank you for the discovery responses served in the above-referenced case. Several deficiencies exist in Plaintiff's responses, including her document production, and I am in the process of preparing a conferral letter discussing those issues. In the meantime, please let me know Plaintiff's availability for her deposition to occur in late August or early September. Plaintiff's discovery deficiencies need to be resolved before her deposition, and that date range should allow plenty of time to do so.

Likewise, this case has a mediation deadline in the late fall and mediator's calendars tend to fill quickly in the latter part of the year. Please suggest dates Plaintiff is available for mediation to occur in late September or early October.

Finally, per Dkt. 10, Plaintiff was supposed to present a reasonable settlement demand by May 31. Please send that over so we can review. Relatedly, I noticed that Plaintiff's damages calculation set forth in her Initial Disclosures is based on a termination date in May 2022. That is off by one year. Plaintiff's employment with Defendant ended in May 2023.

Thank you,

**Molly Ann Lawrence | Ogletree Deakins**
8117 Preston Road, Suite 500 | Dallas, TX 75225 | Telephone: 214-692-5864
mollyann.lawrence@ogletree.com | www.ogletree.com | Bio

# EXHIBIT H

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| LEIGH HOLLAND | * | |
| | * | |
| VS. | * | NO. |
| | * | 4:24-CV-00289-0 |
| TEXAS CHRISTIAN UNIVERSITY | * | |

------------------------------
ORAL DEPOSITION OF
LEIGH HOLLAND
NOVEMBER 6, 2024
------------------------------

ANSWERS AND DEPOSITION OF LEIGH HOLLAND, a witness produced at the instance of the Defendant, taken in the above styled and numbered cause, on the 6th day of November, 2024 from 10:04 a.m. to 5:00 p.m., before Gail Spurgeon, a Certified Court Reporter in and for the State of Texas, at the offices of Kilgore & Kilgore, 3141 Hood Street, Suite 500, City of Dallas, County of Dallas, and State of Texas, pursuant to the Federal Rules of Civil Procedure.

[redacted]

Q. Okay. Have you ever seen a doctor or care provider for a mental health issue, such as depression, anxiety, you know, emotional activity, other than Dr. Chism or the telehealth

professional that you mentioned but you don't know their name?

A. No.

Q. Those two providers are the only ones?

A. Yes.

[redacted]

Q. What about the telehealth provider that prescribed you the medication that we were just discussing? Was -- did you see that -- was it a man or woman?

A. A woman.

Q. Okay. Did you see her related to depression?

A. Yes.

[redacted]

[redacted]

Q. Okay. When did you engage a lawyer regarding this matter?

A. I don't remember the date I contacted them.

Q. If you retired from TCU in early May of 2023 and then you filed this lawsuit in March of 2024, does that help you remember when you engaged an attorney?

A. Sometime in 2024 early.

Q. 2024, okay. When did you start looking for work after your termination or retirement from TCU?

A. I don't recall the exact month.

Q. Did you start looking right away?

A. No.

Q. About when did you start looking?

A. Maybe September, August, September.

[redacted]

Q. When you did start to look for another job, where did you apply?

A. Many places. USjobs.gov, LinkedIn, indeed.

Q. Those are places where you were looking for job opportunities?

A. Yes.

Q. And you applied through those sites?

A. Yes.

[redacted]

reviewing.

(Recess 4:53 p.m. to 4:57 p.m.)

Q (BY MS. LAWRENCE) Have you had sufficient time to review the interrogatory answers that I handed to you?

A. Yes.

Q. Okay. Is there anything -- do you see anything that is inaccurate other than No. 8, that we've already discussed?

A. No. 8 and then No. 15.

Q. Correct, yes. Thank you.

A. I believe, to the best of my knowledge, everything else is correct.

Q. Okay. Have we talked about all of your claims against TCU today?

A. Yes.

Q. Is there anything else you would like to add that you haven't already discussed with me today?

A. Not to my knowledge.

Q. Have I given you the opportunity to answer my questions to the best of your knowledge?

A. Yes.

MS. LAWRENCE: I'm going

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

LEIGH HOLLAND *
*
VS. * NO.
* 4:24-CV-00289-0
TEXAS CHRISTIAN UNIVERSITY *

REPORTER'S CERTIFICATION
DEPOSITION OF LEIGH HOLLAND
NOVEMBER 6, 2024

I, GAIL SPURGEON, Certified Shorthand Reporter in and for the State of Texas, hereby certify to the following:

That the foregoing deposition of LEIGH HOLLAND was reported by me stenographically at the time and place indicated, said witness having been placed under oath by me, and that the transcript is a true record of the testimony given by the witness;

I further certify that the signature of the deponent:

X was requested by the deponent or a party before the completion of the deposition and is to be returned within 30 days from date of receipt of the transcript. If returned, the attached Changes and Signature Page contains any changes and the reasons therefor;

_____ was not requested by the deponent or a party before the completion of the deposition;

I further certify that the amount of time used on the record:

MOLLY ANN LAWRENCE - 5:51

I further certify that I am neither counsel for, related to, nor employed by any of the parties or attorneys in the action in which this proceeding was taken, and further that I am not financially or otherwise interested in the outcome of the action.

Given under my hand this the ________ day of ______



GAIL SPURGEON
Texas CSR 1718
Expires: 11/30/24
Firm No. 571
Veritext Legal Solutions
300 Throckmorton Street
Suite 1600
Fort Worth, Texas 76102
817.336.3042