**29 USC Ch. 28: FAMILY AND MEDICAL LEAVE**

**From Title 29—LABOR**

PLAINTIFF'S EXHIBIT 8

**CHAPTER 28—FAMILY AND MEDICAL LEAVE**

Sec.
2601. Findings and purposes.

SUBCHAPTER I—GENERAL REQUIREMENTS FOR LEAVE

2611. Definitions.
2612. Leave requirement.
2613. Certification.
2614. Employment and benefits protection.
2615. Prohibited acts.
2616. Investigative authority.
2617. Enforcement.
2618. Special rules concerning employees of local educational agencies.
2619. Notice.
2620. Public health emergency leave.

SUBCHAPTER II—COMMISSION ON LEAVE

2631. Establishment.
2632. Duties.
2633. Membership.
2634. Compensation.
2635. Powers.
2636. Termination.

SUBCHAPTER III—MISCELLANEOUS PROVISIONS

2651. Effect on other laws.
2652. Effect on existing employment benefits.
2653. Encouragement of more generous leave policies.
2654. Regulations.

## §2601. Findings and purposes

**(a) Findings**

Congress finds that—

(1) the number of single-parent households and two-parent households in which the single parent or both parents work is increasing significantly;

(2) it is important for the development of children and the family unit that fathers and mothers be able to participate in early childrearing and the care of family members who have serious health conditions;

(3) the lack of employment policies to accommodate working parents can force individuals to choose between job security and parenting;

(4) there is inadequate job security for employees who have serious health conditions that prevent them from working for temporary periods;

(5) due to the nature of the roles of men and women in our society, the primary responsibility for family caretaking often falls on women, and such responsibility affects the working lives of women more than it affects the working lives of men; and

(6) employment standards that apply to one gender only have serious potential for encouraging employers to discriminate against employees and applicants for employment who are of that gender.

**(b) Purposes**

It is the purpose of this Act—

(1) to balance the demands of the workplace with the needs of families, to promote the stability and economic security of families, and to promote national interests in preserving family integrity;

(2) to entitle employees to take reasonable leave for medical reasons, for the birth or adoption of a child, and for the care of a child, spouse, or parent who has a serious health condition;

(3) to accomplish the purposes described in paragraphs (1) and (2) in a manner that accommodates the legitimate interests of employers;

(4) to accomplish the purposes described in paragraphs (1) and (2) in a manner that, consistent with the Equal Protection Clause of the Fourteenth Amendment, minimizes the potential for employment discrimination on the basis of sex by ensuring generally that leave is available for eligible medical reasons (including maternity-related disability) and for compelling family reasons, on a gender-neutral basis; and

(5) to promote the goal of equal employment opportunity for women and men, pursuant to such clause.

(Pub. L. 103–3, §2, Feb. 5, 1993, 107 Stat. 6.)

### Editorial Notes

## References in Text

This Act, referred to in subsec. (b), is Pub. L. 103–3, Feb. 5, 1993, 107 Stat. 6, known as the Family and Medical Leave Act of 1993, which enacted this chapter, sections 60m and 60n of Title 2, The Congress, and sections 6381 to 6387 of Title 5, Government Organization and Employees, amended section 2105 of Title 5, and enacted provisions set out as notes below. For complete classification of this Act to the Code, see Short Title note set out below and Tables.

### Statutory Notes and Related Subsidiaries

## Effective Date

Pub. L. 103–3, title IV, §405, Feb. 5, 1993, 107 Stat. 26, provided that:

"(a) Title III.—Title III [enacting subchapter II of this chapter] shall take effect on the date of the enactment of this Act [Feb. 5, 1993].

"(b) Other Titles.—

"(1) In general.—Except as provided in paragraph (2), titles I, II, and V and this title [enacting subchapters I and III of this chapter, sections 60m and 60n of Title 2, The Congress, and sections 6381 to 6387 of Title 5, Government Organization and Employees, and amending section 2105 of Title 5] shall take effect 6 months after the date of the enactment of this Act.

"(2) Collective bargaining agreements.—In the case of a collective bargaining agreement in effect on the effective date prescribed by paragraph (1), title I [enacting subchapter I of this chapter] shall apply on the earlier of—

"(A) the date of the termination of such agreement; or

"(B) the date that occurs 12 months after the date of the enactment of this Act."

## Short Title of 2020 Amendment

Pub. L. 116–127, §1, Mar. 18, 2020, 134 Stat. 178, provided that: "This Act [see Tables for classification] may be cited as the 'Families First Coronavirus Response Act'."

Pub. L. 116–127, div. C, §3101, Mar. 18, 2020, 134 Stat. 189, provided that: "This Act [div. C of Pub. L. 116–127, enacting section 2620 of this title, amending section 2612 of this title, and enacting provisions set out as notes under section 2620 of this title] may be cited as [the] 'Emergency Family and Medical Leave Expansion Act'."

## Short Title of 2009 Amendment

Pub. L. 111–119, §1, Dec. 21, 2009, 123 Stat. 3476, provided that: "This Act [amending sections 2611 and 2612 of this title] may be cited as the 'Airline Flight Crew Technical Corrections Act'."

## Short Title

Pub. L. 103–3, §1(a), Feb. 5, 1993, 107 Stat. 6, provided that: "This Act [enacting this chapter, sections 60m and 60n of Title 2, The Congress, and sections 6381 to 6387 of Title 5, Government Organization and Employees, amending section 2105 of Title 5, and enacting provisions set out above] may be cited as the 'Family and Medical Leave Act of 1993'."

## Emergency Paid Sick Leave Related to COVID–19

Pub. L. 116–127, div. E, Mar. 18, 2020, 134 Stat. 195, as amended by Pub. L. 116–136, div. A, title III, §§3602, 3604(b), 3611(2), (5), (6), (8), (9), Mar. 27, 2020, 134 Stat. 410, 411, 414, 415, provided that:

"SEC. 5101. SHORT TITLE.

"This Act [div. E of Pub. L. 116–127] may be cited as the 'Emergency Paid Sick Leave Act'.

"SEC. 5102. PAID SICK TIME REQUIREMENT.

"(a) In General.—An employer shall provide to each employee employed by the employer paid sick time to the extent that the employee is unable to work (or telework) due to a need for leave because:

"(1) The employee is subject to a Federal, State, or local quarantine or isolation order related to COVID–19.

"(2) The employee has been advised by a health care provider to self-quarantine due to concerns related to COVID–19.

"(3) The employee is experiencing symptoms of COVID–19 and seeking a medical diagnosis.

"(4) The employee is caring for an individual who is subject to an order as described in subparagraph [sic] (1) or has been advised as described in paragraph (2).

"(5) The employee is caring for a son or daughter of such employee if the school or place of care of the son or daughter has been closed, or the child care provider of such son or daughter is unavailable, due to COVID–19 precautions.

"(6) The employee is experiencing any other substantially similar condition specified by the Secretary of Health and Human Services in consultation with the Secretary of the Treasury and the Secretary of Labor.

Except that an employer of an employee who is a health care provider or an emergency responder may elect to exclude such employee from the application of this subsection.

"(b) Duration of Paid Sick Time.—

"(1) In general.—An employee shall be entitled to paid sick time for an amount of hours determined under paragraph (2).

"(2) Amount of hours.—The amount of hours of paid sick time to which an employee is entitled shall be as follows:

"(A) For full-time employees, 80 hours.

"(B) For part-time employees, a number of hours equal to the number of hours that such employee works, on average, over a 2-week period.

"(3) Carryover.—Paid sick time under this section shall not carry over from 1 year to the next.

"(c) Employer's Termination of Paid Sick Time.—Paid sick time provided to an employee under this Act shall cease beginning with the employee's next scheduled workshift immediately following the termination of the need for paid sick time under subsection (a).

"(d) Prohibition.—An employer may not require, as a condition of providing paid sick time under this Act, that the employee involved search for or find a replacement employee to cover the hours during which the employee is using paid sick time.

"(e) Use of Paid Sick Time.—

"(1) In general.—The paid sick time under subsection (a) shall be available for immediate use by the employee for the purposes described in such subsection, regardless of how long the employee has been employed by an employer.

"(2) Sequencing.—

"(A) In general.—An employee may first use the paid sick time under subsection (a) for the purposes described in such subsection.

"(B) Prohibition.—An employer may not require an employee to use other paid leave provided by the employer to the employee before the employee uses the paid sick time under subsection (a).

"(f) Limitations.—An employer shall not be required to pay more than either—

"(1) $511 per day and $5,110 in the aggregate for each employee, when the employee is taking leave for a reason described in paragraph (1), (2), or (3) of section 5102(a); or

"(2) $200 per day and $2,000 in the aggregate for each employee, when the employee is taking leave for a reason described in paragraph (4), (5), or (6) of section 5102(a).

"SEC. 5103. NOTICE.

"(a) In General.—Each employer shall post and keep posted, in conspicuous places on the premises of the employer where notices to employees are customarily posted, a notice, to be prepared or approved by the Secretary of Labor, of the requirements described in this Act.

"(b) Model Notice.—Not later than 7 days after the date of enactment of this Act [Mar. 18, 2020], the Secretary of Labor shall make publicly available a model of a notice that meets the requirements of subsection (a).

"SEC. 5104. PROHIBITED ACTS.

"It shall be unlawful for any employer to discharge, discipline, or in any other manner discriminate against any employee who—

"(1) takes leave in accordance with this Act; or

"(2) has filed any complaint or instituted or caused to be instituted any proceeding under or related to this Act (including a proceeding that seeks enforcement of this Act), or has testified or is about to testify in any such proceeding.

"SEC. 5105. ENFORCEMENT.

"(a) Unpaid Sick Leave.—An employer who violates section 5102 shall—

"(1) be considered to have failed to pay minimum wages in violation of section 6 of the Fair Labor Standards Act of 1938 (29 U.S.C. 206); and

"(2) be subject to the penalties described in sections 16 and 17 of such Act (29 U.S.C. 216; 217) with respect to such violation.

"(b) Unlawful Termination.—An employer who willfully violates section 5104 shall—

"(1) be considered to be in violation of section 15(a)(3) of the Fair Labor Standards Act of 1938 (29 U.S.C. 215(a)(3)); and

"(2) be subject to the penalties described in sections 16 and 17 of such Act (29 U.S.C. 216; 217) with respect to such violation.

"(c) Investigations and Collection of Data.—The Secretary of Labor or his designee may investigate and gather data to ensure compliance with this Act in the same manner as authorized by sections 9 and 11 of the Fair Labor Standards Act of 1938 (29 U.S.C. 209; 211).

"SEC. 5106. EMPLOYMENT UNDER MULTI-EMPLOYER BARGAINING AGREEMENTS.

"(a) Employers.—An employer signatory to a multiemployer collective bargaining agreement may, consistent with its bargaining obligations and its collective bargaining agreement, fulfill its obligations under this Act by making contributions to a multiemployer fund, plan, or program based on the hours of paid sick time each of its employees is entitled to under this Act while working under the multiemployer collective bargaining agreement, provided that the fund, plan, or program enables employees to secure pay from such fund, plan, or program based on hours they have worked under the multiemployer collective bargaining agreement and for the uses specified under section 5102(a).

"(b) Employees.—Employees who work under a multiemployer collective bargaining agreement into which their employers make contributions as provided in subsection (a) may secure pay from such fund, plan, or program based on hours they have worked under the multiemployer collective bargaining agreement for the uses specified in section 5102(a).

"SEC. 5107. RULES OF CONSTRUCTION.

"Nothing in this Act shall be construed—

"(1) to in any way diminish the rights or benefits that an employee is entitled to under any—

"(A) other Federal, State, or local law;

"(B) collective bargaining agreement; or

"(C) existing employer policy; or

"(2) to require financial or other reimbursement to an employee from an employer upon the employee's termination, resignation, retirement, or other separation from employment for paid sick time under this Act that has not been used by such employee.

"SEC. 5108. EFFECTIVE DATE.

