**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **LEIGH HOLLAND** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **TEXAS CHRISTIAN UNIVERSITY** | § | **CIVIL ACTION NO.: 4:24-cv-00289-O** |
| | § | |
| | § | |
| ***Defendant.*** | § | |

# PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL

Respectfully submitted,

**KILGORE & KILGORE, PLLC**

By: *W. D. Masterson*

W. D. Masterson
SBN 13184000
wdm@kilgorelaw.com
**Kilgore & Kilgore, PLLC**
3141 Hood Street, Suite 500
Dallas, TX 75219
214-969-9099 – Telephone
214-953-0133 – Fax

**ATTORNEYS FOR PLAINTIFF**
**LEIGH HOLLAND**

# TABLE OF CONTENTS

**PAGE**


TABLE OF CONTENTS ........ ii

I. RELEVANT BACKGROUND ........ 1

II. UNRESOLVED ISSUES ........ 2

A. HEALTHCARE ISSUES ........ 2

B. PERSONAL BUSINESS INCOME ISSUES ........ 3

C. MISCELLANEOUS ISSUES ........ 3

III. INTERROGATORY ANSWERS ........ 4

IV. REQUEST FOR PRODUCTION ........ 9

CONCLUSION ........ 10

CERTIFICATE OF SERVICE ........ 11

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| **LEIGH HOLLAND** | § | |
| | § | |
| ***Plaintiff,*** | § | |
| | § | |
| **v.** | § | |
| | § | |
| **TEXAS CHRISTIAN UNIVERSITY** | § | **CIVIL ACTION NO.: 4:24-cv-00289-O** |
| | § | |
| | § | |
| ***Defendant.*** | § | |

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION TO COMPEL**

TO THE HONORABLE UNITED STATES MAGISTRATE JUDGE:

Comes now, Plaintiff Leigh Holland and files this, her Response to Defendant's Motion to Compel. (Doc. No. 20) This motion has been referred to Magistrate Ray for determination. (Doc. No. 25) Plaintiff respectfully shows as follows:

## I.

## RELEVANT BACKGROUND

1.01 Plaintiff was employed by Defendant for over 21 years, and when fired was employed as an investigator of discrimination and related charges involving Defendant.

1.02 Plaintiff had a clean employment record at Defendant without any written counseling, personal improvement plans, or other disciplinary employment actions.

1.03 Plaintiff was summarily fired on the day she returned from FMLA leave, with unused leave time remaining, and no prior written warnings.

1.04 Plaintiff's therapist Dr. Chism was fully deposed by Defendant on Friday, December 27, 2024, by agreement of the parties for 7 hours without any objections being made by Plaintiff's counsel.

1.05 Plaintiff's counsel is not withholding any documentary evidence produced by Plaintiff from production based upon any claim of privilege.

## II.

## UNRESOLVED ISSUES

### A. Healthcare Issues

2.01 As stated at page 3 in Defendant's Supplemental Brief on December 19, 2024, Plaintiff made a supplementary document production which included 67 pages of Dr. Chism's counseling records stamped "Confidential For Attorneys Eyes Only" as permitted by an agreement presented to Plaintiff by Defendant and agreed to by Plaintiff.

2.02 Defendant now wants Plaintiff to agree to lowering the level of confidentiality to "Confidential" only so that Defendant's trial counsel can disclose the documents to Defendant's counsel. Plaintiff is familiar with the sharing of confidential information at Defendant and is not willing for her personal counseling records to be subject to such dissemination at Defendant, in order to preserve her continuing relationships and reputation among former fellow employees at Defendant.

2.03 Plaintiff is using the means of protecting her reputation and relationships provided and agreed to by Defendant itself.

2.04 During the course of Dr. Chism's extensive deposition there was a mention of journal messages which Plaintiff could send to Dr. Chism in a portal. Dr. Chism would then respond to Plaintiff's messages via this portal. Copies of these journal entries and responses can

only by supplied by Dr. Chism, which have been produced this date marked with "Confidential For Attorneys Eyes Only."

2.05 Plaintiff consents to production of these journal entries as requested by Defendant subject to the "attorneys eyes only" restriction but had to await production by Dr. Chism.

**B. Personal Business Income Issues**

2.06 Defendant has demanded that Plaintiff produce receipts which Plaintiff issues for income received from her personal business activities which occurred after she was fired by Defendant, such as rental income from real estate she manages.

2.07 After consultation with Plaintiff, counsel understands that Plaintiff does not issue receipts for income received from her business activities, nor does she maintain regular accounting books of account in addition to the records she has produced.

**C. Miscellaneous Issues**

2.08 Counsel for Defendant has complained that some chart entries and photos of social media posts produced by Plaintiff are incomplete because some of them omit dates and "at least one of which" omits a caption. Plaintiff has agreed to review such production and to supply dates and captions where she can.

2.09 Defendant also complains that Plaintiff's counseling records produced "fail to discuss personal details of Plaintiff's marriage."