"This Act, and the requirements under this Act, shall take effect not later than 15 days after the date of enactment of this Act [Mar. 18, 2020].

"SEC. 5109. SUNSET.

"This Act, and the requirements under this Act, shall expire on December 31, 2020.

"SEC. 5110. DEFINITIONS.

"For purposes of the Act:

"(1) Employee.—The term 'employee' means an individual who is—

"(A)(i) an employee, as defined in section 3(e) of the Fair Labor Standards Act of 1938 (29 U.S.C. 203(e)), who is not covered under subparagraph (E) or (F), including such an employee of the Library of Congress, except that a reference in such section to an employer shall be considered to be a reference to an employer described in clauses (i)(I) and (ii) of paragraph (2)(A); or

"(ii) an employee of the Government Accountability Office;

"(B) a State employee described in section 304(a) of the Government Employee Rights Act of 1991 (42 U.S.C. 2000e–16c(a));

"(C) a covered employee, as defined in section 101 of the Congressional Accountability Act of 1995 (2 U.S.C. 1301), other than an applicant for employment;

"(D) a covered employee, as defined in section 411(c) of title 3, United States Code;

"(E) a Federal officer or employee covered under subchapter V of chapter 63 of title 5, United States Code; or

"(F) any other individual occupying a position in the civil service (as that term is defined in section 2101(1) of title 5, United States Code).

"(2) Employer.—

"(A) In general.—The term 'employer' means a person who is—

"(i)(I) a covered employer, as defined in subparagraph (B), who is not covered under subclause (V);

"(II) an entity employing a State employee described in section 304(a) of the Government Employee Rights Act of 1991;

"(III) an employing office, as defined in section 101 of the Congressional Accountability Act of 1995;

"(IV) an employing office, as defined in section 411(c) of title 3, United States Code; or

"(V) an Executive Agency as defined in section 105 of title 5, United States Code, and including the U.S. Postal Service and the Postal Regulatory Commission; and

"(ii) engaged in commerce (including government), or an industry or activity affecting commerce (including government), as defined in subparagraph (B)(iii).

"(B) Covered employer.—

"(i) In general.—In subparagraph (A)(i)(I), the term 'covered employer'—

"(I) means any person engaged in commerce or in any industry or activity affecting commerce that—

(aa) in the case of a private entity or individual, employs fewer than 500 employees; and

(bb) in the case of a public agency or any other entity that is not a private entity or individual, employs 1 or more employees;

"(II) includes—

(aa) includes [sic] any person acting directly or indirectly in the interest of an employer in relation to an employee (within the meaning of such phrase in section 3(d) of the Fair Labor Standards Act of 1938 (29 U.S.C. 203(d)); and

(bb) any successor in interest of an employer;

"(III) includes any 'public agency', as defined in section 3(x) of the Fair Labor Standards Act of 1938 (29 U.S.C. 203(x)); and

"(IV) includes the Government Accountability Office and the Library of Congress.

"(ii) Public agency.—For purposes of clause (i)(III), a public agency shall be considered to be a person engaged in commerce or in an industry or activity affecting commerce.

"(iii) Definitions.—For purposes of this subparagraph:

"(I) Commerce.—The terms 'commerce' and 'industry or activity affecting commerce' means any activity, business, or industry in commerce or in which a labor dispute would hinder or obstruct commerce or the free flow of commerce, and include 'commerce' and any 'industry affecting commerce', as defined in paragraphs (1) and (3) of section 501 of the Labor Management Relations Act of 1947 [probably should be "Labor Management Relations Act, 1947"] (29 U.S.C. 142(1) and (3)).

"(II) Employee.—The term 'employee' has the same meaning given such term in section 3(e) of the Fair Labor Standards Act of 1938 (29 U.S.C. 203(e)).

"(III) Person.—The term 'person' has the same meaning given such term in section 3(a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 203(a)).

"(3) FLSA terms.—The terms 'employ' and 'State' have the meanings given such terms in section 3 of the Fair Labor Standards Act of 1938 (29 U.S.C. 203).

"(4) FMLA terms.—The terms 'health care provider' and 'son or daughter' have the meanings given such terms in section 101 of the Family and Medical Leave Act of 1993 (29 U.S.C. 2611).

"(5) Paid sick time.—

"(A) In general.—The term 'paid sick time' means an increment of compensated leave that—

"(i) is provided by an employer for use during an absence from employment for a reason described in any paragraph of section 2(a) [probably means section 5102(a)]; and

"(ii) is calculated based on the employee's required compensation under subparagraph (B) and the number of hours the employee would otherwise be normally scheduled to work (or the number of hours calculated under subparagraph (C)), except that in no event shall such paid sick time exceed—

"(I) $511 per day and $5,110 in the aggregate for a use described in paragraph (1), (2), or (3) of section 5102(a); and

"(II) $200 per day and $2,000 in the aggregate for a use described in paragraph (4), (5), or (6) of section 5102(a).

"(B) Required compensation.—

"(i) In general.—Subject to subparagraph (A)(ii), the employee's required compensation under this subparagraph shall be not less than the greater of the following:

"(I) The employee's regular rate of pay (as determined under section 7(e) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(e)).

"(II) The minimum wage rate in effect under section 6(a)(1) of the Fair Labor Standards Act of 1938 (29 U.S.C. 206(a)(1)).

"(III) The minimum wage rate in effect for such employee in the applicable State or locality, whichever is greater, in which the employee is employed.

"(ii) Special rule for care of family members.—Subject to subparagraph (A)(ii), with respect to any paid sick time provided for any use described in paragraph (4), (5), or (6) of section 5102(a), the employee's required compensation under this subparagraph shall be two-thirds of the amount described in clause (B)(i).

"(C) Varying schedule hours calculation.—In the case of a part-time employee described in section 5102(b)(2)(B) whose schedule varies from week to week to such an extent that an employer is unable to determine with certainty the number of hours the employee would have worked if such employee had not taken paid sick time under section 2(a) [probably means section 5102(a)], the employer shall use the following in place of such number:

"(i) Subject to clause (ii), a number equal to the average number of hours that the employee was scheduled per day over the 6-month period ending on the date on which the employee takes the paid sick time, including hours for which the employee took leave of any type.

"(ii) If the employee did not work over such period, the reasonable expectation of the employee at the time of hiring of the average number of hours per day that the employee would normally be scheduled to work.

"(D) Guidelines.—Not later than 15 days after the date of the enactment of this Act [Mar. 18, 2020], the Secretary of Labor shall issue guidelines to assist employers in calculating the amount of paid sick time under subparagraph (A).

"(E) Reasonable notice.—After the first workday (or portion thereof) an employee receives paid sick time under this Act, an employer may require the employee to follow reasonable notice procedures in order to continue receiving such paid sick time.

"SEC. 5111. REGULATORY AUTHORITIES.

"The Secretary of Labor shall have the authority to issue regulations for good cause under sections 553(b)(B) and 553(d)(3) of title 5, United States Code—

"(1) to exclude certain health care providers and emergency responders from the definition of employee under section 5110(1) including by allowing the employer of such health care providers and emergency responders to opt out;

"(2) to exempt small businesses with fewer than 50 employees from the requirements of section 5102(a)(5) when the imposition of such requirements would jeopardize the viability of the business as a going concern; and

"(3) as necessary, to carry out the purposes of this Act, including to ensure consistency between this Act and Division C [see Short Title of 2020 Amendment note set out above] and Division G [enacting provisions set out as notes under sections 1401 and 3111 of Title 26, Internal Revenue Code] of the Families First Coronavirus Response Act [Pub. L. 116–127].

"SEC. 5112. AUTHORITY TO EXCLUDE CERTAIN EMPLOYEES.

"The Director of the Office of Management and Budget shall have the authority to exclude for good cause from the definition of employee under section 5110(1) certain employees described in subparagraphs (E) and (F) of such section [sic], including by exempting certain United States Government employers covered by section 5110(2)(A)(i)(V) from the requirements of this title [probably should be "this Act"] with respect to certain categories of Executive Branch employees."

### SUBCHAPTER I—GENERAL REQUIREMENTS FOR LEAVE

## §2611. Definitions

As used in this subchapter:

**(1) Commerce**

The terms "commerce" and "industry or activity affecting commerce" mean any activity, business, or industry in commerce or in which a labor dispute would hinder or obstruct commerce or the free flow of commerce, and include "commerce" and any "industry affecting commerce", as defined in paragraphs (1) and (3) of section 142 of this title.

**(2) Eligible employee**

**(A) In general**

The term "eligible employee" means an employee who has been employed—

(i) for at least 12 months by the employer with respect to whom leave is requested under section 2612 of this title; and

(ii) for at least 1,250 hours of service with such employer during the previous 12-month period.

**(B) Exclusions**

The term "eligible employee" does not include—

(i) any Federal officer or employee covered under subchapter V of chapter 63 of title 5; or

(ii) any employee of an employer who is employed at a worksite at which such employer employs less than 50 employees if the total number of employees employed by that employer within 75 miles of that worksite is less than 50.

**(C) Determination**

For purposes of determining whether an employee meets the hours of service requirement specified in subparagraph (A)(ii), the legal standards established under section 207 of this title shall apply.

**(D) Airline flight crews**

**(i) Determination**

Case 4:24-cv-00289-O Document 28-8 Filed 12/19/24 Page 8 of 33 PageID 243

For purposes of determining whether an employee who is a flight attendant or flight crewmember (as such terms are defined in regulations of the Federal Aviation Administration) meets the hours of service requirement specified in subparagraph (A)(ii), the employee will be considered to meet the requirement if—

(I) the employee has worked or been paid for not less than 60 percent of the applicable total monthly guarantee, or the equivalent, for the previous 12-month period, for or by the employer with respect to whom leave is requested under section 2612 of this title; and

(II) the employee has worked or been paid for not less than 504 hours (not counting personal commute time or time spent on vacation leave or medical or sick leave) during the previous 12-month period, for or by that employer.

**(ii) File**

Each employer of an employee described in clause (i) shall maintain on file with the Secretary (in accordance with such regulations as the Secretary may prescribe) containing information specifying the applicable monthly guarantee with respect to each category of employee to which such guarantee applies.

**(iii) Definition**

In this subparagraph, the term "applicable monthly guarantee" means—

(I) for an employee described in clause (i) other than an employee on reserve status, the minimum number of hours for which an employer has agreed to schedule such employee for any given month; and

(II) for an employee described in clause (i) who is on reserve status, the number of hours for which an employer has agreed to pay such employee on reserve status for any given month,

as established in the applicable collective bargaining agreement or, if none exists, in the employer's policies.

**(E) GAO employees**

In the case of an employee of the Government Accountability Office, the requirements of subparagraph (A) shall not apply with respect to leave under section 2612(a)(1)(A) or (B) of this title.

**(3) Employ; employee; State**

The terms "employ", "employee", and "State" have the same meanings given such terms in subsections (c), (e), and (g) of section 203 of this title.

**(4) Employer**

**(A) In general**

The term "employer"—

(i) means any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year;

(ii) includes—

(I) any person who acts, directly or indirectly, in the interest of an employer to any of the employees of such employer; and

(II) any successor in interest of an employer;

(iii) includes any "public agency", as defined in section 203(x) of this title; and

(iv) includes the Government Accountability Office and the Library of Congress.

**(B) Public agency**

For purposes of subparagraph (A)(iii), a public agency shall be considered to be a person engaged in commerce or in an industry or activity affecting commerce.

**(5) Employment benefits**

The term "employment benefits" means all benefits provided or made available to employees by an employer, including group life insurance, health insurance, disability insurance, sick leave, annual leave, educational benefits, and pensions, regardless of whether such benefits are provided by a practice or written policy of an employer or through an "employee benefit plan", as defined in section 1002(3) of this title.

**(6) Health care provider**

The term "health care provider" means—

(A) a doctor of medicine or osteopathy who is authorized to practice medicine or surgery (as appropriate) by the State in which the doctor practices; or

(B) any other person determined by the Secretary to be capable of providing health care services.