2.10 Plaintiff submits that the "personal details of Plaintiff's marriage" are not relevant to the issues before the Court, so that production should not be required.

III.

**Interrogatory Answers**

3.01 As pointed out in its Motion, and pursuant to the Joint Status Report, Defendant complains that the following interrogatories were not answered to Defendant's satisfaction. Plaintiff's Answers were made as follows:

**INTERROGATORY NO. 1:**

If you have attempted to secure employment with an employer other than Defendant since your hire by Defendant, identify each prospective employer you have contacted and the date on which you applied for work; the job applied for; the nature of any reply or response to your application and/or résumé and/or interview; the salary and compensation corresponding to each offer, if any; whether you accepted any offer; and if you declined any job offer, please explain why such offer was declined.

**RESPONSE:**

Navarro College-Start date December 1, 2023; resigned for health reasons

Indeed EEO Investigator applied December 29, 2023-Did not hear back

Tarrant County College- Employee Relations Position-not filling the position

UT Southwestern-December 12, 2023-Interviewed-Not selected

Dallas College –start date February 1, 2024 present employment;

UT Tyler 2nd round interview January 3, 2024-not selected

**INTERROGATORY NO. 2:**

State specifically and in detail Plaintiff's complete history of employment, including any self-employment, from January 1, 1998, to present, including the name of each employer, the dates of her employment with each employer, her position of employment held for that person or entity,

the rate of pay for each, and the reason for leaving each position, including whether Plaintiff left voluntarily or involuntarily.

**RESPONSE:**

TCC- work study student (continuing education department, Registrar) do not remember dates or rate of pay. John Peter Smith Stop Six Clinic (Medical Records) Maternity leave do not remember dates rate of pay. UTA, admission specialist- do not remember dates or rate of pay. Left to work at TCU 2002-2023

Personal businesses- Vonsjourney

**INTERROGATORY NO. 3:**

Identify and describe with specificity each source of income or financial support or other payments (including but not limited to earned income, unemployment compensation, insurance payments, and social security benefits) you have had since beginning your employment with Defendant, the date or dates upon which such income or financial support was received, and identify the amount, in terms of monthly or other periodic payments, of income or financial support from each source identified.

**RESPONSE:**

None.

**INTERROGATORY NO. 4:**

Please identify all persons, including their addresses, telephone numbers, and job titles, who possess knowledge pertaining to any fact or issue involved in this case. Include in Plaintiff's answer a description of the substance of the person's knowledge, a statement of whether Plaintiff presently expects to call them as witnesses at trial, and a description of all documents which support, tend to support, or tend to refute Plaintiff's answer to this Interrogatory. This includes persons other than your attorney with whom you have communicated, either orally or in writing, regarding the allegations in

your Complaint and the date and substance of such communication.

**RESPONSE:**

Plaintiff does not know at this time who will be called as witnesses. However, below are possible witnesses.

| | | |
|---|---|---|
| 1. | Leigh Holland<br>c/o W.D. Masterson<br>Kilgore & Kilgore, PLLC<br>3141 Hood Street, Suite 500<br>Dallas, Texas 75219<br>(214) 969-9099 | Plaintiff has knowledge of the facts of her case. |
| 2. | Johnny Holland<br>701 Liska Rd<br>Ennis Tx 75119<br>682 472 5099 | Plaintiff's husband. He has knowledge of the facts of her case, including Plaintiff's depression. |
| 3. | Quanesha Speed-Daughter<br>115 Monticello<br>Mansfield, TX 76063<br>682 323 6098 | Plaintiff's daughter. She has knowledge of the facts of her case, including Plaintiff's depression. |
| 4. | Dr. Darron Turner | Dr. Darron Turner was Assistant Vice Chancellor of Student Affairs at Defendant and has knowledge of Plaintiff's job duties, her job performance, his interactions and communications with and about Plaintiff. |
| 5. | Andrea McDew | Ms. McDew was a Deputy Title IX Investigator at Defendant and has knowledge of Plaintiff's job duties and interactions and communications with and about Plaintiff. |
| 6. | Cheryl Taylor | Ms. Taylor was a Title IX and Compliance Specialist at Defendant and has knowledge of Plaintiff's job duties and interactions and communications with and about Plaintiff. |