**(7) Parent**

The term "parent" means the biological parent of an employee or an individual who stood in loco parentis to an employee when the employee was a son or daughter.

**(8) Person**

The term "person" has the same meaning given such term in section 203(a) of this title.

**(9) Reduced leave schedule**

The term "reduced leave schedule" means a leave schedule that reduces the usual number of hours per workweek, or hours per workday, of an employee.

**(10) Secretary**

The term "Secretary" means the Secretary of Labor.

**(11) Serious health condition**

The term "serious health condition" means an illness, injury, impairment, or physical or mental condition that involves—

(A) inpatient care in a hospital, hospice, or residential medical care facility; or

(B) continuing treatment by a health care provider.

**(12) Son or daughter**

The term "son or daughter" means a biological, adopted, or foster child, a stepchild, a legal ward, or a child of a person standing in loco parentis, who is—

(A) under 18 years of age; or

(B) 18 years of age or older and incapable of self-care because of a mental or physical disability.

**(13) Spouse**

The term "spouse" means a husband or wife, as the case may be.

**(14) Covered active duty**

The term "covered active duty" means—

(A) in the case of a member of a regular component of the Armed Forces, duty during the deployment of the member with the Armed Forces to a foreign country; and

(B) in the case of a member of a reserve component of the Armed Forces, duty during the deployment of the member with the Armed Forces to a foreign country under a call or order to active duty under a provision of law referred to in section 101(a)(13)(B) of title 10.

**(15) Covered servicemember**

The term "covered servicemember" means—

(A) a member of the Armed Forces (including a member of the National Guard or Reserves) who is undergoing medical treatment, recuperation, or therapy, is otherwise in outpatient status, or is otherwise on the temporary disability retired list, for a serious injury or illness; or

(B) a veteran who is undergoing medical treatment, recuperation, or therapy, for a serious injury or illness and who was a member of the Armed Forces (including a member of the National Guard or Reserves) at any time during the period of 5 years preceding the date on which the veteran undergoes that medical treatment, recuperation, or therapy.

**(16) Outpatient status**

The term "outpatient status", with respect to a covered servicemember, means the status of a member of the Armed Forces assigned to—

(A) a military medical treatment facility as an outpatient; or

(B) a unit established for the purpose of providing command and control of members of the Armed Forces receiving medical care as outpatients.

**(17) Next of kin**

The term "next of kin", used with respect to an individual, means the nearest blood relative of that individual.

**(18) Serious injury or illness**

The term "serious injury or illness"—

(A) in the case of a member of the Armed Forces (including a member of the National Guard or Reserves), means an injury or illness that was incurred by the member in line of duty on active duty in the Armed Forces (or existed before the beginning of the member's active duty and was aggravated by service in line of duty on active duty in the Armed Forces) and that may render the member medically unfit to perform the duties of the member's office, grade, rank, or rating; and

(B) in the case of a veteran who was a member of the Armed Forces (including a member of the National Guard or Reserves) at any time during a period described in paragraph (15)(B), means a qualifying (as defined by the Secretary of Labor) injury or illness that was incurred by the member in line of duty on active duty in the Armed Forces (or existed before the beginning of the member's active duty and was aggravated by service in line of duty on active duty in the Armed Forces) and that manifested itself before or after the member became a veteran.

**(19) Veteran**

The term "veteran" has the meaning given the term in section 101 of title 38.

(Pub. L. 103–3, title I, §101, Feb. 5, 1993, 107 Stat. 7; Pub. L. 104–1, title II, §202(c)(1)(A), Jan. 23, 1995, 109 Stat. 9; Pub. L. 108–271, §8(b), July 7, 2004, 118 Stat. 814; Pub. L. 110–181, div. A, title V, §585(a)(1), Jan. 28, 2008, 122 Stat. 128; Pub. L. 111–84, div. A, title V, §565(a)(1)(A), (2), (3), Oct. 28, 2009, 123 Stat. 2309, 2310; Pub. L. 111–119, §2(a), Dec. 21, 2009, 123 Stat. 3476; Pub. L. 116–92, div. F, title LXXVI, §7604(b), Dec. 20, 2019, 133 Stat. 2308.)

## Editorial Notes

## Amendments

**2019**—Par. (2)(E). Pub. L. 116–92 added subpar. (E).

**2009**—Par. (2)(D). Pub. L. 111–119 added subpar. (D).

Par. (14). Pub. L. 111–84, §565(a)(1)(A)(i), added par. (14) and struck out former par. (14). Prior to amendment, text read as follows: "The term 'active duty' means duty under a call or order to active duty under a provision of law referred to in section 101(a)(13)(B) of title 10."

Par. (15). Pub. L. 111–84, §565(a)(2), amended par. (15) generally. Prior to amendment, text read as follows: "The term 'covered servicemember' means a member of the Armed Forces, including a member of the National Guard or Reserves, who is undergoing medical treatment, recuperation, or therapy, is otherwise in outpatient status, or is otherwise on the temporary disability retired list, for a serious injury or illness."

Pub. L. 111–84, §565(a)(1)(A)(ii), redesignated par. (16) as (15) and struck out former par. (15). Prior to amendment, text read as follows: "The term 'contingency operation' has the same meaning given such term in section 101(a)(13) of title 10."

Pars. (16), (17). Pub. L. 111–84, §565(a)(1)(A)(ii), redesignated pars. (17) and (18) as (16) and (17), respectively. Former par. (16) redesignated (15).

Par. (18). Pub. L. 111–84, §565(a)(3), added par. (18) and struck out former par. (18). Prior to amendment, text read as follows: "The term 'serious injury or illness', in the case of a member of the Armed Forces, including a member of the National Guard or Reserves, means an injury or illness incurred by the member in line of duty on active duty in the Armed Forces that may render the member medically unfit to perform the duties of the member's office, grade, rank, or rating."

Pub. L. 111–84, §565(a)(1)(A)(ii), redesignated par. (19) as (18). Former par. (18) redesignated (17).

Par. (19). Pub. L. 111–84, §565(a)(3), added par. (19).

Pub. L. 111–84, §565(a)(1)(A)(ii), redesignated par. (19) as (18).

**2008**—Pars. (14) to (19). Pub. L. 110–181 added pars. (14) to (19).

**2004**—Par. (4)(A)(iv). Pub. L. 108–271 substituted "Government Accountability Office" for "General Accounting Office".

**1995**—Par. (4)(A)(iv). Pub. L. 104–1 added cl. (iv).

## Statutory Notes and Related Subsidiaries

### Effective Date of 2019 Amendment

Pub. L. 116–92, div. F, title LXXVI, §7604(c), Dec. 20, 2019, 133 Stat. 2308, provided that: "The amendments made by this section [amending this section and section 2612 of this title] shall not be effective with respect to any birth or placement occurring before October 1, 2020."

### Effective Date of 1995 Amendment

Amendment by Pub. L. 104–1 effective one year after transmission to Congress of the study under section 1371 of Title 2, The Congress, see section 1312(f)(2) of Title 2. The study required under section 1371 of Title 2, dated Dec. 31, 1996, was transmitted to Congress by the Board of Directors of the Office of Compliance on Dec. 30, 1996.

### Effective Date

Section effective 6 months after Feb. 5, 1993, except that, in the case of collective bargaining agreements in effect on that effective date, section applicable on the earlier of (1) the date of termination of such agreement, or (2) the date that occurs 12 months after Feb. 5, 1993, see section 405(b) of Pub. L. 103–3, set out as a note under section 2601 of this title.

### Regulations

Pub. L. 111–84, div. A, title V, §565(a)(5), Oct. 28, 2009, 123 Stat. 2311, provided that: "In prescribing regulations to carry out the amendments made by this subsection [amending this section and sections 2612 and 2613 of this title], the Secretary of Labor shall consult with the Secretary of Defense and the Secretary of Veterans Affairs, as applicable."

## §2612. Leave requirement

**(a) In general**

**(1) Entitlement to leave**

Subject to section 2613 of this title and subsection (d)(3), an eligible employee shall be entitled to a total of 12 workweeks of leave during any 12-month period for one or more of the following:

(A) Because of the birth of a son or daughter of the employee and in order to care for such son or daughter.

(B) Because of the placement of a son or daughter with the employee for adoption or foster care.

(C) In order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition.

(D) Because of a serious health condition that makes the employee unable to perform the functions of the position of such employee.

(E) Because of any qualifying exigency (as the Secretary shall, by regulation, determine) arising out of the fact that the spouse, or a son, daughter, or parent of the employee is on covered active duty (or has been notified of an impending call or order to covered active duty) in the Armed Forces.

(F) During the period beginning on the date the Emergency Family and Medical Leave Expansion Act takes effect, and ending on December 31, 2020, because of a qualifying need related to a public health emergency in accordance with section 2620 of this title.

**(2) Expiration of entitlement**

The entitlement to leave under subparagraphs (A) and (B) of paragraph (1) for a birth or placement of a son or daughter shall expire at the end of the 12-month period beginning on the date of such birth or placement.

**(3) Servicemember family leave**

Subject to section 2613 of this title, an eligible employee who is the spouse, son, daughter, parent, or next of kin of a covered servicemember shall be entitled to a total of 26 workweeks of leave during a 12-month period to care for the servicemember. The leave described in this paragraph shall only be available during a single 12-month period.

**(4) Combined leave total**

Subject to subsection (d)(3), during the single 12-month period described in paragraph (3), an eligible employee shall be entitled to a combined total of 26 workweeks of leave under paragraphs (1) and (3). Nothing in this paragraph shall be construed to limit the availability of leave under paragraph (1) during any

other 12-month period.

**(5) Calculation of leave for airline flight crews**

The Secretary may provide, by regulation, a method for calculating the leave described in paragraph (1) with respect to employees described in section 2611(2)(D) of this title.

**(b) Leave taken intermittently or on reduced leave schedule**

**(1) In general**

Leave under subparagraph (A) or (B) of subsection (a)(1) shall not be taken by an employee intermittently or on a reduced leave schedule unless the employee and the employer of the employee agree otherwise. Subject to paragraph (2), subsection (e)(2), and subsection (b)(5) or (f) (as appropriate) of section 2613 of this title, leave under subparagraph (C) or (D) of subsection (a)(1) or under subsection (a)(3) may be taken intermittently or on a reduced leave schedule when medically necessary. Subject to subsection (e)(3) and section 2613(f) of this title, leave under subsection (a)(1)(E) may be taken intermittently or on a reduced leave schedule. The taking of leave intermittently or on a reduced leave schedule pursuant to this paragraph shall not result in a reduction in the total amount of leave to which the employee is entitled under subsection (a) beyond the amount of leave actually taken.

**(2) Alternative position**

If an employee requests intermittent leave, or leave on a reduced leave schedule, under subparagraph (C) or (D) of subsection (a)(1) or under subsection (a)(3), that is foreseeable based on planned medical treatment, the employer may require such employee to transfer temporarily to an available alternative position offered by the employer for which the employee is qualified and that—

(A) has equivalent pay and benefits; and

(B) better accommodates recurring periods of leave than the regular employment position of the employee.

**(c) Unpaid leave permitted**

Except as provided in subsection (d), leave granted under subsection (a) (other than certain periods of leave under subsection (a)(1)(F)) may consist of unpaid leave. Where an employee is otherwise exempt under regulations issued by the Secretary pursuant to section 213(a)(1) of this title, the compliance of an employer with this subchapter by providing unpaid leave shall not affect the exempt status of the employee under such section.

**(d) Relationship to paid leave**

**(1) Unpaid leave**

If an employer provides paid leave for fewer than 12 workweeks (or 26 workweeks in the case of leave provided under subsection (a)(3)), the additional weeks of leave necessary to attain the 12 workweeks (or 26 workweeks, as appropriate) of leave required under this subchapter may be provided without compensation.

**(2) Substitution of paid leave**

**(A) In general**

An eligible employee may elect, or an employer may require the employee, to substitute any of the accrued paid vacation leave, personal leave, or family leave of the employee for leave provided under subparagraph (A), (B), (C), or (E) of subsection (a)(1) for any part of the 12-week period of such leave under such subsection.