| | | |
|---|---|---|
| 7. | Aisha Torrey-Sawyer | Ms. Sawyer was Director of Diversity and Inclusion at Defendant and has knowledge of Plaintiff's job duties and interactions and communications with and about Plaintiff. |
| 8. | Sharon Gooding | Ms. Gooding was Coordinator of Diversity and Inclusion at Defendant and has knowledge of Plaintiff's job duties and interactions and communications with and about Plaintiff. |
| 9. | Joan Fralia | Ms. Fralia was Yohana Chambers assistant at Defendant and has knowledge of Plaintiff's job duties and interactions and communications with and about Plaintiff. |
| 10. | Yohana Chambers | Ms. Chambers was/is in HR at Defendant. She has knowledge of Plaintiff's request for FMLA and termination. |
| 11. | Teri Green | Ms. Green was an investigator at Defendant and has knowledge of Plaintiff's job duties and interactions and communications with and about Plaintiff. |
| 12. | Dr. Moses Chism Jr.<br>Innovative Centered Counseling<br>4424 Partney Court<br>Plano TX 75024<br>972.978.8008 | Dr. Chism is Plaintiff's Counselor and has knowledge of her depression. |
| 13. | W. D. Masterson<br>Kilgore & Kilgore, PLLC<br>3141 Hood Street, Suite 500<br>Dallas, Texas 75219<br>214-969-9099 | Plaintiff's attorney and will testify to legal fees; |
| 14. | Allyn Needham, Ph.D.<br>Shipp, Needham & Durham, LLC<br>6320 Southwest Blvd., #113<br>Ft Worth, TX 76109 | Plaintiff's economic damages expert |

**INTERROGATORY NO. 15:**

Please identify for each element of damages that you are claiming, and include in your answer the following: the category into which each item of damages falls, (i.e. equitable relief, back-pay, front-pay, consequential damages, mental anguish, interest, and any other relevant categories); the amount claimed for each; an explanation of how each amount was calculated, including any mathematical formula; and a description of each document on which such calculation was based or which you contend supports, tends to support, or tends to refute your answer to this Interrogatory.

**RESPONSE:**

See Plaintiff's Disclosures previously produced and below.

**COMPUTATION OF DAMAGES CLAIMED**

**Back Pay**

| | |
|---|---|
| **Salary** | $ 75,000.00 per year ($6,250/mo) |
| **Hire Date: July 2002** | |
| **Termination Date: 5/21/22** | |
| **Gross Lost Back-Pay to Date (26 mos x $6,250)** | $162,500 |
| **Plus Vacation** | TBD |
| **Plus Insurance** | TBD |
| **Total** | $162,500 |

Net back pay losses will be calculated by deducting Plaintiff's actual earnings from his termination date to the present.

Gross Future lost earnings:
$ 75,000.00 per year x 5 years $375,000

- Net future lost earnings will be calculated by Deducting future estimated earnings from her last earnings rate at Defendant.

Compensatory Damages $40,000

| | |
|---|---|
| Prejudgment and Postjudgment Interest | At the maximum rate allowed by law |
| Attorneys' Fees to date | $ 10,000+<br>or per contingent fee contract |
| Court Costs | $ 2,500+ |

**INTERROGATORY NO. 16:**

Describe specifically and in detail all steps you have taken in an effort to mitigate the damages or any of the damages which you claim to have suffered as a result of any act or omission by or on behalf of Defendant.

**RESPONSE:**

Plaintiff applied for many jobs. Some are listed below.

Navarro College;

Indeed EEO Investigator

Tarrant County College- Employee Relations Position

UT Southwestern

Dallas College

UT Tyler

IV.

**Requests for Production**

4.01 Defendant complains that Plaintiff failed to mitigate her damages. Plaintiff has provided W-2s from the two employers she has worked for since her firing on May 2, 2023, from Defendant. Plaintiff has even provided documents showing that she had searched for employment

beginning in May 2023. Plaintiff has produced profit and loss statements for Ribnit (2019-2023), VonsJourney (2020), and Four Holland for the years 2021, 2022, and 2023.

4.02 Plaintiff has supplemented her production of documents today with her patient journals in Dr. Chism's portal and has marked them "Confidential for Attorneys Eyes Only" and have produced said documents to Defendant.

## CONCLUSION

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that Defendant's motions for additional discovery, except for the matters requiring additional review by Plaintiff as listed *supra*, be denied, and that Defendant's motion for sanctions, including Plaintiff's right to exercise her option as to choose which level of confidentiality to apply to production, be denied, and that Plaintiff be granted general relief.

Respectfully Submitted,

**KILGORE & KILGORE, PLLC**

By: W. D. Masterson

W.D. Masterson
SBN: 13184000
wdm@kilgorelaw.com
3141 Hood Street Suite 500
Dallas, Texas 75219
(214) 969-9099 - Telephone
(214) 953-0133 - Facsimile

**ATTORNEYS FOR PLAINTIFF**
**LEIGH HOLLAND**

**CERTIFICATE OF SERVICE**

This is to certify that a true and correct copy of the above and foregoing document has been served upon the following counsel of record in accordance with the Federal Rules of Civil Procedure on January 2, 2025:

Eva W. Turner
OGLETREE, DEAKINS
8117 Preston Road, Suite 500
Dallas, TX 75225
eva.turner@ogletree.com

Molly Ann Lawrence
OGLETREE, DEAKINS
8117 Preston Road, Suite 500
Dallas, TX 75225
mollyann.lawrence@ogletree.com

*W. D. Masterson*

W. D. Masterson