**(B) Serious health condition**

An eligible employee may elect, or an employer may require the employee, to substitute any of the accrued paid vacation leave, personal leave, or medical or sick leave of the employee for leave provided under subparagraph (C) or (D) of subsection (a)(1) for any part of the 12-week period of such leave under such subsection, except that nothing in this subchapter shall require an employer to provide paid sick leave or paid medical leave in any situation in which such employer would not normally provide any such paid leave. An eligible employee may elect, or an employer may require the employee, to substitute any of the accrued paid vacation leave, personal leave, family leave, or medical or sick leave of the employee for leave provided under subsection (a)(3) for any part of the 26-week period of such leave under such subsection, except that nothing in this subchapter requires an employer to provide paid sick leave or paid medical leave in any situation in which the employer would not normally provide any such paid leave.

**(3) Special rule for GAO employees**

**(A) Substitution of paid leave**

An employee of the Government Accountability Office may elect to substitute for any leave without pay under subparagraph (A) or (B) of subsection (a)(1) any paid leave which is available to such employee for that purpose.

**(B) Amount of paid leave**

The paid leave that is available to an employee of the Government Accountability Office for purposes of subparagraph (A) is—

(i) the number of weeks of paid parental leave in connection with the birth or placement involved that corresponds to the number of administrative workweeks of paid parental leave available to employees under section 6382(d)(2)(B)(i) of title 5; and

(ii) during the 12-month period referred to in subsection (a)(1) and in addition to the administrative workweeks described in clause (i), any additional paid vacation, personal, family, medical, or sick leave provided by such employer.

**(C) Limitation**

Nothing in this section shall be considered to require or permit an employer to require that an employee first use all or any portion of the leave described in subparagraph (B)(ii) before being allowed to use the paid parental leave described in clause (i) of subparagraph (B).

**(D) Additional rules**

Paid parental leave under subparagraph (B)(i)—

(i) shall be payable from any appropriation or fund available for salaries or expenses for positions with the Government Accountability Office;

(ii) if not used by the employee of such employer before the end of the 12-month period (as referred to in subsection (a)(1)) to which it relates, shall not accumulate for any subsequent use; and

(iii) shall apply without regard to the limitations in subparagraph (E), (F), or (G) of section 6382(d)(2) of title 5 or section 2614(c)(2) of this title.

**(4) Special rule for Library of Congress employees**

Consistent with section 1301(a)(3)(J) of title 2, the rights and protections established by sections 2611 through 2615 of this title, including section 2612(d)(3), shall apply to employees of the Library of Congress under section 1312 of title 2.

**(e) Foreseeable leave**

**(1) Requirement of notice**

In any case in which the necessity for leave under subparagraph (A) or (B) of subsection (a)(1) is foreseeable based on an expected birth or placement, the employee shall provide the employer with not less than 30 days' notice, before the date the leave is to begin, of the employee's intention to take leave under such subparagraph, except that if the date of the birth or placement requires leave to begin in less than 30 days, the employee shall provide such notice as is practicable.

**(2) Duties of employee**

In any case in which the necessity for leave under subparagraph (C) or (D) of subsection (a)(1) or under subsection (a)(3) is foreseeable based on planned medical treatment, the employee—

(A) shall make a reasonable effort to schedule the treatment so as not to disrupt unduly the operations of the employer, subject to the approval of the health care provider of the employee or the health care provider of the son, daughter, spouse, parent, or covered servicemember of the employee, as appropriate; and

(B) shall provide the employer with not less than 30 days' notice, before the date the leave is to begin, of the employee's intention to take leave under such subparagraph, except that if the date of the treatment requires leave to begin in less than 30 days, the employee shall provide such notice as is practicable.

**(3) Notice for leave due to covered active duty of family member**

In any case in which the necessity for leave under subsection (a)(1)(E) is foreseeable, whether because the spouse, or a son, daughter, or parent, of the employee is on covered active duty, or because of notification of an impending call or order to covered active duty, the employee shall provide such notice to the employer as is reasonable and practicable.

**(f) Spouses employed by same employer**

**(1) In general**

In any case in which a husband and wife entitled to leave under subsection (a) are employed by the same employer, the aggregate number of workweeks of leave to which both may be entitled may be limited to 12 workweeks during any 12-month period, if such leave is taken—

(A) under subparagraph (A) or (B) of subsection (a)(1); or
(B) to care for a sick parent under subparagraph (C) of such subsection.

**(2) Servicemember family leave**

**(A) In general**

The aggregate number of workweeks of leave to which both that husband and wife may be entitled under subsection (a) may be limited to 26 workweeks during the single 12-month period described in subsection (a)(3) if the leave is—

(i) leave under subsection (a)(3); or
(ii) a combination of leave under subsection (a)(3) and leave described in paragraph (1).

**(B) Both limitations applicable**

If the leave taken by the husband and wife includes leave described in paragraph (1), the limitation in paragraph (1) shall apply to the leave described in paragraph (1).

(Pub. L. 103–3, title I, §102, Feb. 5, 1993, 107 Stat. 9; Pub. L. 110–181, div. A, title V, §585(a)(2), (3)(A)–(D), Jan. 28, 2008, 122 Stat. 129, 130; Pub. L. 111–84, div. A, title V, §565(a)(1)(B), (4), Oct. 28, 2009, 123 Stat. 2309, 2311; Pub. L. 111–119, §2(b), Dec. 21, 2009, 123 Stat. 3477; Pub. L. 116–92, div. F, title LXXVI, §7604(a), Dec. 20, 2019, 133 Stat. 2307; Pub. L. 116–127, div. C, §3102(a), Mar. 18, 2020, 134 Stat. 189.)

## Editorial Notes

### References in Text

The date the Emergency Family and Medical Leave Expansion Act takes effect, referred to in subsec. (a)(1)(F), is the effective date of div. C of Pub. L. 116–127, which is set out as an Effective Date note under section 2620 of this title.

### Constitutionality

For information regarding the constitutionality of certain provisions of this section, see the Table of Laws Held Unconstitutional in Whole or in Part by the Supreme Court on the Constitution Annotated website, constitution.congress.gov.

### Amendments

**2020**—Subsec. (a)(1)(F). Pub. L. 116–127, §3102(a)(1), added subpar. (F).

Subsec. (c). Pub. L. 116–127, §3102(a)(2), substituted "under subsection (a) (other than certain periods of leave under subsection (a)(1)(F))" for "under subsection (a)".

**2019**—Subsec. (a)(1). Pub. L. 116–92, §7604(a)(1)(A), inserted "and subsection (d)(3)" after "section 2613 of this title" in introductory provisions.

Subsec. (a)(4). Pub. L. 116–92, §7604(a)(1)(B), substituted "Subject to subsection (d)(3), during" for "During".

Subsec. (d)(3), (4). Pub. L. 116–92, §7604(a)(2), added pars. (3) and (4).

**2009**—Subsec. (a)(1)(E). Pub. L. 111–84, §565(a)(1)(B)(i), substituted "covered active duty" for "active duty" in two places and struck out "in support of a contingency operation" before period.

Subsec. (a)(5). Pub. L. 111–119 added par. (5).

Subsec. (e)(2)(A). Pub. L. 111–84, §565(a)(4), substituted "parent, or covered servicemember" for "or parent".

Subsec. (e)(3). Pub. L. 111–84, §565(a)(1)(B)(ii), substituted "covered active duty" for "active duty" in heading and in two places in text and struck out "in support of a contingency operation" before ", the employee shall provide".

**2008**—Subsec. (a)(1)(E). Pub. L. 110–181, §585(a)(2)(A), added subpar. (E).

Subsec. (a)(3), (4). Pub. L. 110–181, §585(a)(2)(B), added pars. (3) and (4).

Subsec. (b)(1). Pub. L. 110–181, §585(a)(3)(A)(i), (ii), in second sentence, substituted "subsection (b)(5) or (f) (as appropriate) of section 2613" for "section 2613(b)(5)" and inserted "or under subsection (a)(3)" after "subsection (a)(1)" and, after second sentence, inserted "Subject to subsection (e)(3) and section 2613(f) of this title, leave under subsection (a)(1)(E) may be taken intermittently or on a reduced leave schedule."

Subsec. (b)(2). Pub. L. 110–181, §585(a)(3)(A)(iii), inserted "or under subsection (a)(3)" after "subsection (a)(1)".

Case 4:24-cv-00289-O Document 28-8 Filed 12/19/24 Page 15 of 33 PageID 250

Subsec. (d)(1). Pub. L. 110–181, §585(a)(3)(B)(i), inserted "(or 26 workweeks in the case of leave provided under subsection (a)(3))" after "fewer than 12 workweeks" and "(or 26 workweeks, as appropriate)" after "attain the 12 workweeks".

Subsec. (d)(2)(A). Pub. L. 110–181, §585(a)(3)(B)(ii), substituted "(C), or (E)" for "or (C)".

Subsec. (d)(2)(B). Pub. L. 110–181, §585(a)(3)(B)(iii), inserted at end "An eligible employee may elect, or an employer may require the employee, to substitute any of the accrued paid vacation leave, personal leave, family leave, or medical or sick leave of the employee for leave provided under subsection (a)(3) for any part of the 26-week period of such leave under such subsection, except that nothing in this subchapter requires an employer to provide paid sick leave or paid medical leave in any situation in which the employer would not normally provide any such paid leave."

Subsec. (e)(2). Pub. L. 110–181, §585(a)(3)(C)(i), inserted "or under subsection (a)(3)" after "subsection (a)(1)" in introductory provisions.

Subsec. (e)(3). Pub. L. 110–181, §585(a)(3)(C)(ii), added par. (3).

Subsec. (f). Pub. L. 110–181, §585(a)(3)(D), designated existing provisions as par. (1) and inserted heading, redesignated former pars. (1) and (2) as subpars. (A) and (B), respectively, of par. (1), realigned margins, and added par. (2).

#### Statutory Notes and Related Subsidiaries

### Effective Date of 2020 Amendment

Amendment by Pub. L. 116–127 effective no later than 15 days after Mar. 18, 2020, see section 3106 of div. C of Pub. L. 116–127, set out as an Effective Date note under section 2620 of this title.

### Effective Date of 2019 Amendment

Amendment by Pub. L. 116–92 not effective with respect to any birth or placement occurring before Oct. 1, 2020, see section 7604(c) of Pub. L. 116–92, set out as a note under section 2611 of this title.

### Effective Date

Section effective 6 months after Feb. 5, 1993, except that, in the case of collective bargaining agreements in effect on that effective date, section applicable on the earlier of (1) the date of termination of such agreement, or (2) the date that occurs 12 months after Feb. 5, 1993, see section 405(b) of Pub. L. 103–3, set out as a note under section 2601 of this title.

### Clarification for Members of the National Guard and Reserves: GAO and Library of Congress Employees

Pub. L. 116–92, div. F, title LXXVI, §7605(c), Dec. 20, 2019, 133 Stat. 2308, provided that: "For purposes of determining the eligibility of an employee of the Government Accountability Office or Library of Congress who is a member of the National Guard or Reserves to take leave under section 102(a) of the Family and Medical Leave Act of 1993 [29 U.S.C. 2612(a)], any service by such employee on active duty (as defined in section 101(14) of such Act [29 U.S.C. 2611(14)]) shall be counted as time during which such employee has been employed for purposes of section 101(2)(A) of such Act [29 U.S.C. 2611(2)(A)]."

## §2613. Certification

**(a) In general**

An employer may require that a request for leave under subparagraph (C) or (D) of paragraph (1) or paragraph (3) of section 2612(a) of this title be supported by a certification issued by the health care provider of the eligible employee or of the son, daughter, spouse, or parent of the employee, or of the next of kin of an individual in the case of leave taken under such paragraph (3), as appropriate. The employee shall provide, in a timely manner, a copy of such certification to the employer.

Case 4:24-cv-00289-O Document 28-8 Filed 12/19/24 Page 16 of 33 PageID 251

**(b) Sufficient certification**

Certification provided under subsection (a) shall be sufficient if it states—

(1) the date on which the serious health condition commenced;

(2) the probable duration of the condition;

(3) the appropriate medical facts within the knowledge of the health care provider regarding the condition;

(4)(A) for purposes of leave under section 2612(a)(1)(C) of this title, a statement that the eligible employee is needed to care for the son, daughter, spouse, or parent and an estimate of the amount of time that such employee is needed to care for the son, daughter, spouse, or parent; and

(B) for purposes of leave under section 2612(a)(1)(D) of this title, a statement that the employee is unable to perform the functions of the position of the employee;

(5) in the case of certification for intermittent leave, or leave on a reduced leave schedule, for planned medical treatment, the dates on which such treatment is expected to be given and the duration of such treatment;

(6) in the case of certification for intermittent leave, or leave on a reduced leave schedule, under section 2612(a)(1)(D) of this title, a statement of the medical necessity for the intermittent leave or leave on a reduced leave schedule, and the expected duration of the intermittent leave or reduced leave schedule; and

(7) in the case of certification for intermittent leave, or leave on a reduced leave schedule, under section 2612(a)(1)(C) of this title, a statement that the employee's intermittent leave or leave on a reduced leave schedule is necessary for the care of the son, daughter, parent, or spouse who has a serious health condition, or will assist in their recovery, and the expected duration and schedule of the intermittent leave or reduced leave schedule.

**(c) Second opinion**

**(1) In general**

In any case in which the employer has reason to doubt the validity of the certification provided under subsection (a) for leave under subparagraph (C) or (D) of section 2612(a)(1) of this title, the employer may require, at the expense of the employer, that the eligible employee obtain the opinion of a second health care provider designated or approved by the employer concerning any information certified under subsection (b) for such leave.

**(2) Limitation**

A health care provider designated or approved under paragraph (1) shall not be employed on a regular basis by the employer.

**(d) Resolution of conflicting opinions**

**(1) In general**

In any case in which the second opinion described in subsection (c) differs from the opinion in the original certification provided under subsection (a), the employer may require, at the expense of the employer, that the employee obtain the opinion of a third health care provider designated or approved jointly by the employer and the employee concerning the information certified under subsection (b).

**(2) Finality**

The opinion of the third health care provider concerning the information certified under subsection (b) shall be considered to be final and shall be binding on the employer and the employee.

**(e) Subsequent recertification**

The employer may require that the eligible employee obtain subsequent recertifications on a reasonable basis.

**(f) Certification related to covered active duty or call to covered active duty**

An employer may require that a request for leave under section 2612(a)(1)(E) of this title be supported by a certification issued at such time and in such manner as the Secretary may by regulation prescribe. If the Secretary issues a regulation requiring such certification, the employee shall provide, in a timely manner, a copy of such certification to the employer.

(Pub. L. 103–3, title I, §103, Feb. 5, 1993, 107 Stat. 11; Pub. L. 110–181, div. A, title V, §585(a)(3)(E), Jan. 28, 2008, 122 Stat. 130; Pub. L. 111–84, div. A, title V, §565(a)(1)(C), Oct. 28, 2009, 123 Stat. 2310.)

## Editorial Notes

### Amendments

**2009**—Subsec. (f). Pub. L. 111–84 substituted "covered active duty" for "active duty" in two places in heading.

**2008**—Subsec. (a). Pub. L. 110–181, §585(a)(3)(E)(i), substituted "paragraph (1) or paragraph (3) of section 2612(a)" for "section 2612(a)(1)" and inserted "or of the next of kin of an individual in the case of leave taken under such paragraph (3)," after "parent of the employee,".

Subsec. (f). Pub. L. 110–181, §585(a)(3)(E)(ii), added subsec. (f).

### Statutory Notes and Related Subsidiaries

### Effective Date

Section effective 6 months after Feb. 5, 1993, except that, in the case of collective bargaining agreements in effect on that effective date, section applicable on the earlier of (1) the date of termination of such agreement, or (2) the date that occurs 12 months after Feb. 5, 1993, see section 405(b) of Pub. L. 103–3, set out as a note under section 2601 of this title.

## §2614. Employment and benefits protection

**(a) Restoration to position**

**(1) In general**

Except as provided in subsection (b), any eligible employee who takes leave under section 2612 of this title for the intended purpose of the leave shall be entitled, on return from such leave—

(A) to be restored by the employer to the position of employment held by the employee when the leave commenced; or

(B) to be restored to an equivalent position with equivalent employment benefits, pay, and other terms and conditions of employment.

**(2) Loss of benefits**

The taking of leave under section 2612 of this title shall not result in the loss of any employment benefit accrued prior to the date on which the leave commenced.

**(3) Limitations**

Nothing in this section shall be construed to entitle any restored employee to—

(A) the accrual of any seniority or employment benefits during any period of leave; or

(B) any right, benefit, or position of employment other than any right, benefit, or position to which the employee would have been entitled had the employee not taken the leave.

**(4) Certification**

As a condition of restoration under paragraph (1) for an employee who has taken leave under section 2612(a)(1)(D) of this title, the employer may have a uniformly applied practice or policy that requires each such employee to receive certification from the health care provider of the employee that the employee is able to resume work, except that nothing in this paragraph shall supersede a valid State or local law or a collective bargaining agreement that governs the return to work of such employees.

**(5) Construction**

Nothing in this subsection shall be construed to prohibit an employer from requiring an employee on leave under section 2612 of this title to report periodically to the employer on the status and intention of the employee to return to work.

**(b) Exemption concerning certain highly compensated employees**

**(1) Denial of restoration**

An employer may deny restoration under subsection (a) to any eligible employee described in paragraph (2) if—

(A) such denial is necessary to prevent substantial and grievous economic injury to the operations of the employer;

(B) the employer notifies the employee of the intent of the employer to deny restoration on such basis at the time the employer determines that such injury would occur; and

(C) in any case in which the leave has commenced, the employee elects not to return to employment after receiving such notice.

**(2) Affected employees**

An eligible employee described in paragraph (1) is a salaried eligible employee who is among the highest paid 10 percent of the employees employed by the employer within 75 miles of the facility at which the employee is employed.

**(c) Maintenance of health benefits**

**(1) Coverage**

Except as provided in paragraph (2), during any period that an eligible employee takes leave under section 2612 of this title, the employer shall maintain coverage under any "group health plan" (as defined in section 5000(b)(1) of title 26) for the duration of such leave at the level and under the conditions coverage would have been provided if the employee had continued in employment continuously for the duration of such leave.

**(2) Failure to return from leave**

The employer may recover the premium that the employer paid for maintaining coverage for the employee under such group health plan during any period of unpaid leave under section 2612 of this title if—

(A) the employee fails to return from leave under section 2612 of this title after the period of leave to which the employee is entitled has expired; and

(B) the employee fails to return to work for a reason other than—

(i) the continuation, recurrence, or onset of a serious health condition that entitles the employee to leave under subparagraph (C) or (D) of section 2612(a)(1) of this title or under section 2612(a)(3) of this title; or

(ii) other circumstances beyond the control of the employee.

**(3) Certification**

**(A) Issuance**

An employer may require that a claim that an employee is unable to return to work because of the continuation, recurrence, or onset of the serious health condition described in paragraph (2)(B)(i) be supported by—

(i) a certification issued by the health care provider of the son, daughter, spouse, or parent of the employee, as appropriate, in the case of an employee unable to return to work because of a condition specified in section 2612(a)(1)(C) of this title;

(ii) a certification issued by the health care provider of the eligible employee, in the case of an employee unable to return to work because of a condition specified in section 2612(a)(1)(D) of this title; or

(iii) a certification issued by the health care provider of the servicemember being cared for by the employee, in the case of an employee unable to return to work because of a condition specified in section 2612(a)(3) of this title.

**(B) Copy**

The employee shall provide, in a timely manner, a copy of such certification to the employer.

**(C) Sufficiency of certification**

**(i) Leave due to serious health condition of employee**

The certification described in subparagraph (A)(ii) shall be sufficient if the certification states that a serious health condition prevented the employee from being able to perform the functions of the position of the employee on the date that the leave of the employee expired.

**(ii) Leave due to serious health condition of family member**

The certification described in subparagraph (A)(i) shall be sufficient if the certification states that the employee is needed to care for the son, daughter, spouse, or parent who has a serious health condition on the date that the leave of the employee expired.

(Pub. L. 103–3, title I, §104, Feb. 5, 1993, 107 Stat. 12; Pub. L. 110–181, div. A, title V, §585(a)(3)(F), Jan. 28, 2008, 122 Stat. 131.)

## Editorial Notes

### Amendments

**2008**—Subsec. (c)(2)(B)(i). Pub. L. 110–181, §585(a)(3)(F)(i), inserted "or under section 2612(a)(3) of this title" before semicolon.
Subsec. (c)(3)(A)(iii). Pub. L. 110–181, §585(a)(3)(F)(ii), added cl. (iii).

### Statutory Notes and Related Subsidiaries

### Effective Date

Section effective 6 months after Feb. 5, 1993, except that, in the case of collective bargaining agreements in effect on that effective date, section applicable on the earlier of (1) the date of termination of such agreement, or (2) the date that occurs 12 months after Feb. 5, 1993, see section 405(b) of Pub. L. 103–3, set out as a note under section 2601 of this title.

## §2615. Prohibited acts

**(a) Interference with rights**

**(1) Exercise of rights**

It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under this subchapter.

**(2) Discrimination**

It shall be unlawful for any employer to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this subchapter.

**(b) Interference with proceedings or inquiries**

It shall be unlawful for any person to discharge or in any other manner discriminate against any individual because such individual—
(1) has filed any charge, or has instituted or caused to be instituted any proceeding, under or related to this subchapter;
(2) has given, or is about to give, any information in connection with any inquiry or proceeding relating to any right provided under this subchapter; or
(3) has testified, or is about to testify, in any inquiry or proceeding relating to any right provided under this subchapter.

(Pub. L. 103–3, title I, §105, Feb. 5, 1993, 107 Stat. 14.)

### Statutory Notes and Related Subsidiaries

### Effective Date

Section effective 6 months after Feb. 5, 1993, except that, in the case of collective bargaining agreements in effect on that effective date, section applicable on the earlier of (1) the date of termination of such agreement, or (2) the date that occurs 12 months after Feb. 5, 1993, see section 405(b) of Pub. L. 103–3, set out as a note under section 2601 of this title.

## §2616. Investigative authority

**(a) In general**

To ensure compliance with the provisions of this subchapter, or any regulation or order issued under this subchapter, the Secretary shall have, subject to subsection (c), the investigative authority provided under section 211(a) of this title.

**(b) Obligation to keep and preserve records**

Any employer shall make, keep, and preserve records pertaining to compliance with this subchapter in accordance with section 211(c) of this title and in accordance with regulations issued by the Secretary.

**(c) Required submissions generally limited to annual basis**

The Secretary shall not under the authority of this section require any employer or any plan, fund, or program to submit to the Secretary any books or records more than once during any 12-month period, unless the Secretary has reasonable cause to believe there may exist a violation of this subchapter or any regulation or order issued pursuant to this subchapter, or is investigating a charge pursuant to section 2617(b) of this title.

**(d) Subpoena powers**

For the purposes of any investigation provided for in this section, the Secretary shall have the subpoena authority provided for under section 209 of this title.

(Pub. L. 103–3, title I, §106, Feb. 5, 1993, 107 Stat. 15.)

#### Statutory Notes and Related Subsidiaries

### Effective Date

Section effective 6 months after Feb. 5, 1993, except that, in the case of collective bargaining agreements in effect on that effective date, section applicable on the earlier of (1) the date of termination of such agreement, or (2) the date that occurs 12 months after Feb. 5, 1993, see section 405(b) of Pub. L. 103–3, set out as a note under section 2601 of this title.

## §2617. Enforcement

**(a) Civil action by employees**

**(1) Liability**

Any employer who violates section 2615 of this title shall be liable to any eligible employee affected—

(A) for damages equal to—

(i) the amount of—

(I) any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation; or

(II) in a case in which wages, salary, employment benefits, or other compensation have not been denied or lost to the employee, any actual monetary losses sustained by the employee as a direct result of the violation, such as the cost of providing care, up to a sum equal to 12 weeks (or 26 weeks, in a case involving leave under section 2612(a)(3) of this title) of wages or salary for the employee;

(ii) the interest on the amount described in clause (i) calculated at the prevailing rate; and

(iii) an additional amount as liquidated damages equal to the sum of the amount described in clause (i) and the interest described in clause (ii), except that if an employer who has violated section 2615 of this title proves to the satisfaction of the court that the act or omission which violated section 2615 of this title was in good faith and that the employer had reasonable grounds for believing that the act or omission was not a violation of section 2615 of this title, such court may, in the discretion of the court, reduce the amount of the liability to the amount and interest determined under clauses (i) and (ii), respectively; and

(B) for such equitable relief as may be appropriate, including employment, reinstatement, and promotion.

**(2) Right of action**

An action to recover the damages or equitable relief prescribed in paragraph (1) may be maintained against any employer (including a public agency) in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of—

(A) the employees; or

(B) the employees and other employees similarly situated.

**(3) Fees and costs**

The court in such an action shall, in addition to any judgment awarded to the plaintiff, allow a reasonable attorney's fee, reasonable expert witness fees, and other costs of the action to be paid by the defendant.

**(4) Limitations**

The right provided by paragraph (2) to bring an action by or on behalf of any employee shall terminate—

(A) on the filing of a complaint by the Secretary in an action under subsection (d) in which restraint is sought of any further delay in the payment of the amount described in paragraph (1)(A) to such employee by an employer responsible under paragraph (1) for the payment; or

(B) on the filing of a complaint by the Secretary in an action under subsection (b) in which a recovery is sought of the damages described in paragraph (1)(A) owing to an eligible employee by an employer liable under paragraph (1),

unless the action described in subparagraph (A) or (B) is dismissed without prejudice on motion of the Secretary.

**(b) Action by Secretary**

**(1) Administrative action**

The Secretary shall receive, investigate, and attempt to resolve complaints of violations of section 2615 of this title in the same manner that the Secretary receives, investigates, and attempts to resolve complaints of violations of sections 206 and 207 of this title.

**(2) Civil action**

The Secretary may bring an action in any court of competent jurisdiction to recover the damages described in subsection (a)(1)(A).

**(3) Sums recovered**

Any sums recovered by the Secretary pursuant to paragraph (2) shall be held in a special deposit account and shall be paid, on order of the Secretary, directly to each employee affected. Any such sums not paid to an employee because of inability to do so within a period of 3 years shall be deposited into the Treasury of the United States as miscellaneous receipts.

**(c) Limitation**

**(1) In general**

Except as provided in paragraph (2), an action may be brought under this section not later than 2 years after the date of the last event constituting the alleged violation for which the action is brought.

**(2) Willful violation**

In the case of such action brought for a willful violation of section 2615 of this title, such action may be brought within 3 years of the date of the last event constituting the alleged violation for which such action is brought.

**(3) Commencement**

In determining when an action is commenced by the Secretary under this section for the purposes of this subsection, it shall be considered to be commenced on the date when the complaint is filed.

**(d) Action for injunction by Secretary**

The district courts of the United States shall have jurisdiction, for cause shown, in an action brought by the Secretary—

(1) to restrain violations of section 2615 of this title, including the restraint of any withholding of payment of wages, salary, employment benefits, or other compensation, plus interest, found by the court to be due to eligible employees; or

(2) to award such other equitable relief as may be appropriate, including employment, reinstatement, and promotion.

**(e) Solicitor of Labor**

The Solicitor of Labor may appear for and represent the Secretary on any litigation brought under this section.

**(f) Government Accountability Office and Library of Congress**

In the case of the Government Accountability Office and the Library of Congress, the authority of the Secretary of Labor under this subchapter shall be exercised respectively by the Comptroller General of the United States and the Librarian of Congress.

(Pub. L. 103–3, title I, §107, Feb. 5, 1993, 107 Stat. 15; Pub. L. 104–1, title II, §202(c)(1)(B), Jan. 23, 1995, 109 Stat. 9; Pub. L. 108–271, §8(b), July 7, 2004, 118 Stat. 814; Pub. L. 110–181, div. A, title V, §585(a)(3)(G), Jan. 28, 2008, 122 Stat. 131.)

### Editorial Notes

### Amendments

**2008**—Subsec. (a)(1)(A)(i)(II). Pub. L. 110–181 inserted "(or 26 weeks, in a case involving leave under section 2612(a)(3) of this title)" after "12 weeks".

**2004**—Subsec. (f). Pub. L. 108–271 substituted "Government Accountability Office" for "General Accounting Office" in heading and text.

**1995**—Subsec. (f). Pub. L. 104–1 added subsec. (f).

### Statutory Notes and Related Subsidiaries

### Effective Date of 1995 Amendment

Amendment by Pub. L. 104–1 effective one year after transmission to Congress of the study under section 1371 of Title 2, The Congress, see section 1312(f)(2) of Title 2. The study required under section 1371 of Title 2, dated Dec. 31, 1996, was transmitted to Congress by the Board of Directors of the Office of Compliance on Dec. 30, 1996.

### Effective Date

Section effective 6 months after Feb. 5, 1993, except that, in the case of collective bargaining agreements in effect on that effective date, section applicable on the earlier of (1) the date of termination of such agreement, or (2) the date that occurs 12 months after Feb. 5, 1993, see section 405(b) of Pub. L. 103–3, set out as a note under section 2601 of this title.

## §2618. Special rules concerning employees of local educational agencies

**(a) Application**

**(1) In general**

Except as otherwise provided in this section, the rights (including the rights under section 2614 of this title, which shall extend throughout the period of leave of any employee under this section), remedies, and procedures under this subchapter shall apply to—

(A) any "local educational agency" (as defined in section 7801 of title 20) and an eligible employee of the agency; and

(B) any private elementary or secondary school and an eligible employee of the school.

**(2) Definitions**

For purposes of the application described in paragraph (1):

**(A) Eligible employee**

The term "eligible employee" means an eligible employee of an agency or school described in paragraph (1).

**(B) Employer**

The term "employer" means an agency or school described in paragraph (1).

**(b) Leave does not violate certain other Federal laws**

A local educational agency and a private elementary or secondary school shall not be in violation of the Individuals with Disabilities Education Act (20 U.S.C. 1400 et seq.), section 794 of this title, or title VI of the Civil Rights Act of 1964 (42 U.S.C. 2000d et seq.), solely as a result of an eligible employee of such agency or school exercising the rights of such employee under this subchapter.

**(c) Intermittent leave or leave on reduced schedule for instructional employees**

**(1) In general**

Subject to paragraph (2), in any case in which an eligible employee employed principally in an instructional capacity by any such educational agency or school requests leave under subparagraph (C) or (D) of section 2612(a)(1) of this title or under section 2612(a)(3) of this title that is foreseeable based on planned medical treatment and the employee would be on leave for greater than 20 percent of the total number of working days in the period during which the leave would extend, the agency or school may require that such employee elect either—

(A) to take leave for periods of a particular duration, not to exceed the duration of the planned medical treatment; or

(B) to transfer temporarily to an available alternative position offered by the employer for which the employee is qualified, and that—

(i) has equivalent pay and benefits; and

(ii) better accommodates recurring periods of leave than the regular employment position of the employee.

**(2) Application**

The elections described in subparagraphs (A) and (B) of paragraph (1) shall apply only with respect to an eligible employee who complies with section 2612(e)(2) of this title.

**(d) Rules applicable to periods near conclusion of academic term**

The following rules shall apply with respect to periods of leave near the conclusion of an academic term in the case of any eligible employee employed principally in an instructional capacity by any such educational agency or school:

**(1) Leave more than 5 weeks prior to end of term**

If the eligible employee begins leave under section 2612 of this title more than 5 weeks prior to the end of the academic term, the agency or school may require the employee to continue taking leave until the end of such term, if—

(A) the leave is of at least 3 weeks duration; and

(B) the return to employment would occur during the 3-week period before the end of such term.

**(2) Leave less than 5 weeks prior to end of term**

If the eligible employee begins leave under subparagraph (A), (B), or (C) of section 2612(a)(1) of this title or under section 2612(a)(3) of this title during the period that commences 5 weeks prior to the end of the academic term, the agency or school may require the employee to continue taking leave until the end of such term, if—

(A) the leave is of greater than 2 weeks duration; and

(B) the return to employment would occur during the 2-week period before the end of such term.

**(3) Leave less than 3 weeks prior to end of term**

If the eligible employee begins leave under subparagraph (A), (B), or (C) of section 2612(a)(1) of this title or under section 2612(a)(3) of this title during the period that commences 3 weeks prior to the end of the academic term and the duration of the leave is greater than 5 working days, the agency or school may require the employee to continue to take leave until the end of such term.

**(e) Restoration to equivalent employment position**

For purposes of determinations under section 2614(a)(1)(B) of this title (relating to the restoration of an eligible employee to an equivalent position), in the case of a local educational agency or a private elementary or secondary school, such determination shall be made on the basis of established school board policies and practices, private school policies and practices, and collective bargaining agreements.

**(f) Reduction of amount of liability**

If a local educational agency or a private elementary or secondary school that has violated this subchapter proves to the satisfaction of the court that the agency, school, or department had reasonable grounds for believing that the underlying act or omission was not a violation of this subchapter, such court may, in the discretion of the court, reduce the amount of the liability provided for under section 2617(a)(1)(A) of this title to the amount and interest determined under clauses (i) and (ii), respectively, of such section.

(Pub. L. 103–3, title I, §108, Feb. 5, 1993, 107 Stat. 17; Pub. L. 103–382, title III, §394(e), Oct. 20, 1994, 108 Stat. 4027; Pub. L. 107–110, title X, §1076(v), Jan. 8, 2002, 115 Stat. 2093; Pub. L. 110–181, div. A, title V, §585(a)(3)(H), Jan. 28, 2008, 122 Stat. 131; Pub. L. 114–95, title IX, §9215(hh), Dec. 10, 2015, 129 Stat. 2175.)

### Editorial Notes

## References in Text

The Individuals with Disabilities Education Act, referred to in subsec. (b), is title VI of Pub. L. 91–230, Apr. 13, 1970, 84 Stat. 175, which is classified generally to chapter 33 (§1400 et seq.) of Title 20, Education. For complete classification of this Act to the Code, see section 1400 of Title 20 and Tables.

The Civil Rights Act of 1964, referred to in subsec. (b), is Pub. L. 88–352, July 2, 1964, 78 Stat. 241. Title VI of the Act is classified generally to subchapter V (§2000d et seq.) of chapter 21 of Title 42, The Public Health and Welfare. For complete classification of this Act to the Code, see Short Title note set out under section 2000a of Title 42 and Tables.

## Amendments

**2015**—Subsec. (a)(1)(A). Pub. L. 114–95 made technical amendment to reference in original act which appears in text as reference to section 7801 of title 20.

**2008**—Subsecs. (c)(1), (d)(2), (3). Pub. L. 110–181 inserted "or under section 2612(a)(3) of this title" after "section 2612(a)(1) of this title".

**2002**—Subsec. (a)(1)(A). Pub. L. 107–110 substituted "section 7801 of title 20" for "section 8801 of title 20".

**1994**—Subsec. (a)(1)(A). Pub. L. 103–382 substituted "section 8801 of title 20" for "section 2891(12) of title 20".

### Statutory Notes and Related Subsidiaries

## Effective Date of 2015 Amendment

Amendment by Pub. L. 114–95 effective Dec. 10, 2015, except with respect to certain noncompetitive programs and competitive programs, see section 5 of Pub. L. 114–95, set out as a note under section 6301 of Title 20, Education.

## Effective Date of 2002 Amendment

Amendment by Pub. L. 107–110 effective Jan. 8, 2002, except with respect to certain noncompetitive programs and competitive programs, see section 5 of Pub. L. 107–110, set out as an Effective Date note under section 6301 of Title 20, Education.

## Effective Date

Section effective 6 months after Feb. 5, 1993, except that, in the case of collective bargaining agreements in effect on that effective date, section applicable on the earlier of (1) the date of termination of such agreement, or (2) the date that occurs 12 months after Feb. 5, 1993, see section 405(b) of Pub. L. 103–3, set out as a note under section 2601 of this title.

# §2619. Notice

**(a) In general**

Each employer shall post and keep posted, in conspicuous places on the premises of the employer where notices to employees and applicants for employment are customarily posted, a notice, to be prepared or approved by the Secretary, setting forth excerpts from, or summaries of, the pertinent provisions of this subchapter and information pertaining to the filing of a charge.

**(b) Penalty**

Any employer that willfully violates this section may be assessed a civil money penalty not to exceed $100 for each separate offense.

(Pub. L. 103–3, title I, §109, Feb. 5, 1993, 107 Stat. 19.)

STATUTORY NOTES AND RELATED SUBSIDIARIES

EFFECTIVE DATE

Section effective 6 months after Feb. 5, 1993, except that, in the case of collective bargaining agreements in effect on that effective date, section applicable on the earlier of (1) the date of termination of such agreement, or (2) the date that occurs 12 months after Feb. 5, 1993, see section 405(b) of Pub. L. 103–3, set out as a note under section 2601 of this title.

## §2620. Public health emergency leave

**(a) Definitions**

The following shall apply with respect to leave under section 2612(a)(1)(F) of this title:

**(1) Application of certain terms**

The definitions in section 2611 of this title shall apply, except as follows:

**(A) Eligible employee**

**(i) In general**

In lieu of the definition in sections 2611(2)(A) and 2611(2)(B)(ii) of this title, the term "eligible employee" means an employee who has been employed for at least 30 calendar days by the employer with respect to whom leave is requested under section 2612(a)(1)(F) of this title.

**(ii) [1] Rule regarding rehired employees**

For purposes of clause (i), the term "employed for at least 30 calendar days", used with respect to an employee and an employer described in clause (i), includes an employee who was laid off by that employer not earlier than March 1, 2020, had worked for the employer for not less than 30 of the last 60 calendar days prior to the employee's layoff, and was rehired by the employer.

**(ii) [1] Special rule**

For purposes of applying section 2612(a)(1)(F) of this title and this section under the Congressional Accountability Act of 1995 [2 U.S.C. 1301 et seq.], in lieu of the definition in section 202(a)(2)(B) of that Act (2 U.S.C. 1312(a)(2)(B)), the term "eligible employee" means a covered employee (as defined in section 101 of that Act (2 U.S.C. 1301)) who has been employed for at least 30 calendar days by the employing office (as so defined) with respect to whom leave is requested under section 2612(a)(1)(F) of this title.

**(B) Employer threshold**

Section 2611(4)(A)(i) of this title shall be applied by substituting "fewer than 500 employees" for "50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year".

**(2) Additional definitions**

In addition to the definitions described in paragraph (1), the following definitions shall apply with respect to leave under section 2612(a)(1)(F) of this title:

**(A) Qualifying need related to a public health emergency**

The term "qualifying need related to a public health emergency", with respect to leave, means the employee is unable to work (or telework) due to a need for leave to care for the son or daughter under 18 years of age of such employee if the school or place of care has been closed, or the child care provider of such son or daughter is unavailable, due to a public health emergency.

**(B) Public health emergency**

The term "public health emergency" means an emergency with respect to COVID–19 declared by a Federal, State, or local authority.

**(C) Child care provider**

The term "child care provider" means a provider who receives compensation for providing child care services on a regular basis, including an "eligible child care provider" (as defined in section 9858n of title 42).

**(D) School**

The term "school" means an "elementary school" or "secondary school" as such terms are defined in section 7801 of title 20.

**(3) Regulatory authorities**

The Secretary of Labor shall have the authority to issue regulations for good cause under sections 553(b)(B) and 553(d)(3) of title 5—

(A) to exclude certain health care providers and emergency responders from the definition of eligible employee under subsection (a)(1)(A);

(B) to exempt small businesses with fewer than 50 employees from the requirements of section 2612(a)(1)(F) of this title when the imposition of such requirements would jeopardize the viability of the business as a going concern; and

(C) as necessary to carry out the purposes of this Act, including to ensure consistency between this Act and Division E and Division G of the Families First Coronavirus Response Act.

(4) The Director of the Office of Management and Budget shall have the authority to exclude for good cause from the requirements under subsection (b) certain employers of the United States Government with respect to certain categories of Executive Branch employees.

**(b) Relationship to paid leave**

**(1) Unpaid leave for initial 10 days**

**(A) In general**

The first 10 days for which an employee takes leave under section 2612(a)(1)(F) of this title may consist of unpaid leave.

**(B) Employee election**

An employee may elect to substitute any accrued vacation leave, personal leave, or medical or sick leave for unpaid leave under section 2612(a)(1)(F) of this title in accordance with section 2612(d)(2)(B) of this title.

**(2) Paid leave for subsequent days**

**(A) In general**

An employer shall provide paid leave for each day of leave under section 2612(a)(1)(F) of this title that an employee takes after taking leave under such section for 10 days.

**(B) Calculation**

**(i) In general**

Subject to clause (ii), paid leave under subparagraph (A) for an employee shall be calculated based on—

(I) an amount that is not less than two-thirds of an employee's regular rate of pay (as determined under section 207(e) of this title); and

(II) the number of hours the employee would otherwise be normally scheduled to work (or the number of hours calculated under subparagraph (C)).

**(ii) Limitation**

An employer shall not be required to pay more than $200 per day and $10,000 in the aggregate for each employee for paid leave under this section.

**(C) Varying schedule hours calculation**

In the case of an employee whose schedule varies from week to week to such an extent that an employer is unable to determine with certainty the number of hours the employee would have worked if such employee had not taken leave under section 2612(a)(1)(F) of this title, the employer shall use the following in place of such number:

(i) Subject to clause (ii), a number equal to the average number of hours that the employee was scheduled per day over the 6-month period ending on the date on which the employee takes such leave, including hours for which the employee took leave of any type.

(ii) If the employee did not work over such period, the reasonable expectation of the employee at the time of hiring of the average number of hours per day that the employee would normally be scheduled to work.

**(c) Notice**

In any case where the necessity for leave under section 2612(a)(1)(F) of this title for the purpose described in subsection (a)(2)(A) is foreseeable, an employee shall provide the employer with such notice of leave as is practicable.

**(d) Restoration to position**

**(1) In general**

Section 2614(a)(1) of this title shall not apply with respect to an employee of an employer who employs fewer than 25 employees if the conditions described in paragraph (2) are met.

**(2) Conditions**

The conditions described in this paragraph are the following:

(A) The employee takes leave under section 2612(a)(1)(F) of this title.

(B) The position held by the employee when the leave commenced does not exist due to economic conditions or other changes in operating conditions of the employer—

(i) that affect employment; and

(ii) are caused by a public health emergency during the period of leave.

(C) The employer makes reasonable efforts to restore the employee to a position equivalent to the position the employee held when the leave commenced, with equivalent employment benefits, pay, and other terms and conditions of employment.

(D) If the reasonable efforts of the employer under subparagraph (C) fail, the employer makes reasonable efforts during the period described in paragraph (3) to contact the employee if an equivalent position described in subparagraph (C) becomes available.

**(3) Contact period**

The period described under this paragraph is the 1-year period beginning on the earlier of—

(A) the date on which the qualifying need related to a public health emergency concludes; or

(B) the date that is 12 weeks after the date on which the employee's leave under section 2612(a)(1)(F) of this title commences.

(Pub. L. 103–3, title I, §110, as added Pub. L. 116–127, div. C, §3102(b), Mar. 18, 2020, 134 Stat. 189; Pub. L. 116–136, div. A, title III, §§3601, 3604(a), 3605, 3611(1), (3), (7), div. B, title IX, §19008, Mar. 27, 2020, 134 Stat. 410, 411, 414, 415, 579.)

## Editorial Notes

## References in Text

The Congressional Accountability Act of 1995, referred to in subsec. (a)(1)(A)(ii), is Pub. L. 104–1, Jan. 23, 1995, 109 Stat. 3, which is classified principally to chapter 24 (§1301 et seq.) of Title 2, The Congress. For complete classification of this Act to the Code, see Short Title note under section 1301 of Title 2 and Tables.

This Act, referred to in subsec. (a)(3)(C), is Pub. L. 103–3, Feb. 5, 1993, 107 Stat. 6, known as the Family and Medical Leave Act of 1993, which enacted this chapter, sections 60m and 60n of Title 2, The Congress, and sections 6381 to 6387 of Title 5, Government Organization and Employees, amended section 2105 of Title 5, and enacted provisions set out as notes under section 2601 of this title. For complete classification of this Act to the Code, see Short Title note set out under section 2601 of this title and Tables.

The Families First Coronavirus Response Act, referred to in subsec. (a)(3)(C), is Pub. L. 116–127, Mar. 18, 2020, 134 Stat. 178. Division E (§§5101–5112) of the Act, known as the Emergency Paid Sick Leave Act, is set out as a note under section 2601 of this title. Division G (§§7001–7005) of the Act is set out as notes under sections 1401 and 3111 of Title 26, Internal Revenue Code. For complete classification of this Act to the Code, see Short Title of 2020 Amendment note set out under section 2601 of this title and Tables.

## Amendments

**2020**—Subsec. (a)(1)(A). Pub. L. 116–136, §19008(1), which directed amendment of subpar. (A) by inserting cl. (i) designation and heading before "In lieu of", was not executed due to intervening amendment by Pub. L. 116–136, §3605, see below.

Pub. L. 116–136, §3605, amended subpar. (A) generally. Prior to amendment, text read as follows: "In lieu of the definition in sections 2611(2)(A) and 2611(2)(B)(ii) of this title, the term 'eligible employee' means an employee who has been employed for at least 30 calendar days by the employer with respect to whom leave is requested under section 2612(a)(1)(F) of this title."

Subsec. (a)(1)(A)(ii). Pub. L. 116–136, §19008(2), added cl. (ii) related to special rule regarding eligible employees.

Subsec. (a)(3). Pub. L. 116–136, §3611(1), substituted "553(d)(3)" for "553(d)(A)" in introductory provisions.

Subsec. (a)(3)(C). Pub. L. 116–136, §3611(7), added subpar. (C).

Subsec. (a)(4). Pub. L. 116–136, §3604(a), added par. (4).

Subsec. (b)(2)(B)(ii). Pub. L. 116–136, §3601, added cl. (ii) and struck out former cl. (ii). Prior to amendment, text read as follows: "In no event shall such paid leave exceed $200 per day and $10,000 in the aggregate."

Subsec. (c). Pub. L. 116–136, §3611(3), substituted "subsection (a)(2)(A)" for "subsection (a)(2)(A)(iii)".

### Statutory Notes and Related Subsidiaries

## Effective Date

Pub. L. 116–127, div. C, §3106, Mar. 18, 2020, 134 Stat. 192, provided that: "This Act [div. C of Pub. L. 116–127, enacting this section, amending section 2612 of this title, and enacting provisions set out as notes under this section] shall take effect not later than 15 days after the date of enactment of this Act [Mar. 18, 2020]."

## Employment Under Multi-Employer Bargaining Agreements

Pub. L. 116–127, div. C, §3103, Mar. 18, 2020, 134 Stat. 192, provided that:

"(a) Employers.—An employer signatory to a multiemployer collective bargaining agreement may, consistent with its bargaining obligations and its collective bargaining agreement, fulfill its obligations under section 110(b)(2) of title I of the Family and Medical Leave Act of 1993 [29 U.S.C. 2620(b)(2)], as added by the Families First Coronavirus Response Act [Pub. L. 116–127], by making contributions to a multiemployer fund, plan, or program based on the paid leave each of its employees is entitled to under such section while working under the multiemployer collective bargaining agreement, provided that the fund, plan, or program enables employees to secure pay from such fund, plan, or program based on hours they have worked under the multiemployer collective bargaining agreement for paid leave taken under section 102(a)(1)(F) of title I of the Family and Medical Leave Act of 1993 [29 U.S.C. 2612(a)(1)(F)], as added by the Families First Coronavirus Response Act.

"(b) Employees.—Employees who work under a multiemployer collective bargaining agreement into which their employers make contributions as provided in subsection (a) may secure pay from such fund, plan, or program based on hours they have worked under the multiemployer collective bargaining agreement for paid leave taken under section 102(a)(1)(F) of title I of the Family and Medical Leave Act of 1993, as added by the Families First Coronavirus Response Act."

## Special Rule for Certain Employers

Pub. L. 116–127, div. C, §3104, Mar. 18, 2020, 134 Stat. 192, as amended by Pub. L. 116–136, div. A, title III, §3611(4), Mar. 27, 2020, 134 Stat. 414, provided that: "An employer under section 110(a)(1)(B) of the Family and Medical Leave Act of 1993 [29 U.S.C. 2620(a)(1)(B)] shall not be subject to section 107(a) of such Act [29 U.S.C. 2617(a)] for a violation of section 102(a)(1)(F) of such Act [29 U.S.C. 2612(a)(1)(F)] if the employer does not meet the definition of employer set forth in section 101(4)(A)(i) of such Act [29 U.S.C. 2611(4)(A)(i)]."

## Special Rule for Health Care Providers and Emergency Responders

Pub. L. 116–127, div. C, §3105, Mar. 18, 2020, 134 Stat. 192, provided that: "An employer of an employee who is a health care provider or an emergency responder may elect to exclude such employee from the application of the provisions in the amendments made under of [sic] section 3102 of this Act [div. C of Pub. L. 116–127, enacting this section and amending section 2612 of this title]."

[1] *So in original. Two cls. (ii) have been enacted.*

## §2631. Establishment

There is established a commission to be known as the Commission on Leave (referred to in this subchapter as the "Commission").

(Pub. L. 103–3, title III, §301, Feb. 5, 1993, 107 Stat. 23.)

## §2632. Duties

The Commission shall—

(1) conduct a comprehensive study of—

(A) existing and proposed mandatory and voluntary policies relating to family and temporary medical leave, including policies provided by employers not covered under this Act;

(B) the potential costs, benefits, and impact on productivity, job creation and business growth of such policies on employers and employees;

(C) possible differences in costs, benefits, and impact on productivity, job creation and business growth of such policies on employers based on business type and size;

(D) the impact of family and medical leave policies on the availability of employee benefits provided by employers, including employers not covered under this Act;

(E) alternate and equivalent State enforcement of subchapter I with respect to employees described in section 2618(a) of this title;

(F) methods used by employers to reduce administrative costs of implementing family and medical leave policies;

(G) the ability of the employers to recover, under section 2614(c)(2) of this title, the premiums described in such section; and

(H) the impact on employers and employees of policies that provide temporary wage replacement during periods of family and medical leave.

(2) not later than 2 years after the date on which the Commission first meets, prepare and submit, to the appropriate Committees of Congress, a report concerning the subjects listed in paragraph (1).

(Pub. L. 103–3, title III, §302, Feb. 5, 1993, 107 Stat. 23.)

#### Editorial Notes

### References in Text

This Act, referred to in par. (1)(A), (D), is Pub. L. 103–3, Feb. 5, 1993, 107 Stat. 6, known as the Family and Medical Leave Act of 1993, which enacted this chapter, sections 60m and 60n of Title 2, The Congress, and sections 6381 to 6387 of Title 5, Government Organization and Employees, amended section 2105 of Title 5, and enacted provisions set out as notes under section 2601 of this title. For complete classification of this Act to the Code, see Short Title note set out under section 2601 of this title and Tables.

## §2633. Membership

**(a) Composition**

**(1) Appointments**

The Commission shall be composed of 12 voting members and 4 ex officio members to be appointed not later than 60 days after February 5, 1993, as follows:

**(A) Senators**

Case 4:24-cv-00289-O Document 28-8 Filed 12/19/24 Page 30 of 33 PageID 265

One Senator shall be appointed by the Majority Leader of the Senate, and one Senator shall be appointed by the Minority Leader of the Senate.

**(B) Members of House of Representatives**

One Member of the House of Representatives shall be appointed by the Speaker of the House of Representatives, and one Member of the House of Representatives shall be appointed by the Minority Leader of the House of Representatives.

**(C) Additional members**

**(i) Appointment**

Two members each shall be appointed by—

(I) the Speaker of the House of Representatives;
(II) the Majority Leader of the Senate;
(III) the Minority Leader of the House of Representatives; and
(IV) the Minority Leader of the Senate.

**(ii) Expertise**

Such members shall be appointed by virtue of demonstrated expertise in relevant family, temporary disability, and labor management issues. Such members shall include representatives of employers, including employers from large businesses and from small businesses.

**(2) Ex officio members**

The Secretary of Health and Human Services, the Secretary of Labor, the Secretary of Commerce, and the Administrator of the Small Business Administration shall serve on the Commission as nonvoting ex officio members.

**(b) Vacancies**

Any vacancy on the Commission shall be filled in the manner in which the original appointment was made. The vacancy shall not affect the power of the remaining members to execute the duties of the Commission.

**(c) Chairperson and vice chairperson**

The Commission shall elect a chairperson and a vice chairperson from among the members of the Commission.

**(d) Quorum**

Eight members of the Commission shall constitute a quorum for all purposes, except that a lesser number may constitute a quorum for the purpose of holding hearings.

(Pub. L. 103–3, title III, §303, Feb. 5, 1993, 107 Stat. 24.)

## §2634. Compensation

**(a) Pay**

Members of the Commission shall serve without compensation.

**(b) Travel expenses**

Members of the Commission shall be allowed reasonable travel expenses, including a per diem allowance, in accordance with section 5703 of title 5 when performing duties of the Commission.

(Pub. L. 103–3, title III, §304, Feb. 5, 1993, 107 Stat. 25.)

## §2635. Powers

**(a) Meetings**

The Commission shall first meet not later than 30 days after the date on which all members are appointed, and the Commission shall meet thereafter on the call of the chairperson or a majority of the members.

**(b) Hearings and sessions**

The Commission may hold such hearings, sit and act at such times and places, take such testimony, and receive such evidence as the Commission considers appropriate. The Commission may administer oaths or affirmations to witnesses appearing before it.

**(c) Access to information**

The Commission may secure directly from any Federal agency information necessary to enable it to carry out this subchapter, if the information may be disclosed under section 552 of title 5. Subject to the previous sentence, on the request of the chairperson or vice chairperson of the Commission, the head of such agency shall furnish such information to the Commission.

**(d) Use of facilities and services**

Upon the request of the Commission, the head of any Federal agency may make available to the Commission any of the facilities and services of such agency.

**(e) Personnel from other agencies**

On the request of the Commission, the head of any Federal agency may detail any of the personnel of such agency to serve as an Executive Director of the Commission or assist the Commission in carrying out the duties of the Commission. Any detail shall not interrupt or otherwise affect the civil service status or privileges of the Federal employee.

**(f) Voluntary service**

Notwithstanding section 1342 of title 31, the chairperson of the Commission may accept for the Commission voluntary services provided by a member of the Commission.

(Pub. L. 103–3, title III, §305, Feb. 5, 1993, 107 Stat. 25.)

## §2636. Termination

The Commission shall terminate 30 days after the date of the submission of the report of the Commission to Congress.

(Pub. L. 103–3, title III, §306, Feb. 5, 1993, 107 Stat. 25.)

### SUBCHAPTER III—MISCELLANEOUS PROVISIONS

## §2651. Effect on other laws

**(a) Federal and State antidiscrimination laws**

Nothing in this Act or any amendment made by this Act shall be construed to modify or affect any Federal or State law prohibiting discrimination on the basis of race, religion, color, national origin, sex, age, or disability.

**(b) State and local laws**

Nothing in this Act or any amendment made by this Act shall be construed to supersede any provision of any State or local law that provides greater family or medical leave rights than the rights established under this Act or any amendment made by this Act.

(Pub. L. 103–3, title IV, §401, Feb. 5, 1993, 107 Stat. 26.)

### Editorial Notes

### References in Text

This Act, referred to in text, is Pub. L. 103–3, Feb. 5, 1993, 107 Stat. 6, known as the Family and Medical Leave Act of 1993, which enacted this chapter, sections 60m and 60n of Title 2, The Congress, and sections 6381 to 6387 of Title 5, Government Organization and Employees, amended section 2105 of Title 5, and enacted provisions set out as notes under section 2601 of this title. For complete classification of this Act to the Code, see Short Title note set out under section 2601 of this title and Tables.

#### Statutory Notes and Related Subsidiaries

### Effective Date

Section effective 6 months after Feb. 5, 1993, see section 405(b)(1) of Pub. L. 103–3, set out as a note under section 2601 of this title.

## §2652. Effect on existing employment benefits

**(a) More protective**

Nothing in this Act or any amendment made by this Act shall be construed to diminish the obligation of an employer to comply with any collective bargaining agreement or any employment benefit program or plan that provides greater family or medical leave rights to employees than the rights established under this Act or any amendment made by this Act.

**(b) Less protective**

The rights established for employees under this Act or any amendment made by this Act shall not be diminished by any collective bargaining agreement or any employment benefit program or plan.

(Pub. L. 103–3, title IV, §402, Feb. 5, 1993, 107 Stat. 26.)

#### Editorial Notes

### References in Text

This Act, referred to in text, is Pub. L. 103–3, Feb. 5, 1993, 107 Stat. 6, known as the Family and Medical Leave Act of 1993, which enacted this chapter, sections 60m and 60n of Title 2, The Congress, and sections 6381 to 6387 of Title 5, Government Organization and Employees, amended section 2105 of Title 5, and enacted provisions set out as notes under section 2601 of this title. For complete classification of this Act to the Code, see Short Title note set out under section 2601 of this title and Tables.

#### Statutory Notes and Related Subsidiaries

### Effective Date

Section effective 6 months after Feb. 5, 1993, see section 405(b)(1) of Pub. L. 103–3, set out as a note under section 2601 of this title.

## §2653. Encouragement of more generous leave policies

Nothing in this Act or any amendment made by this Act shall be construed to discourage employers from adopting or retaining leave policies more generous than any policies that comply with the requirements under this Act or any amendment made by this Act.

(Pub. L. 103–3, title IV, §403, Feb. 5, 1993, 107 Stat. 26.)

### Editorial Notes

## References in Text

This Act, referred to in text, is Pub. L. 103–3, Feb. 5, 1993, 107 Stat. 6, known as the Family and Medical Leave Act of 1993, which enacted this chapter, sections 60m and 60n of Title 2, The Congress, and sections 6381 to 6387 of Title 5, Government Organization and Employees, amended section 2105 of Title 5, and enacted provisions set out as notes under section 2601 of this title. For complete classification of this Act to the Code, see Short Title note set out under section 2601 of this title and Tables.

### Statutory Notes and Related Subsidiaries

## Effective Date

Section effective 6 months after Feb. 5, 1993, see section 405(b)(1) of Pub. L. 103–3, set out as a note under section 2601 of this title.

## §2654. Regulations

The Secretary of Labor shall prescribe such regulations as are necessary to carry out subchapter I and this subchapter not later than 120 days after February 5, 1993.

(Pub. L. 103–3, title IV, §404, Feb. 5, 1993, 107 Stat. 26.)

### Statutory Notes and Related Subsidiaries

## Effective Date

Section effective 6 months after Feb. 5, 1993, see section 405(b)(1) of Pub. L. 103–3, set out as a note under section 2601 of this title.